# EXHIBIT A

## State Court Filings

Electronically Filed
1/26/2024 3:13 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph : (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

CASE NO: A-24-885923-C
Department 1

### DISTRICT COURT

### CLARK COUNTY, NEVADA

STATE OF NEVADA,

Plaintiff,

vs.

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION
SERVICES, INC.; MEDCO HEALTH
SOLUTIONS, INC.; ELEVANCE HEALTH,

Case No.:
Dept. No.:

**COMPLAINT**

**DEMAND FOR JURY
TRIAL PURSUANT TO
NRCP 38(b)**

**EXEMPT FROM
ARBITRATION**

INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

Defendants.

Plaintiff, the State of Nevada, by and through Aaron D. Ford, Attorney General, and the undersigned attorneys (the "State") brings this Complaint against Defendants Optum, Inc.; OptumRx, Inc.; OptumInsight Life Sciences, Inc.; OptumInsight, Inc.; UnitedHealth Group, Inc.; The Lewin Group, Inc.; Evernorth Health, Inc.; Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Express Scripts Specialty Distribution Services, Inc.; Medco Health Solutions, Inc.; Elevance Health, Inc.; CarelonRx, Inc.; Carelon Insights, Inc.; and Doe Entities 1-10 (collectively "Pharmacy Benefit Manager Defendants"); and alleges, upon information and belief as follows:

## I. INTRODUCTION

1. The State of Nevada, by and through Aaron Ford, Attorney General for the State of Nevada, and Ernest Figueroa, Consumer Advocate, files this Complaint on behalf of the State to abate the public nuisance caused in part by Pharmacy Benefit Manager Defendants' ("PBM Defendants") unreasonable acts and omissions in facilitating the use of opioids by favoring and/or failing to restrict the use of opioids in their formularies, in collaborating with opioid manufacturers to deceptively and dangerously promote and to fail to disclose the risk of opioids, and in failing to maintain effective controls to prevent diversion in their own dispensing of opioids and to monitor their own claims data to prevent suspicious or inappropriate prescriptions of lethal opioids from reaching the community.

2. This Complaint names several PBM Defendants that dominate the PBM market in Nevada. PBMs are entities that administer drug programs, which are part of the essential benefits that health insurance plans must cover. One aspect of the PBM's role is determining the prescription drugs a given health insurance plan covers (known as formulary). Another aspect of the PBM's role is negotiating confidential contracts that provide for post-sale discounts (rebates)

1    that a drug manufacturer will provide to the PBM, not the consumer, if a consumer fills a

2    prescription for the manufacturer's drug.

3        3.      The United States Federal Trade Commission describes PBMs as follows:

5           Pharmacy benefit managers are the middlemen who are hired to negotiate
            rebates and fees with drug manufacturers, create drug formularies and surrounding
6           policies, and reimburse pharmacies for patients' prescriptions. The largest
            pharmacy benefit managers are now vertically integrated with the largest health
7           insurance companies and wholly owned mail order and specialty pharmacies.

8           In these roles, pharmacy benefit managers often have enormous influence
            on which drugs are prescribed to patients, which pharmacies patients can use, and
9           how much patients ultimately pay at the pharmacy counter. Many of these functions
            depend on highly complicated, opaque contractual relationships that are difficult or
10          impossible to understand for patients and independent businesses across the
            prescription drug system.[1]

12       4.      PBM Defendants interact with patients, pharmacies, prescribers, and payers. Thus,

13   they are uniquely situated to collect data when patients receive and fill prescriptions, including

14   those for opioids, under their pharmacy benefits.

15       5.      This case arises from the worst man-made epidemic in modern medical history—

16   the misuse, abuse, diversion, and over-prescription of opioids – which has ravaged the State of

17   Nevada.

18       6.      The opioid crisis is "directly related to the increasingly widespread misuse of

19   powerful opioid pain medications."[2]

20       7.      Opioids are regulated as Schedule II controlled substances under both Nevada and

21   federal law. *See* NAC § 435.520(a).[3] Controlled substances are categorized in five schedules,

22   ranked in order of their potential for abuse, with Schedule I being the most dangerous. *See* NAC,

---

[1] https://www.ftc.gov/news-events/news/press-releases/2022/06/ftc-launches-inquiry-prescription-drug-middlemen-industry

[2] *See* Robert M. Califf et al., *A Proactive Response to Prescription Opioid Abuse*, 374 N. Eng. J. Med. 1480 (2016).

[3] The Nevada Controlled Substances Act and Administrative Code incorporate by reference relevant federal laws and regulations. NAC 435.100, 435.140, 435.150, 639.426, 639.266, 639.295. References made to the federal Controlled Substances Act, 21 USC § 801 et seq., ("CSA") are for reference only and to state the duty owed under Nevada tort law, *not* to allege an independent federal cause of action and *not* to allege any substantial federal question. *See* Section III, *infra*.

3

§§ 435.510 to 435.550. The Nevada Controlled Substances Act imposes a hierarchy of restrictions on prescribing and dispensing drugs based on their medicinal value, likelihood of addiction or abuse, and safety. Opioids generally are categorized as Schedule II or Schedule III drugs. Schedule II drugs have a high potential for abuse and may lead to severe psychological or physical dependence. Schedule III drugs are deemed to have a lower potential for abuse, but their abuse still may lead to moderate or low physical dependence or high psychological dependence.

8.      The State asserts claims against PBM Defendants that reaped enormous financial rewards by promoting and failing to disclose the risk of opioids and failing to maintain effective controls to prevent diversion in their own dispensing of opioids.

9.      Opioids, as discussed in this Complaint, include prescription opioids in all forms, including in cocktail drugs wherein an opioid formulation is blended with another medication if such cocktail drugs are included on the Defendant PBMs' formularies and/or are considered as part of Defendant PBMs' suspicious order monitoring evaluations.

10.     Opioid analgesics are widely diverted and improperly used, and the widespread use of the drugs has resulted in a national epidemic of opioid overdose deaths and addictions. [4]

11.     Most Americans have been affected, either directly or indirectly, by the opioid epidemic. The death toll has steadily climbed, with no sign of slowing, since the push to expand prescription opioid use began in the late 1990s. The CDC's National Center for Health Statistics provides provisional data on drug overdose deaths. According to the data, there were an estimated 107,622 drug overdose deaths in the United States during 2021. That is an almost 15% increase from the estimated drug overdose deaths in 2020.

12.      The Centers for Disease Control ("CDC") recently estimated that, taking into account healthcare expenses, lost productivity, addiction treatment, and criminal justice involvement, prescription opioid misuse costs the United States $78.5 billion per year.[5] In 2015,

---

[4] *See* Nora D. Volkow & A. Thomas McLellan, *Opioid Abuse in Chronic Pain—Misconceptions and Mitigation Strategies*, 374 N. Eng. J. Med. 1253 (2016).
[5] *See* Curtis S. Florence, et al., *The Economic Burden of Prescription Opioid Overdose, Abuse, and Dependence in the United States*, 2013, 54 Medical Care 901 (2016).

over 33,000 Americans died as a result of opioid overdose, while an estimated 2 million people in the United States suffered from substance abuse disorders relating to prescription opioids.[6]

13.     From 1999 through 2016, overdoses killed more than 350,000 Americans.[7] Over 200,000 of them, more than were killed in the Vietnam War, died from opioids prescribed by doctors to treat pain.[8] These opioids include brand-name prescription medications such as OxyContin, Opana ER, Vicodin, Subsys, and Duragesic, as well as generics like oxycodone, hydrocodone, and fentanyl.

14.     Most of the overdoses from non-prescription opioids are also directly related to prescription pills. Many opioid users, having become addicted to but no longer able to obtain prescription opioids, have turned to heroin. According to the American Society of Addiction Medicine, 80% of people who initiated heroin use in the past decade started with prescription opioids—which, at the molecular level and in their effect, closely resemble heroin. In fact, people who are addicted to prescription opioids are 40 times more likely than people not addicted to prescription opioids to become addicted to heroin, and the Centers for Disease Control and Prevention ("CDC") identified addiction to prescription opioids as the strongest risk factor for heroin addiction.[9]

15.     As a result, in part, of the proliferation of opioid pharmaceuticals between the late 1990s and 2015, the life expectancy for Americans decreased for the first time in recorded history. Drug overdoses are now the leading cause of death for Americans under 50.

16.     By 2016, PBM Defendants had contributed to the influx of opioids in the State with enough opioid prescriptions for 87 out of every 100 Nevadans and Nevadan overdoses well

---

[6] *See* Rose A. Rudd et al., *Increases in Drug and Opioid-Involved Overdose Deaths—United States, 2010–2015*, 65 Morbidity & Mortality Wkly. Rep. 1445 (2016); Substance Abuse and Mental Health Servs. Admin., U.S. Dep't of Health and Human Servs., *National Survey on Drug Use and Health, 2015 Detailed Tables* (2016).
[7] *Understanding the Epidemic*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/drugoverdose/epidemic/index.html (last updated Aug. 30, 2017).
[8] *Prescription Opioid Overdose Data*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/drugoverdose/data/overdose.html (last updated Aug. 1, 2017).
[9] *Today's Heroin Epidemic*, "Overdose Prevention" tab, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/drugoverdose/opioids/heroin.html (last updated Aug. 29, 2017); *see also Today's Heroin Epidemic*, Ctrs. for Disease Control and Prevention https://www.cdc.gov/vitalsigns/heroin/index.html (last updated July 7, 2015).

5

exceeded the national average for opioid deaths. The impact of PBM Defendants' scheme to misinform and deceptively promote the use of opioids is evident by the increased number of prescription opioids in Nevada.

17.     Nevada has been ravaged by the opioid crisis.

18.     As reported by the National Institute on Drug Abuse, Nevada's drug overdose rate has been one of the highest in the nation for most of the last two decades. Even in 2017, when the rate of overdose deaths involving opioids dropped below the national average for the first time in nearly 20 years, the highest number of deaths every year for drug overdoses involved prescription opioids.



**Figure 1. Number of overdose deaths involving opioids in Nevada, by opioid category.** Drug categories presented are not mutually exclusive, and deaths might have involved more than one substance. Source: CDC WONDER.

19.     Since 2010, the rate of opioid-related hospitalization for residents of Nevada has steadily increased for both the number of hospitalizations as well as the length of stay during those hospitalizations. In fact, the number of opioid-related emergency room encounters increased by around 250% from 2010 to 2017. In Office of Analytics, Department of Health and Human Services, Nevada Opioid Surveillance at 2.

6



20.     In 2010, Nevada's opioid-related emergency room hospitalizations totaled 4,518 patients. In 2015, that number increased to 8,231 patients. Similarly, in 2010, the number of

opioid-related inpatient admissions statewide totaled 3,095 hospitalizations. That number increased to 7,035 in 2015.

21.     Nevada's death rate from drug overdose grew dramatically in lockstep with PBM Defendants' changes to their formularies and increasing sale and dispensing of opioid drugs. The State went from an age-adjusted drug overdose death rate of 11.5 in 1999 to 21.7 in 2016.  Nevada has the fourth highest drug overdose mortality rate in the United States. Between 2010 and 2015, approximately 2,800 deaths in Nevada were attributed to opioid-related overdose. It is estimated that 55% of those deaths were caused by natural and semi-synthetic opioids.

22.     Meanwhile, PBM Defendants enjoyed enormous profits.

23.     The State brings this suit against the PBM Defendants in their role as Pharmacy Benefit Managers who promoted prescription opioids by including them on their formularies and as dispensers of highly addictive drugs in violation of their legal duties and in violation of common law. PBM Defendants contributed substantially to the opioid crisis by knowingly promoting prescription opioid use and dispensing far greater quantities of prescription opioids than could be necessary for legitimate medical uses, while failing to take any steps to monitor orders or report suspicious orders, thereby contributing to the oversupply of such drugs and fueling an illegal secondary market.

24.     PBM Defendants' conduct has exacted, and foreseeably so, a financial burden on the State of Nevada. Categories of damages sustained by the State include, but are not limited to, prospective damages associated with abating the nuisance PBM Defendants created as well as fines attributable to PBM Defendants' violations of Nevada laws.

25.     The State brings this action exclusively under the laws of the State of Nevada. No federal claims are being asserted, and to the extent that any claim or factual assertion set forth herein may be construed to have stated any claim for relief arising under federal law, such claim is expressly and undeniably disavowed and disclaimed by the State.

26.     In addition, notwithstanding anything to the contrary, under no circumstance is the State bringing this action against, or bringing an action or claim of any kind directed to, any federal officer or person acting under any office of the United States for or relating to any act under color

8

of such office; nothing in this Complaint raises such an action, and to the extent that anything in the Complaint could be interpreted as potentially bringing an action against or directed to any federal officer or person acting under any office of the United States for or relating to any act under color of such office, then all such claims, actions, or liability, in law or in equity, are denied and disavowed in their entirety.

27. Nor does the State bring this action on behalf of a class or any group of persons that can be construed as a class. The claims asserted herein are brought solely by the State and are wholly independent of any claims that individual users of opioids may have against PBM Defendants.

## II.     PARTIES

### A.  Plaintiff

28. The State of Nevada is a body politic created by the Constitution and laws of the State; as such, it is not a citizen of any state. This action is brought by the State in its sovereign capacity in order to protect the interests of the State of Nevada and its residents as *parens patriae*, by and through Aaron D. Ford, the Attorney General of the State of Nevada. Attorney General Ford is acting pursuant to his authority under, *inter alia*, NRS §§ 228.310, 338.380, 228.390, and 598.0963(3).

### B.  Defendants

29. Plaintiff is informed and believes, and based thereupon alleges, that at all relevant times, each PBM Defendant has occupied agency, employment, joint venture, or other relationships with each of the other named PBM Defendants; each PBM Defendant has acted within the course and scope of said agency, employment, joint venture, and/or other relationship; each other PBM Defendant has ratified, consented to, and approved the acts of its agents, employees, joint venturers, and representatives; and each has actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoing alleged in this Complaint.

#### a.  UnitedHealth Group/Optum Entities

30. **Defendant UnitedHealth Group, Inc.** ("UHG") is a Delaware corporation with its principal place of business in Minnetonka, Minnesota. UHG operates through two connected

divisions: Optum and UnitedHealthcare ("UHC"). UHC provides health insurance and health benefit services. Optum provides pharmacy benefit management ("PBM") services; mail order pharmacy services; and data, analytics, consulting, and research service services.

31.     In 2015, UHG acquired what was then the fourth largest PBM in the nation, Catamaran, for $12.8 billion. UHG integrated Catamaran into its internal PBM unit OptumRx.

32.     For 2022, UHG listed revenue in excess of $324 billion. UHG revenues grew in both the first and second quarters of 2023. UHG's second quarter 2023 revenues grew 16% to $92.9 billion year-over-year, including double-digit growth at both Optum and UHC.

33.     More than one-third of UHG's total revenue is derived from OptumRx, which operates a network of more than 67,000 pharmacies.

34.     UHG, through its executives and employees, controls the company-wide policies that inform both UHC and Optum's lines of business, including policies that shape its PBM services and formulary design, to maximize profits across the corporate family.

35.     According to UHG's financial reports, UHG is responsible for determining "which drugs will be included in formulary listings and selecting which retail pharmacies will be included in the network offered to plan sponsors' members…"

36.     **Defendant Optum, Inc.** is a Delaware corporation, registered to do business in Nevada, with its principal place of business located in Eden Prairie, Minnesota. Optum, Inc. is a wholly owned subsidiary of UHG and manages other subsidiaries that administer UHG's pharmacy benefits, including OptumRx, Inc. ("OptumRx"). Upon information and belief, OptumRx operates as a subsidiary of Optum, Inc. and as the PBM for UHG.

37.     Optum, Inc. is directly involved, through its executives and employees, in the company policies that inform its PBM services, including design of formularies used throughout Nevada. During the relevant time period, these formularies included opioids.

38.     Upon information and belief, the CEO of Optum, Inc. is directly responsible for its business units – OptumInsight, OptumHealth and OptumRx, and the CEOs of these companies report directly to Optum, Inc. regarding their policies, including those that inform the at-issue formulary design and mail-order activities.

39.     **Defendant OptumRx**, **Inc**. is a California corporation, registered to do business in Nevada, with its headquarters in Irvine, California.

40.     Prior to 2011, OptumRx was known as Prescription Health Solutions. As outlined above, UHG purchased the PBM company Catamaran for $12.8 billion in 2015.

41.     Catamaran was formed in 2012 through the merger of two large competing PBMs, SXC Health Solutions and Catalyst Health Solutions, Inc.

42.     Before they were purchased by UHG, Prescription Health Solutions, Catalyst Health Solutions, Inc., and Catamaran Corp. were engaged in the at-issue PBM and mail-order activities.

43.     As of 2023, OptumRx, Inc. provided services to its network of more than 67,000 retail pharmacies. In 2022, OptumRx, Inc. managed $124 billion in pharmaceutical spending.

44.     OptumRx, Inc. operates as a subsidiary of OptumRx Holdings, LLC, which, in turn, operates as a subsidiary of Defendant Optum, Inc.

45.     OptumRx and all its predecessors, including but not limited to Prescription Health Solutions, Catalyst Health Solutions, Inc., and Catamaran Corp., are referred to herein as "OptumRx."

46.     According to UHG's 2020 Sustainability Report, OptumRx "works directly with pharmaceutical manufacturers to secure discounts that lower the overall cost of medications and create[s] tailored formularies – or drug lists – to ensure people get the right medications…" OptumRx also operates mail-order pharmacies and "work[s] directly with drug wholesalers and distributors to ensure consistency of the brand and generic drug supply, and a reliance on that drug supply."

47.     **Defendant The Lewin Group, Inc.** is a North Carolina corporation, registered to do business in Nevada, with its principal place of business in Eden Prairie, Minnesota.

48.     **Defendant OptumInsight Life Sciences, Inc.** is a Delaware corporation with its principal place of business in Eden Prairie, Minnesota.

49.     **Defendant OptumInsight, Inc.** is a Delaware corporation, registered to do business in Nevada, with its principal place of business located in Eden Prairie, Minnesota.

11

50.     OptumInsight, Inc. was formerly known as Ingenix, Inc. In 2011, UHG renamed Ingenix as OptumInsight. The name change came after the State of New York investigated Ingenix in relation to a scheme to defraud consumers by manipulating reimbursement rates. The investigation resulted in a $50 million settlement with the State.

51.     OptumInsight, Inc.; OptumInsight Life Sciences, Inc.; Ingenix; and the Lewin Group, Inc., as well as their predecessors, successors, and affiliates, are referred to herein as "OptumInsight."

52.     OptumInsight is an integral part of the conduct that gave rise to the State's causes of action. As discussed in detail below, throughout the relevant time period, OptumInsight worked directly with opioid manufacturers to expand the opioid market throughout the United States and in Nevada.

53.     Opioid manufacturers had dedicated executives assigned to expand and strengthen the ties between UHG, OptumInsight, OptumRx, and the manufacturers.

54.     OptumInsight was paid tens of millions of dollars by opioid manufacturers during the relevant time period for its work to expand the opioid market.

55.     OptumInsight analyzed data and other information concerning opioid prescription claims data and health plans' opioid utilization for use in its research and consulting efforts in coordination with opioid manufacturers' efforts to expand the opioid market and increase opioid utilization nationwide, including Nevada.

56.     As a result of numerous interlocking directorships and shared executives, UHG, OptumRx Holdings, LLC and Optum, Inc. are directly involved in the conduct of and control OptumInsight's and OptumRx's operations, management and business decisions related to the at-issue formulary construction, negotiations, and mail-order pharmacy services to the ultimate detriment of Plaintiff. For example:

     a.   These parent and subsidiaries have common officers and directors, including:

          i.   Andrew Witty is the CEO and on the Board of Directors for UHG and previously served as CEO of Optum, Inc.;

ii. Dirk McMahon is President and COO of UHG. He served as President and COO of Optum from 2017 to 2019 and as CEO of OptumRx from 2011 to 2014;

iii. John Rex has been an Executive Vice President and CFO of UHG since 2016 and previously served in the same roles at Optum beginning in 2012;

iv. Erin McSweeney was named Executive Vice President and Chief People Officer in 2022. From 2017 to 2021 she served as EVP and Chief Human Resources Officer of Optum.

v. Dan Schumacher is Chief Strategy and Growth Officer at UHG and is CEO of Optum Insight, having previously served as president of Optum, Inc.;

vi. Terry Clark has served as chief marketing officer at UHG since 2014 while also serving as chief marketing and customer officer for Optum since 2022;

vii. Thomas Roos has served since 2015 as Senior Vice President and chief accounting officer for UHG and Optum, Inc.;

viii. Heather Cianfrocco joined UHG in 2008 and has held numerous leadership positions within Optum and UnitedHealthcare. She is the former CEO and current President of Optum;

ix. Eric Murphy, now retired, was the Chief Growth and Commercial Officer for Optum, Inc. and also was CEO of OptumInsight beginning in 2017.

b. UHG directly or indirectly owns all the stock of Optum, Inc., OptumRx, Inc. and OptumInsight.

c. The UHG corporate family does not operate as separate entities. The public filings, documents, and statements of UHG present its subsidiaries as divisions of a single company. "UnitedHealth Group Incorporated (individually and together with its subsidiaries, 'UnitedHealth Group' and the 'Company') is a health care and well-being company…Our two distinct, yet complementary business platforms – Optum and UnitedHealthcare – are working to build a modern, high-performing health system…for the individuals and organizations the Company is privileged

13

to serve." The day-to-day operations of this corporate family reflect these public statements. These entities constitute a single business enterprise and should be treated as such as to all legal obligations detailed in this Complaint.

d. All the executives of Optum, Inc., OptumRx, Inc., and OptumInsight ultimately report to the executives, including the CEO of UHG.

e. UHG's executives and officers are directly involved in the policies and business decisions of Optum, Inc., OptumRx, Inc., and OptumInsight that gave rise to this Complaint.

57.     Collectively, UHG, OptumRx, and OptumInsight are referred to as "UHG/Optum."

58.     UHG/Optum is named as a Defendant in its capacity as: (1) PBM; (2) data, analytics, consulting, and research provider; and (3) mail-order pharmacy. During the relevant time period, UHG/Optum contracted directly with opioid manufacturers in each of these capacities. At all relevant times, UHG/Optum performed these services and derived substantial revenue in Nevada.

59.     At all times relevant hereto, UHG/Optum offered PBM services and designed standard formularies that are used throughout Nevada. During the relevant time period, these formularies included opioids.

60.     At all times relevant hereto, UHG/Optum offered mail-order pharmacy services and dispensed opioids in Nevada.

**b.  Evernorth/Express Scripts Entities**

61.     **Defendant Evernorth Health, Inc.** ("Evernorth"), formerly known as Express Scripts Holding Company, is a Delaware corporation with its principal place of business in St. Louis, Missouri.

62.     In 2018, Evernorth (then known as Express Scripts) merged with Cigna Corporation, a global health service company, in a $67 billion deal to consolidate their health insurance, PBM, and mail-order pharmacy businesses.

14

63.     Prior to the merger with Cigna, Evernorth identified itself as the largest stand-alone PBM in the United States.

64.     Evernorth is the immediate or indirect parent of pharmacy, PBM, and research/analytics subsidiaries that operate throughout Nevada, which engaged in the activities that gave rise to this Complaint.

65.     Evernorth, through its executives and employees, controls the company policies that inform its mail-order and PBM services, including formulary design, with respect to the at-issue drugs, as well as Express Scripts' analytics and research services.

66.     Evernorth has represented that it, either directly or through its subsidiaries, evaluates drugs for efficacy to assist its customers with selecting "clinically appropriate" drugs and formularies designed by Evernorth which "prioritize access, safety and affordability."

67.     **Defendant Express Scripts, Inc.** is a Delaware corporation and is a wholly owned subsidiary of Defendant Evernorth. Express Scripts, Inc.'s principal place of business is at the same location as Evernorth's.

68.     Express Scripts, Inc. has been registered to do business in Nevada since 2015.

69.     Express Scripts, Inc. is the immediate or indirect parent of pharmacy and PBM subsidiaries that operate throughout Nevada that engaged in the conduct that gave rise to this action.

70.      During the relevant period, Express Scripts, Inc. was directly involved in PBM and mail-order pharmacy services that gave rise to the State's causes of action.

71.     **Defendant Express Scripts Administrators, LLC**, doing business as Express Scripts and formerly known as Medco Health, LLC, is a Delaware limited liability company, registered to do business in Nevada, with its principal place of business at the same location as Evernorth's.

72.     During the relevant period, Express Scripts Administrators, LLC provided the PBM services in Nevada that gave rise to the State's causes of action herein.

15

73.     **Defendant Medco Health Solutions, Inc.** ("Medco") is a Delaware Corporation, registered to conduct business in Nevada, whose principal place of business is at the same location as Evernorth's.

74.     In 2012, Express Scripts acquired Medco for $29 billion.

75.     Prior to the merger, Express Scripts and Medco were two of the largest PBMs in the United States.

76.     Prior to the merger, Medco provided the at-issue PBM and mail-order services in Nevada, which gave rise to the State's Complaint.

77.     Following the merger, all of Medco's PBM and mail-order pharmacy functions were combined into Express Scripts. The combined company (Medco and Express Scripts) continued under the name Express Scripts, with all of Medco's payor customers becoming Express Scripts' customers.

78.     **Defendant ESI Mail Pharmacy Service, Inc.** is a Delaware corporation and is a wholly owned subsidiary of Defendant Evernorth. ESI Mail Pharmacy Service, Inc. is registered to conduct business in Nevada, with its place of business at the same location as Evernorth's.

79.     During the relevant period, ESI Mail Pharmacy Services, Inc. provided the mail-order pharmacy services in Nevada, discussed in this Complaint, which gave rise to the State's causes of action.

80.     **Defendant Express Scripts Pharmacy, Inc.** is a Delaware corporation and is a wholly owned subsidiary of Defendant Evernorth. Express Scripts Pharmacy, Inc. is registered to conduct business in Nevada, with its principal place of business at the same location as Evernorth's.

81.     During the relevant period, Express Scripts Pharmacy, Inc. provided the mail-order pharmacy services in Nevada, discussed in this Complaint, which gave rise to the State's Complaint.

82.     **Defendant Express Scripts Specialty Distribution Services, Inc.** is a Delaware corporation and is a wholly owned subsidiary of Defendant Evernorth. Express Scripts Specialty

16

Distribution Services, Inc. is registered to conduct business in Nevada, with its principal place of business at the same location as Evernorth's.

83.     During the relevant period, Express Scripts Specialty Distribution Services, Inc. provided or assisted in providing PBM services, which give rise to the State's Complaint.

84.     As a result of numerous interlocking directorships and shared executives, Evernorth (f/k/a Express Scripts Holding Company, Inc.) and Express Scripts, Inc. control Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Medco Health Solutions, Inc., Express Scripts Pharmacy, Inc., and Express Scripts Specialty Distribution Services, Inc.'s operations, management, and business decisions related to the at-issue formulary construction, negotiations, and mail-order pharmacy services to the ultimate detriment of the State. For example:

    a.  During the relevant period, these parent and subsidiaries have had common officers and directors:

        i.  Officers and/or directors shared between Express Scripts, Inc. and Evernorth include Bradley Phillips, Chief Financial Officer; David Queller, President; Jill Stadelman, Managing Counsel; Dave Anderson, Vice President of Strategy; Matt Perlberg, President of Pharmacy Businesses; Bill Spehr, Senior Vice President of Sales; and Scott Lambert, Treasury Manager Director.

        ii.  Executives shared between Express Scripts Administrators, LLC and Evernorth include Bradley Phillips, Chief Financial Officer; and Priscilla Duncan, Associate Senior Counsel.

        iii.  Officers and/or directors shared between ESI Mail Pharmacy Service, Inc. and Evernorth include Bradley Phillips, Chief Financial Officer; Priscilla Duncan, Associate Senior Counsel; and Joanne Hart, Treasury Director; and

        iv.  Officers and/or directors shared between Express Scripts Pharmacy, Inc. and Evernorth include Bradley Phillips, Chief Financial Officer; Jill

17

Stadelman, Managing Counsel; Scott Lambert, Treasury Manager Director; and Joanne Hart, Treasury Director.

b.  Evernorth directly or indirectly owns all the stock of Express Scripts Administrators, LLC, Medco Health Solutions, Inc., ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc. and Express Scripts, Inc.

c.  The Evernorth corporate family does not operate as separate entities. Evernorth's public filings, documents, and statements present its subsidiaries, including Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc. and Express Scripts, Inc. as divisions or departments of a single company that "unites businesses that have as many as 30+ years of experience . . . [to] tak[e] health services further with integrated data and analytics that help us deliver better care to more people." The day-to-day operations of this corporate family reflect these public statements. These entities constitute a single business enterprise and should be treated as such as to all legal obligations detailed in this Complaint.

d.  All executives of Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., and Express Scripts, Inc. ultimately report to the executives, including the CEO, of Evernorth.

e.  As stated above, Evernorth's CEO and other executives and officers are directly involved in the policies and business decisions of Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Medco Health Solutions, Inc., Express Scripts Pharmacy, Inc. and Express Scripts, Inc. that gave rise to this Complaint.

85.    Collectively, Defendants Evernorth Health, Inc., Express Scripts, Inc., Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., Express Scripts Specialty Distribution Services, Inc., and Medco, including all predecessor and successor entities, are referred to as "ESI."

18

86.     ESI is named as a defendant in its capacities as a (1) PBM; (2) data, analytics, and research provider; and (3) mail-order pharmacy. During the relevant period, ESI contracted directly with opioid manufacturers in each of these capacities.

87.     At all times relevant to this Complaint, in its capacity as a PBM, ESI coordinated with opioid manufacturers for the placement of opioids on ESI's formularies.

88.     At all times relevant hereto, ESI maintained standard formularies that are used nationwide, including in Nevada. During the relevant period, those formularies included opioids.

### c.   Elevance Health/Carelon Entities

89.     **Defendant Elevance Health, Inc.** ("Elevance") is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Prior to 2022, Elevance was known as Anthem, Inc.

90.     Elevance is one of the largest health insurers in the United States, serving approximately 47.5 million medical members through its affiliated health plans.

91.     Elevance is licensed to conduct insurance operations in all 50 states, including Nevada.

92.     Elevance is the Blue Cross and Blue Shield licensee for Nevada and offers PBM services through CarelonRx, Inc. its wholly owned subsidiary.

93.     From December 2009 through December 2019, Elevance delegated certain PBM functions and administrative services to Defendant Express Scripts, Inc.; however, Elevance retained responsibility for making formulary decisions and setting drug benefit design strategies during that time.

94.     Elevance transitioned existing members from Express Scripts to the Elevance owned PBM, IngenioRx, Inc., by January 1, 2020.

95.     As of January 1, 2023, IngenioRx was renamed CarelonRx, Inc.

96.     **Defendant CarelonRx, Inc.** ("CarelonRx") is an Indiana corporation, registered to conduct business in Nevada, with its principal place of business at the same location as Elevance's.

19

97.     CarelonRx markets and offers PBM services to Elevance's affiliated health plan customers and to external customers.

98.     CarelonRx performs PBM functions such as formulary management, pharmacy networks, a prescription drug database, member services, and mail order capabilities, while Elevance retains the responsibilities for clinical strategy, formulary strategy and development, operations, sales, marketing, account management, and retail network strategy.

99.     As of January 1, 2020, CarelonRx (fka IngenioRx) was the second largest PBM in Nevada by market share.

100.    **Defendant Carelon Insights, Inc.** (fka Valus, Inc.) is an Indiana Corporation and a wholly owned subsidiary of Elevance, with its principal place of business at the same location as Elevance's.

101.    Carelon Insights, Inc. analyzed data and other information concerning opioid prescription claims data and health plans' opioid utilization for use in its research and consulting efforts in coordination with opioid manufacturers' efforts to expand the opioid market and increase opioid utilization nationwide and in Nevada.

102.    As a result of numerous interlocking directorships and shared executives, Elevance controls CarelonRx and Carelon Insight, Inc.'s operations, management, and business decisions related to the at-issue formulary construction and negotiations to the ultimate detriment of the State. For example:

> a. During the relevant period, these parent and subsidiaries have had common officers and directors:
>
> > i. Officers and/or directors shared between Elevance, CarelonRx, and Carelon Insight, Inc. include: Peter Haytaian – Executive Vice President Elevance Health and President of Carelon and CarelonRx; Jeffrey Allen Plante – President/Director of CarelonRx, President of Carelon Insights, and former President, Advanced Analytics and Services and former SVP/CFO of Elevance; Fred Karutz – Staff Vice President for Elevance Health and President of Carelon Advocacy; Paul Marchetti – President of

20

CarelonRx and former SVP, Health Care Management for Elevance; Christine Higgins – VP and Pharmacy Analytics Officer of CarelonRx and former SVP, Pharmacy Operations of Elevance;

b. Elevance directly or indirectly owns all the stock of CarelonRx and Carelon Insights, Inc.

c. The Elevance corporate family does not operate as separate entities. Elevance's public filings, documents, and statements present its subsidiaries, including CarelonRx and Carelon Insights, Inc. as divisions or departments of a single company. These entities constitute a single business enterprise and should be treated as such as to all legal obligations detailed in this Complaint.

d. Upon information and belief, all executives of CarelonRx and Carelon Insights, Inc. ultimately report to the executives, including the CEO, of Elevance.

e. Elevance's CEO and other executives and officers are directly involved in the policies and business decisions of CarelonRx and Carelon Insights, Inc. that gave rise to this Complaint.

103.   Collectively, Defendants Elevance, CarelonRx, and Carelon Insights, Inc., including all predecessor and successor entities, are referred to as "Carelon."

104.   Carelon is named as a defendant in its capacities as a (1) PBM and (2) data, analytics, and research provider. During the relevant period, Carelon contracted directly with opioid manufacturers in both capacities.

105.   At all times relevant to this Complaint, in its capacity as a PBM, Carelon coordinated with opioid manufacturers for the placement of opioids on Carelon's formularies.

106.   At all times relevant hereto, Carelon maintained standard formularies that are used nationwide, including in Nevada. During the relevant period, those formularies included opioids.

C. **Agency and Authority**

107.   All actions described in this Complaint are part of, and in furtherance of, the unlawful conduct alleged herein, and were authorized, ordered, and/or done by PBM Defendants'

21

officers, agents, employees, or other representatives while actively engaged in the management of PBM Defendants' affairs within the course and scope of their duties and employment, and/or with PBM Defendants' actual, apparent, and/or ostensible authority.

### III.    JURISDICTION & VENUE

108.    Subject matter jurisdiction for this case is conferred upon this Court pursuant to, *inter alia*, Article 6, Section 6 of the Nevada Constitution.

109.    This Court has personal jurisdiction over PBM Defendants because PBM Defendants do business in Nevada and/or have the requisite minimum contacts with Nevada necessary to constitutionally permit the Court to exercise jurisdiction with such jurisdiction also within the contemplation of the Nevada "long arm" statute, NRS § 14.065.

110.    The instant Complaint does not confer diversity jurisdiction upon the federal courts pursuant to 28 U.S.C. § 1332, as the State is not a citizen of any state and this action is not subject to the jurisdiction of the Class Action Fairness Act of 2005. Likewise, federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 is not invoked by the Complaint, as it sets forth herein exclusively viable state law claims against PBM Defendants. Nowhere herein does Plaintiff plead, expressly or implicitly, any cause of action or request any remedy that arises under federal law. Moreover, the State's Complaint could not have been originally filed in federal court and, thus, cannot be removed. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The issues presented in the allegations of this Complaint do not implicate any substantial federal issues and do not turn on the necessary interpretation of federal law. No federal issue is important to the federal system as a whole under the criteria set by the Supreme Court in *Gunn v. Minton*, 568 U.S. 251 (2013) (*e.g.*, federal tax collection seizures, federal government bonds). Specifically, the causes of action asserted, and the remedies sought herein, are founded upon the positive statutory, common, and decisional laws of Nevada. Further, the assertion of federal jurisdiction over the claims made herein would improperly disturb the congressionally approved balance of federal and state responsibilities. Accordingly, any exercise of federal jurisdiction is without basis in law or fact.

111.    The instant Complaint does not confer jurisdiction upon the federal courts pursuant to 28 U.S.C. § 1442(a)(1). The State makes no allegations against "[t]he United States or any agency thereof or any office (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Moreover, the State does not seek recovery for injuries caused by plans governed by the Department of Defense's TRICARE health care program or the Federal Employees Health Benefits Act (FEHBA).

112.    In this Complaint, Plaintiff cites federal statutes and regulations. Plaintiff does so to state the duty owed under Nevada tort law, *not* to allege an independent federal cause of action and *not* to allege any substantial federal question under *Gunn v. Minton.* "A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Entertainment, LLC*, 124 Nev. 213, 180 P.3d 1172 (Nev. 2008). The element of duty is to be determined as a matter of law based on foreseeability of the injury. *Estate of Smith ex rel. Smith v. Mahoney's Silver Nugget, Inc.*, 127 Nev. 855, 265 P.3d 688, 689 (Nev. 2011). To be clear, Plaintiff cites federal statutes and federal regulations for the sole purpose of stating the duty owed under Nevada law to the residents of Nevada. Thus, any attempted removal of this complaint based on a federal cause of action or substantial federal question is without merit.

113.    Venue is proper in this Court pursuant to NRS § 598.0989(3) because PBM Defendants' conduct alleged herein took place in Clark County, Nevada.

. . .

. . .

. . .

. . .

23

## IV.   FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS[10]

### A.   As Pharmacy Benefit Managers, Defendants Fueled the Opioid Epidemic in Nevada by Increasing Opioid Utilization.

114.   Pharmacy Benefit Managers (PBMs) are companies hired to administer and manage prescription drug benefits on behalf of commercial health plans, self-insured employer plans, and government health benefits programs.

115.   PBMs administer prescription drug benefits for health plans and purchase drugs from manufacturers on behalf of those plans. In addition, PBMs negotiate payment terms for pharmacies that dispense drugs to patients.

116.   PBMs also create lists of drugs that are selected to be covered by health plans. These lists are known as "formularies."

117.   PBM formularies are divided into tiers, which establish the out-of-pocket costs that consumers are required to pay for a chosen drug. Drugs placed in the first tier of a drug formulary by a PBM will be less expensive for the consumer than drugs placed in higher tiers.

118.   PBM Defendants influence drug utilization by placing preferred drugs on lower tiers of their formularies. Consumers are more likely to utilize drugs that have been placed on lower cost tiers by PBMs.

119.   PBM Defendants also influence drug utilization through the implementation, or non-implementation, of utilization management tools which allow PBM Defendants to: (1) limit the quantity of drugs dispensed; (2) require prior authorization before dispensing specific drugs; and (3) implement "step edits" which require patients to try safer medication before progressing to more dangerous drugs. These utilization management tools can be used to limit or restrict the number of opioids dispensed by pharmacies.

---

[10] The allegations in this Complaint are made upon facts, as well as upon information and belief. The State reserves the right to seek leave to amend or correct this Complaint based upon analysis of DEA data or other discovery, including, upon analysis of the ARCOS, IMS Health, and other data and upon further investigation and discovery.

120.    PBM Defendants create standard formularies and recommendations regarding utilization management tools. PBM Defendants incentivize their clients to adopt their standard formularies by implementing financial consequences for deviating from them.

121.    By incentivizing use of their standard formularies and utilization management tools, PBM Defendants dictate the consumer cost and restrictions (or lack of restrictions) placed on prescription opioids. By designing formularies with opioids placed on lower tiers and fewer restrictions, PBM Defendants ensure that they can deliver opioid drug sales to their drug manufacturer partners.

122.    PBM Defendants' standard plan designs and formularies also control what less addictive pain treatment, if any, will be available as alternatives to opioids, and whether those alternatives will be required prior to the patient's utilization of opioids.

123.    By working to increase opioid utilization, PBM Defendants directly contributed to the dispensing of more opioid pills to individuals than were needed for legitimate medical purposes.

124.    PBM Defendants falsely represent to their clients, patients, and the public that they design drug formularies and drug programs in a manner that is cost effective and promotes the safe use and appropriate prescribing of opioids.

125.    Recent research regarding the health outcomes of PBM formulary designs shows that the use of PBMs' preferred formularies can result in worse health outcomes for patients. According to a 2023 report published by Xcenda, "…on average, patients with chronic illnesses who are stable on a therapy experience an increase in both adverse health outcomes and [out of pocket] costs after a PBM excludes the therapy from their plan formulary." "[H]aving to switch to their PBM's preferred formulary therapy may be accompanied by increased risk of worse health outcomes for patients."[11]

---

[11] formulary_excl_issue_brief.pdf (xcenda.com)

126.    Although PBM Defendants claim that their formularies are designed to achieve favorable health outcomes for patients, PBM Defendants' plans and formularies are, in fact, designed to maximize profits for Defendants by encouraging increased drug utilization.

127.    PBM Defendants negotiate rebate payments, fees, and other incentives from drug manufacturers in exchange for preferential placement of their drugs on PBM formularies.

128.    Opioid manufacturers also pay PBM Defendants to ensure that utilization management tools are not implemented so that access to opioids remains unrestricted. Thus, PBM Defendants and opioid manufacturers were both incentivized to increase opioid utilization for profit. PBM Defendants have been extremely successful at earning profits.

129.    The PBM industry has become increasingly consolidated and increasingly powerful over the past several years. As the chart below demonstrates, as of 2023, all major health insurers had vertically integrated with their own PBM subsidiaries.



26

130.   As a result of numerous mergers and acquisitions, as of 2023, just three PBMs controlled 80% of the prescription drug market, with each of the big three PBMs bringing in billions of dollars of revenue annually.[12]

131.   In 2019, the five largest health insurance, PBM, and healthcare provider conglomerates outpaced the earnings of the five biggest tech companies (Facebook, Amazon, Apple, Netflix and Google) combined.  The financial success of these healthcare conglomerates was due, in no small part, to the enormous revenues earned by their PBM subsidiaries.[13]

132.   PBM Defendants ESI, UHG/Optum, and Carelon are each vertically integrated behemoths that dominate the opioid reimbursement and delivery chain–currently sitting at 5th (UHG/Optum), 13th (ESI), and 23rd (Carelon) on the Fortune 500 list of corporations by revenue.

133.   PBM Defendants are among the largest PBMs and the largest healthcare data, consulting, and analytics companies in the United States.

134.   More than any actor in the pharmaceutical distribution and payment chain, PBM Defendants had insight into and control over the flow of opioids into communities across the country, including Nevada.

135.   The opioid epidemic was fueled and sustained by pharmacy benefit managers, including PBM Defendants UHG/Optum, ESI, and Carelon. Whether by colluding with opioid manufacturers to make opioids more available as a form of pain treatment or by ignoring the mounting evidence of addiction and misuse in their own claims data, PBM Defendants' role in creating and sustaining the opioid epidemic has, until recently, been largely hidden from public scrutiny.

**B.   As Online Retail Pharmacies, Defendants ESI and UHG/Optum's Mail-Order Pharmacies Fueled the Opioid Epidemic by Dispensing Billions of Morphine Milligram Equivalents (MMEs) of Opioids.**

136.   PBM Defendants ESI and UHG/Optum operate two of the largest pharmacies in the country that have purchased, dispensed, and profited from dispensing opioids.

---

[12] Why PBMs, or pharmacy benefit managers, are the focus of new bills in Congress : Shots - Health News : NPR
[13] Health insurance is as big as Big Tech (axios.com)

137.    ESI and UHG/Optum are required to comply with the Controlled Substances Act ("CSA") and Nevada law pertaining to controlled substances.

138.    Each participant in the supply chain of controlled substance distribution including, but not limited to, opioid and opioid cocktail drug distribution, including ESI and UHG/Optum, is responsible for preventing diversion of prescription opioids into the illegal market by, among other things, monitoring and reporting suspicious activity.

139.    ESI and UHG/Optum are registrants under Nevada law. NRS § 639.070. See also NRS §§ 639.009; 639.0085; 639.012; 639.0155; 639.016; 639.233 (including manufacturers, re-packagers, chain drug warehouses, wholesale drug warehouses, and retail pharmacies within the scope of the Nevada wholesale distributing regulations). Under Nevada law, pharmacy registrants are required to provide effective controls and procedures to guard against the theft and diversion of opioid drugs. See NAC § 453.400 ("[a]ll applicants and registrants shall establish and maintain effective controls and procedures to prevent or guard against theft and misuse of controlled substances"). Because pharmacies themselves are registrants under Nevada Pharmacy laws, the duty to prevent diversion lies with the pharmacy entity, not the individual pharmacists alone.

140.    The DEA, among others, has provided extensive guidance to pharmacies concerning their duties to the public. The guidance advises pharmacies how to identify suspicious orders and other evidence of diversion.

141.    Suspicious pharmacy orders include orders of unusually large size, orders that are disproportionately large in comparison to the population of a community served by the pharmacy, orders that deviate from a normal pattern and/or orders of unusual frequency and duration, among others.

142.    Additional types of suspicious orders include: (1) prescriptions written by a doctor who writes significantly more prescriptions (or in larger quantities or higher doses) for controlled substances  compared to other practitioners in the area; (2) prescriptions which should last  for  a month in legitimate use, but are being refilled on a shorter basis; (3) prescriptions for opioid cocktails: prescriptions for and/or dispensing of opioid plus antagonistic drugs, such as depressants and stimulants, at or near the same time; (4) prescriptions that look "too good" or

where the prescriber's handwriting is too legible; (5) prescriptions with quantities or doses that differ from usual medical usage; (6) prescriptions that do not comply with standard abbreviations and/or contain no abbreviations; (7) photocopied prescriptions; or (8) prescriptions containing different handwriting. Most of the time, these attributes are not difficult to detect and should be easily recognizable by pharmacies.

143.    Suspicious pharmacy orders are red flags for, if not direct evidence of, diversion.

144.    Other signs of diversion can be observed through data gathered, consolidated, and analyzed by the online pharmacies themselves. That data allows them to observe patterns or instances of dispensing that are potentially suspicious of oversupply in particular stores or geographic areas or of prescribers or facilities that seem to engage in improper prescribing.

145.    According to industry standards, if a pharmacy finds evidence of prescription diversion, the local Board of Pharmacy and DEA must be contacted. As registrants, online pharmacies are required to maintain effective controls and procedures to guard against theft and diversion (see NAC §§ 453.400, 435.410; NRS §§ 639.500 – 639.515, 639.585) and to operate in compliance with all applicable federal, state and local laws and regulations (see NRS §§ 639.510). This would include reporting evidence of prescription diversion to the DEA. Furthermore, Nevada law requires online pharmacies to adopt and abide by a marketing code of conduct, enforce policies regarding investigation into compliance and corrective actions, and submit and report certain information to the Board. (NRS § 639.570).

146.    Despite their legal obligations as registrants under Nevada law, ESI and UHG/Optum knowingly allowed widespread diversion to occur.

147.    Upon information and belief, ESI and UHG/Optum failed to adequately use data available to them to identify doctors who were writing suspicious numbers of prescriptions and/or prescriptions of suspicious amounts of opioids or to adequately use data available to them to do statistical analysis to prevent the filling of prescriptions that were illegally diverted or otherwise contributed to the opioid crisis.

148.    Upon information and belief, ESI and UHG/Optum failed to analyze: (a) the number of opioid prescriptions filled in a geographical area relative to the population of the

29

community; (b) the increase in opioid sales relative to past years; (c) the number of opioid prescriptions filled relative to other drugs; and (d) the increase in annual opioid sales relative to the increase in annual sales of other drugs.

149.     Upon information and belief, the ESI and UHG/Optum also failed to conduct adequate internal or external audits of their opioid sales to identify patterns regarding prescriptions that should not have been filled and to create policies accordingly, or if they conducted such audits, they failed to take any meaningful action as a result.

150.     The State's claims are based on ESI and UHG/Optum's duties, their conduct in establishing dispensing policies and procedures, their failure to make use of the data they had regarding the dispensing of prescriptions, and their own failures to properly train their employees regarding their duties imposed by Nevada and federal law.

151.     These laws and the related regulations, are intended to create a closed system for the delivery of controlled substances and prevent the distribution of controlled substances outside of the system. ESI and UHG/Optum have a duty to ensure that their pharmacies operate appropriately within the closed system in order to prevent diversion of dangerous drugs.

## C.   PBM Defendants Were Aware That the Opioid Epidemic Was Occurring for Decades.

152.     PBM Defendants have access to detailed data regarding the volume, nature, and dosage of prescription opioids. They also have data regarding medical conditions for which opioids are prescribed, the medical providers who are prescribing opioids, and the volume of opioids dispensed by patient and geographical location.

153.     In addition, PBM Defendants ESI and UHG/Optum track the number of opioids that move through their own mail-order pharmacies.

154.     PBM Defendants were, or should have been, fully aware that the quantity of opioids being distributed was untenable and in many areas was so high that illegal diversion was the only logical explanation, yet they did not take meaningful action to investigate or to ensure that they were complying with their duties and obligations under the law with regard to controlled substances.

155.    PBM Defendants were or should have been aware of numerous red flags of potential suspicious activity and diversion in Nevada.

156.    As a result of their data tracking and analyzing efforts, PBM Defendants knew for decades that dangerous amounts of opioids were being dispensed in communities across the country.

157.    PBM Defendants knew or reasonably should have known about the ongoing opioid crisis and the devastating consequences of oversupply and diversion of prescription opioids, including the increased rates of opioid use disorder and opioid overdoses in the community.

158.    Rather than using this knowledge to benefit the health and safety of consumers, PBM Defendants failed to take any action to prevent diversion and opioid related harms in Nevada. Instead, PBM Defendants granted the most dangerous opioids unrestricted, preferred formulary status because it was more profitable to them to do so.

**D. PBM Defendants' Facilitation and Encouragement of the Use of Opioids Created a Public Health Crisis in Nevada.**

159.    Despite their knowledge of the opioid crisis fueled by oversupply and diversion, PBM Defendants encouraged the use of highly addictive opioids through their formulary policies. PBM Defendants placed opioids on preferred formulary tiers without utilization management tools to ensure that opioids would continue to be widely prescribed.

160.    Despite their knowledge of the opioid crisis fueled by oversupply and diversion, PBM Defendants never disclosed information regarding widespread misuse, diversion, addiction, and overuse, and failed to warn the State of such risks.

161.    Upon information and belief, PBM Defendants failed to take any reasonable actions in response to the opioid crisis because they were incentivized by payments from opioid manufacturers to ensure that opioids would be easy for doctors to prescribe and easy for patients to obtain.

31

162.     By fueling the opioid epidemic rather than address their own data showing overuse, abuse, and addiction to opioids, PBM Defendants contributed to the oversupply of opioids in Nevada, resulting in a public health crisis and public nuisance.

### V. STATUTES OF LIMITATIONS ARE TOLLED AND DEFENDANTS ARE ESTOPPED FROM ASSERTING STATUTES OF LIMITATIONS AS DEFENSES.

163.     The State of Nevada has diligently pursued and investigated the claims alleged in this Complaint. Through no fault of its own, the State of Nevada did not learn, and could not have learned, the factual bases for its claims or the injuries suffered therefrom until recently. Consequently, the following tolling doctrines apply.

### A. Discovery Rule

164.     The State of Nevada could not have discovered through the exercise of reasonable diligence that the PBM Defendants' conduct alleged in this Complaint would have the drastic, deleterious effects on the State within the time period for all applicable statutes of limitations.

165.     Among other things, the State of Nevada could not have known and appreciated that PBM Defendants constructed their formularies based on profit and in a dangerous manner rather than—as they represent to the public and their clients—based on the safety and efficacy of the drugs. In addition, the State of Nevada could not have known that PBM Defendants were working with the Opioid Manufacturers to convince physicians, payors, and patients that opioids were healthy alternatives for chronic pain and not addictive.

166.     Similarly, the State of Nevada could not have known about the inexorable amounts of opioid pills that PBM Defendants shipped into the State through their mail-order pharmacies.

167.     PBM Defendants conduct themselves in a non-transparent manner and refuse to disclose their business dealings and/or contracts with any other entity in the pharmaceutical chain, including the Opioid Manufacturers.

168.     The State of Nevada could not and did not discover and did not know of facts that would have caused a reasonable person to suspect that PBM Defendants were engaged in misconduct, nor would a reasonable and diligent investigation have disclosed the true facts.

169.   Even today, lack of transparency in the arrangements, relationships, and agreements between and among the Opioid Manufacturers and PBM Defendants continues to obscure the full extent of PBM Defendants' unlawful conduct.

170.   For these reasons, the discovery rule tolls all applicable statutes of limitations.

**B.  Continuing Violations**

171.   The State of Nevada contends it continues to suffer harm from the unlawful actions by the PBM Defendants.

172.   PBM Defendants' continued tortious conduct causes a repeated or continuous injury. The State's damages have not occurred all at once but have increased as time progresses. The tort is not completed nor have all the damages been incurred until the wrongdoing ceases. Though the State has made efforts to abate the nuisance, the wrongdoing has not ceased, and thus, the public nuisance remains, and the conduct causing the damages remains unabated.

**C.  Equitable Estoppel**

173.   PBM Defendants are equitably estopped from relying upon a statute of limitations defense because they undertook efforts to purposefully conceal their unlawful conduct and fraudulently assure the public, including the State of Nevada, that they were undertaking efforts to comply with their obligations under the Controlled Substances Act, §§ 453.005-453.730, all with the goals of protecting their registered distributor status in the State and of continuing to generate profits. Notwithstanding the allegations set forth above, the PBM Defendants affirmatively assured the public, including the State of Nevada, that they were working to curb the opioid epidemic.

174.   Considering the grave harm that PBM Defendants have caused the State of Nevada, PBM Defendants were under a continuous duty to disclose the true character, quality, and nature of the above-described conduct in which they engaged. Based upon the foregoing, PBM Defendants are estopped from relying on any statutes of limitation in defense of this action.

33

**D. <u>Intentional Concealment</u>**

175. Alternatively, the State's claims are subject to equitable tolling, stemming from PBM Defendants' knowingly and intentionally concealing the facts alleged herein. PBM Defendants knew of the wrongful acts set forth above, had material information pertinent to their discovery, and concealed them from the State. As a result of PBM Defendants' conduct, the State did not know or could not have known through the exercise of reasonable diligence of its cause of action.

176. PBM Defendants undertook to purposefully conceal their unlawful conduct by: manipulating and distorting public information, knowledge, and facts; misrepresenting their role in the pharmaceutical market as promoting safe use and appropriate opioid dispensing; failing to make public or otherwise produce nonpublic information, over which PBM Defendants had exclusive possession, dominion, and control, that would have revealed the truth; and by deliberately and intentionally concealing the truth.

177. PBM Defendants also concealed from the State the existence of the State's claims by hiding their lack of cooperation with law enforcement and affirmatively seeking to convince the public that their legal duties to report suspicious sales had been satisfied through public assurances that they were working to curb the opioid epidemic. PBM Defendants publicly portrayed themselves as committed to working diligently with law enforcement and others to prevent diversion of these dangerous drugs and curb the opioid epidemic, and they made broad promises to change their ways, insisting they were good corporate citizens. These repeated misrepresentations misled regulators, prescribers, and the public, including the State, and deprived the State of actual or implied knowledge of facts sufficient to put the State on notice of potential claims.

178. PBM Defendants had in their possession and control information that the Opioid Manufacturer's opioids were addictive, data suggesting or proving that large amounts of opioids were being diverted from legitimate channels, and information that specific doctors and pharmacies were engaged in an illegal pattern of conduct.

179.   PBM Defendants purposely concealed their wrongful conduct, including by assuring the public and governmental authorities that they were complying with their obligations and were acting to prevent diversion and drug abuse and to construct formularies in a safe and appropriate manner.

180.   PBM Defendants were aware of the falsity of their misrepresentations.

181.   PBM Defendants fraudulently hid their relationships with the Opioid Manufacturers, making it impossible for the State of Nevada to discover PBM Defendants' role in promoting opioids through reasonable diligence.

182.   The relationships between PBM Defendants and the Opioid Manufacturers remain notoriously opaque even to the present day.

183.   PBM Defendants have also concealed and prevented discovery of information that will confirm their identities and the extent of their wrongful and illegal activities.

184.   Because PBM Defendants concealed the facts surrounding their involvement in the opioid epidemic, the State of Nevada did not know of the existence or scope of the PBM Defendants' misconduct and could not have acquired such knowledge earlier through the exercise of reasonable diligence.

185.   PBM Defendants intended that their false statements and omissions be relied upon.

186.   PBM Defendants knew of their wrongful acts and had material information pertinent to their discovery, but concealed that information from the public, including the State of Nevada.

187.   Only PBM Defendants knew of their widespread misinformation campaign and of their repeated, intentional failures to prevent opioid overutilization and diversion.

188.   PBM Defendants cannot claim prejudice due to a late filing because this suit was filed upon discovering the facts essential to the claim. Indeed, the full existence, extent, and damage of the opioid crisis and those responsible, including PBM Defendants and their relationships with the Opioid Manufacturers, has yet to come to light and will only be fully understood after the State of Nevada has had an opportunity to obtain discovery.

189.    Thus, the running of all applicable statutes of limitation has been suspended with respect to any claims that the State of Nevada has sustained by virtue of the discovery rule doctrine, the continuing violations doctrine, estoppel, and the intentional concealment doctrine.

## VI.    FACTS PERTAINING TO CIVIL PENALTIES AND PUNITIVE DAMAGES

190.    As set forth above, PBM Defendants acted deliberately to increase sales of, and profits from, opioid drugs. PBM Defendants knew that their actions and inactions were directly resulting in the increased dispensing of highly addictive opioids in numbers far greater than any legitimate medical necessity. Nonetheless, they continued to deliberately act or fail to act to increase the market for their addictive drugs.

191.    PBM Defendants knew that large and suspicious quantities of opioids were being poured into communities throughout the United States and in Nevada, yet, despite this knowledge, took no steps to control the supply of opioids or otherwise prevent diversion. Indeed, as described above, PBM Defendants acted in concert together to maintain high levels of quotas for opioid products.

192.    Through their ongoing course of conduct, PBM Defendants knowingly, deliberately and repeatedly threatened, harmed, and created a risk of harm to public health and safety and caused large-scale economic loss to communities and government liabilities across the country.

193.    As alleged above, PBM Defendants had the ability to implement safeguards to restrict the number of opioids dispensed in the community and to require patients to try safer and less addictive treatment options before being prescribed opioids; however, they failed to implement these safeguards despite knowing—indeed, because they knew--that greater numbers of dangerous and addictive opioids would be dispensed as a result.

194.    PBM Defendants continued to grant preferential and unrestricted formulary status to opioids, even after they knew that the number of opioids being dispensed was dangerous and detrimental to society, because it was profitable for PBM Defendants to do so.

36

195.    PBM Defendants knew, or should have known, that implementing the formulary management and safety edits that were already at their disposal could have prevented or significantly lessened the scope of the opioid epidemic nationwide and in Nevada.

196.    Further, PBM Defendants could have worked to abate the harm caused by the opioid epidemic by making treatments more accessible to patients; however, upon information and belief, PBM Defendants, through their policies, practices, and procedures, made it easier for patients to obtain highly addictive and dangerous opioids than to obtain treatment for addiction.

197.    PBM Defendants engaged in the conduct alleged herein with a conscious disregard for the rights and safety of other persons even though that conduct had a great probability of causing substantial harm.

198.    PBM Defendants were so determined to increase their profits through rebates received by the continued sale of opioids that they simply ignored their own data and other evidence of societal harm.

199.    PBM Defendants knew that their actions were injurious but deliberately refused to change their practices because acting to decrease the dispensing of opioids would have decreased their profits.

200.    PBM Defendants have knowingly abandoned their duties imposed under Nevada law and federal law that is incorporated therein and abused the privilege of conducting business in this community.

## VII.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### PUBLIC NUISANCE

**NRS § 202 *et seq.* and common law**

**(Against all Defendants)**

201.    The State re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

202.    The Attorney General may bring an action to abate a public nuisance in the name of the State under NRS § 202.480.

37

203.    A public nuisance is an unreasonable interference with a right common to the general public.

204.    PBM Defendants, individually and in concert with each other, have contributed to and/or assisted in creating and maintaining a condition that is harmful to the health of thousands of Nevada residents and which interferes with the enjoyment of life in violation of Nevada law.

205.    Prescription opioid abuse, addiction, morbidity, and mortality are a public nuisance in Nevada, which, despite the State's efforts, remain unabated. The unlawful conduct by the PBM Defendants as described herein has created these hazards to public health and safety.

206.    PBM Defendants knew that opioids were being dispensed into Nevada in dangerous amounts and were being overutilized, abused, and diverted into illicit drug markets.

207.    PBM Defendants knowingly and intentionally designed benefit plans and standard national formularies that would maximize opioid utilization.

208.    PBM Defendants knowingly, intentionally, recklessly, and negligently failed to manage these plans to minimize the use and abuse of opioids.

209.    PBM Defendants knowingly and intentionally chose to include opioids on their formularies that they knew were highly addictive and dangerous. PBM Defendants did not install reasonable controls in the form of quantity limits, prior authorization requirements, or MME daily limits.

210.    PBM Defendants knowingly and intentionally chose to include opioids that were easier to misuse.

211.    PBM Defendants knowingly and intentionally made it more expensive or more difficult to obtain known efficacious non-opioid medications for pain. To date, dozens of non-narcotic pain treatments are not covered by PBM baseline national formularies. This led directly to the increased sale and use of opioids.

212.    PBM Defendants knowingly and intentionally chose not to include certain medications that would prevent overdoses or made them more difficult or expensive to obtain.

213.   PBM Defendants chose (and continue to choose) not to cover or, alternatively, to create barriers to accessing drugs typically used to treat Opioid Use Disorder ("OUD") such as naloxone, methadone, buprenorphine, and naltrexone.

214.   PBM Defendants have created and maintained a public nuisance through their ongoing conduct of facilitating and encouraging the use of dangerously addictive opioids by colluding with manufacturers to place opioid drugs on formularies with preferred status, declining to impose limits on their approval for use in exchange for payments and fees from manufacturers, assisting in promoting but failing to disclose the real risks and appropriate limits on the use of opioids, and failing to use the wealth of data available to them to identify and address signs of over-prescribing, illegitimate and dangerous use of opioids, misuse, abuse, and diversion. Their conduct caused prescriptions and sales of opioids to skyrocket and failed to limit their use even as evidence of the epidemic mounted, including in Nevada, flooding the State with opioids and facilitating and encouraging the flow and diversion of opioids into an illegal, secondary market, resulting in devastating consequences to the State and the residents of the State of Nevada.

215.   PBM Defendants knew, or should have known, that their intentional, unreasonable, and unlawful conduct would cause, and has caused, opioids to be used and possessed illegally and that their conduct has produced an ongoing nuisance that has had, and will continue to have, a detrimental effect upon the public health, welfare, safety, peace, comfort, and convenience of the State of Nevada and its residents.

216.   At all relevant times, PBM Defendants had the power to minimize the sale and use of less effective, more addictive, and more divertible opioids. PBM Defendants had the ability to install preauthorization requirements for opioid prescriptions for chronic pain, when other non-opioid options were available. PBM Defendants could have responded favorably to direct requests from governmental payors attempting to control opioid flow and offer non-opioid options. PBM Defendants could have provided patients easier access to less addictive, less dangerous drugs and treatment drugs. PBM Defendants could have monitored and modified patients' usage. PBM Defendants could have and should have imposed stricter quantity limits or

39

1   refill limitations or pre-authorization requirements. PBM Defendants chose not to employ any of

2   these options, choosing profits over safety.

3       217.    PBM Defendants created and maintained a public nuisance by colluding with

4   manufacturers to make opioids more available, by ignoring evidence of addiction and misuse

5   found in their own claims data, and by failing to maintain effective controls against diversion,

6   leading to the oversupply of opioids in Nevada. PBM Defendants' actions interfered with the

7   public health, welfare, and safety in Nevada, and the State and its residents have a common right

8   to be free from such conduct that creates a disturbance and reasonable apprehension of danger to

9   person or property.

10      218.    PBM Defendants' conduct has created an ongoing, significant, unlawful, and

11  unreasonable interference with rights common to the general public, including the public health,

12  welfare, safety, peace, comfort, and convenience of the State of Nevada and its residents. *See*

13  Restatement (Second) of Torts § 821B.

14      219.    The interference is unreasonable because PBM Defendants' nuisance-creating

15  conduct:

16          a.  Involves a significant interference with the public health, the public safety, the

17              public peace, the public comfort, and/or the public convenience;

18          b.  At all relevant times was and is proscribed by state and federal laws and

19              regulations; and/or

20          c.  Is of a continuing nature and, as PBM Defendants know, has had and is continuing

21              to have a significant effect upon rights common to the general public, including

22              the public health, the public safety, the public peace, the public comfort, and/or

23              the public convenience.

24      220.    The significant interference with rights common to the general public is described

25  in detail throughout this Complaint and includes:

26          a.  The creation and fostering of an illegal, secondary market for prescription opioids;

27          b.  Easy access to prescription opioids by children and teenagers;

28          c.  A staggering increase in opioid abuse, addiction, overdose, injuries, and deaths;

40

d.  Infants being born addicted to opioids due to prenatal exposure, causing severe withdrawal symptoms and lasting developmental impacts;

e.  Employers losing the value of productive and healthy employees; and

f.  Increased costs and expenses for Plaintiff relating to healthcare services, law enforcement, the criminal justice system, social services, and education systems.

221.    PBM Defendants intentionally and unreasonably and/or unlawfully pushed as many opioids onto the market as possible, fueling addiction to and diversion of these powerful narcotics, resulting in increased addiction and abuse, an elevated level of crime, death, and injuries to the residents of the State of Nevada and direct costs to the State of Nevada.

222.    PBM Defendants are liable for creating the public nuisance because the intentional and unreasonable and/or unlawful conduct of the PBM Defendants was a substantial factor in producing the public nuisance and harm to Plaintiff.

223.    In its role as a dispenser of opioids in Nevada, PBM Defendants violated federal law, including but not limited to 21 C.F.R § 1301.71(a), and Nevada law, including, but not limited to Nevada Controlled Substances Act, NRS., §§ 453.005 to 453.730 and the NAC, §§ 639.010 to 639.978.

224.    PBM Defendants' unlawful and unreasonable nuisance-creating conduct includes violating federal and Nevada statutes and regulations, including the controlled substance laws, by dispensing opioids without maintaining effective controls against diversion, including but not limited to failing to utilize their own data and the data available to them to detect or guard against diversion.

225.    PBM Defendants' intentional and unreasonable nuisance-creating conduct, includes:

a.  Facilitating the increased use of opioids by giving opioids preferred formulary status in exchange for payments from opioid manufacturers;

b.  Failing to impose limits on approval for the use of opioids in exchange for payments from opioid manufacturers;

c.  Increasing the number of opioid prescriptions;

41

d.  Ignoring the evidence of addiction and abuse found in its own claims data; and

e.  Failing to maintain effective controls against the diversion of opioids.

226.    At all times relevant to this Complaint, PBM Defendants knew that increasing the availability of opioids would increase the number of opioids that would be abused, misused, and diverted into the illegal, secondary market and would be obtained by persons with criminal purposes.

227.    PBM Defendants knew that opioids were dangerous because they were defined under state and federal law as substances posing a high potential for abuse and addiction.

228.    Opioids are akin to medical grade heroin. PBM Defendants' intentional, unlawful, wrongful, and unreasonable conduct of pushing as many opioids onto the market as possible led directly to the absolute public nuisance and harm to the State, which is to be expected when medical grade heroin in the form of prescription opioids flood the community and are diverted into an illegal, secondary market.

229.    It was reasonably foreseeable that PBM Defendants' actions and omissions would result in the public nuisance and harm to the State described herein.

230.    PBM Defendants acted to make opioids more available in the marketplace and PBM Defendants have a special position within the closed system of opioid distribution. Without PBM Defendants' actions, opioid use would not have become so widespread, and the enormous public health hazard of prescription opioid and heroin overdose, abuse, and addiction that now exists would have been averted.

231.    PBM Defendants' conduct was and continues to be a substantial factor causing the ongoing, persistent public nuisance described and the harm to the State of Nevada. Given their gatekeeper position in the prescription drug marketplace, PBMs have always been, to quote their words, "uniquely positioned to abate the opioid crisis."

232.    PBM Defendants knew, or should have known, that their intentional, unreasonable, and unlawful conduct will cause, and has caused, opioids to be used and possessed illegally and that their conduct has created an ongoing, persistent public nuisance that endangers

42

the health and safety of the State and impacts negatively on the State's ability to provide essential services.

233.    The public nuisance created by PBM Defendants' intentional and persistent course of conduct has directly and proximately caused and continues to cause significant economic harm to the State of Nevada that includes, but is not limited to:

    a.  Responding to opioid-related drug overdoses and deaths;

    b.  Allocating resources for the disease of addiction and other diseases related to long-term opioid use;

    c.  Allocating resources for child abuse and neglect resulting from opioid abuse;

    d.  Allocating resources for crime associated with illegal drug use and opioid sales;

    e.  Addressing related blight, vagrancy, property damage, and property crime.

234.    PBM Defendants' actions foreseeably created a new secondary market for opioids – providing both the supply of narcotics to sell and creating the demand by causing an increase in the number of individuals suffering from opioid use disorder. The result of PBM Defendants' deceptive and improper conduct is not only an explosion of prescription opioids on the black market but also a marked increase in the availability of heroin and synthetic opioids.

235.    The results of PBM Defendants' conduct include the diversion of opioids into the secondary, criminal market and the increase in opioid use and opioid use disorder placed unnecessary and excessive demands on the medical, public health, and financial resources of the State of Nevada.

236.    PBM Defendants' misconduct alleged in this case does not concern a discrete event or discrete emergency of the sort the State would reasonably expect to occur and is not part of the normal and expected costs of a State's existence.

237.    Public resources are being unreasonably consumed in efforts to address the opioid epidemic, including expenditures for special public service programs, thereby eliminating available resources that would otherwise be used to serve the public at large in the State of Nevada.

238.   The public nuisance created by PBM Defendants' actions is substantial and unreasonable. It has caused and continues to cause significant harm to the State of Nevada and the harm inflicted outweighs any offsetting benefit.

239.   As a result of the public nuisance, the State of Nevada has sustained, and continues to sustain, harm by spending a substantial amount of State resources trying to fix the harms caused by PBM Defendants' nuisance-causing activity, including, but not limited to, the costs of hospital services, healthcare, emergency medical services, social services, prevention, treatment, education, intervention, and overhead expenses as will be set forth more fully herein.

240.   The public nuisance created, perpetuated, and maintained by PBM Defendants can be abated and further recurrence of such harm can be abated.

241.   PBM Defendants' misconduct alleged in this case is ongoing and persistent, as is the nuisance to which they substantially contributed.

242.   PBM Defendants should be required to pay for the harm the State of Nevada has suffered and/or will suffer because of the public nuisance that PBM Defendants created.

243.   PBM Defendants' intentional, unlawful, and persistent course of deceptive and improper conduct, as alleged herein, created an ongoing, conscious, and deliberate nuisance that is continuing and recurring to this day.

244.   PBM Defendants' conscious and deliberate acts have caused long-lasting and permanent harm to the State, as described herein in detail.

245.   The State seeks to abate the nuisance created by PBM Defendants' unreasonable, unlawful, intentional, ongoing, continuing, and persistent actions and omissions and unreasonable interference with rights common to the general public.

246.   The State has suffered, and will continue to suffer, unique harms as described in this Complaint.

247.   The State of Nevada is asserting its own rights and interests and its claims are not based upon or derivative of the rights of others.

248.   PBM Defendants' tortious conduct was a substantial factor in creating a public nuisance and causing harm to the State of Nevada.

44

249.    PBM Defendants acted recklessly, negligently and/or carelessly, in breach of their duties to maintain effective controls against diversion, thereby creating an unreasonable risk of harm.

250.    PBM Defendants acted with malice, actual or implied, because PBM Defendants acted with a conscious disregard for the rights and safety of other persons, and said actions have a great probability of causing substantial harm.

251.    The damages available to the State include, *inter alia*, abatement costs to stop the rise of damages from an ongoing and persistent public nuisance. The State seeks all damages flowing from PBM Defendants' conduct as it relates to the thousands, if not millions, of incidents of deceptive trade practices by PBM Defendants within the State.

252.    The State seeks to abate the nuisance created by PBM Defendants' unreasonable, unlawful, intentional, ongoing, continuing, and persistent interference with a right common to the public.

253.    The public nuisance created by PBM Defendants' actions is foreseeable, substantial, and unreasonable. It has caused and continues to cause significant harm to the community, and the harm inflicted outweighs any offsetting benefit. The staggering rates of opioid and heroin use resulting from PBM Defendants' abdication of their gate-keeping duties, have caused harm to the entire community that includes, but is not limited to:

a.    The high rates of use have led and continue to lead to unnecessary opioid abuse, addiction, overdose, injuries, and deaths.

b.    Children have not escaped the opioid epidemic unscathed. Easy access to prescription opioids made opioids a recreational drug of choice among Nevada teenagers. Even infants have been born addicted to opioids due to prenatal exposure, causing severe withdrawal symptoms and lasting developmental impacts.

c.    Even those State residents who have never taken opioids have suffered from the public nuisance arising from PBM Defendants' abdication of their gate-keeper duties. Many residents have endured both the emotional and financial costs of caring for loved ones addicted to or injured by opioids, and the loss of

45

companionship, wages, or other support from family members who have used, abused, become addicted to, overdosed on, or been killed by opioids.

d.  The opioid epidemic has increased health care costs.

e.  Employers have lost the value of productive and healthy employees.

f.  PBM Defendants' conduct created an abundance of drugs available for criminal use and fueled a new wave of addiction, abuse, and injury.

g.  PBM Defendants' dereliction of duties and/or collusion with opioid manufacturers' fraudulent misinformation campaign in which they were pushing dangerous drugs resulted in a diverted supply of narcotics to sell and the ensuing demand of those addicted to opioids to buy them. More pills sold by PBM Defendants led to more addiction, with many addicts turning from prescription pills to heroin. People addicted to opioids frequently require increasing levels of opioids, and many turned to heroin as a foreseeable result.

h.  The diversion of opioids into the secondary criminal market and the increased number of individuals who abuse or are addicted to opioids increased the demands on the State's Medicaid program.

i.  The significant and unreasonable interference with the public rights caused by PBM Defendants' conduct taxed the human, medical, public health, and financial resources of the State.

254.  The State of Nevada, seeks all legal and equitable relief as allowed by law, including *inter alia* injunctive relief, abatement of the public nuisance, payment to the State of monies necessary to abate the public nuisance, all damages as allowed by law, attorney fees and costs, and pre- and post-judgment interest.

255.  The continued tortious conduct by PBM Defendants caused a repeated or continuous injury. The damages have not occurred all at once but have increased as time progresses. The tort is not completed nor have all the damages been incurred until the wrongdoing ceases. The State has taken efforts to abate the nuisance, but because the wrongdoing is ongoing, the public nuisance remains unabated.

46

256.    Plaintiff's claims are subject to equitable tolling, stemming from PBM Defendants' wrongful concealment and from Plaintiff's inability to obtain vital information underlying its claims.

257.    Plaintiff has been required to prosecute this action and is entitled to attorneys' fees and costs as provided by Nevada statute.

258.    Plaintiff's general, special and punitive damages are in amounts in excess of $15,000.00.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

### (Against all Defendants)

259.    The State re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

260.    PBM Defendants have a duty to the State of Nevada to employ a reasonable standard of care in their voluntary undertaking of services affected with a significant public interest, to wit, the sale, distribution, dispensing, reimbursement, and promotion of what PBM Defendants knew to be highly addictive, dangerous opioids. This includes a duty to not create a foreseeable risk of harm and a duty to use reasonable care in the services provided.

261.    PBM Defendants each owed a duty to the State and to the public health and safety in Nevada, because the injury was foreseeable and, in fact, foreseen by PBM Defendants.

262.    Reasonably prudent PBMs would have anticipated that the scourge of opioid addiction would wreak havoc on communities. The nature of the services PBM Defendants voluntarily undertook gives rise to a duty to use reasonable care.

263.    Society, including the State of Nevada, expects PBM Defendants to perform the services they offer with reasonable care. For example, society expects that opioid manufacturers will not lie about the addictive properties and dangers of their products; society expects that distributors will abide by their statutory obligations, reporting requirements, and professed commitment to public safety; and society expects that PBMs will honor their public statements

1  regarding their commitment to public health and that PBMs will not conspire with manufacturers
2  or construct self-serving plans or formularies.

3       264.    Consistent with societal expectations, the State of Nevada also reasonably
4  expected that the companies profiting from activity within the State would conduct such activity
5  with reasonable care and would abide by their own repeated affirmations of commitment to public
6  health and safety.

7       265.    The State never could have foreseen the wrongful conduct described herein or
8  protected itself against the harm it has suffered and continues to suffer.

9       266.    PBM Defendants breached their duty by failing to exercise reasonable care or skill
10  with respect to voluntary opioid-related conduct. Working in coordination with Opioid
11  Manufacturers, PBM Defendants made highly addictive prescription opioids available to the
12  marketplace with the knowledge that they were likely being used for non-medical purposes and/or
13  posed an inherent danger, especially to patients who were using opioids for chronic pain not
14  associated with active cancer, endo-of-life, or palliative care. PBM Defendants knew their breach
15  would cause harm to the State of Nevada and local governments nationwide.

16       267.    PBM Defendants are and have always been uniquely positioned to abate the crisis
17  they have created. PBM Defendants had superior knowledge of the risks of opioids – which they
18  did not disclose and affirmatively misrepresented. PBM Defendants were in the best position to
19  protect the State of Nevada from the foreseeable harm resulting from their own misconduct and
20  which the State of Nevada could not have anticipated.

21       268.    PBM Defendants have always been fully aware of the roles played by the others
22  in the opioid scheme described herein and the inter-relationship of those roles.

23       269.    PBM Defendants profited from the oversupply of opioids and the demand created
24  for opioids as a result of the scheme alleged.

25       270.    PBM Defendants were negligent in failing to abide by their duties to conduct
26  themselves with the requisite care and skill and faithfulness in the context of activities and
27  services they voluntarily undertook.

28

271.    PBM Defendants placed their desire for increased profits above their legal duties and enabled, encouraged, and caused the over-use and over-supply of opioids.

272.    PBM Defendants are highly sophisticated and knowledgeable actors in the health care marketplace, well informed of the highly addictive nature of prescription opioids and likelihood of foreseeable harm to communities from prescription opioid addiction, oversupply, and diversion. PBM Defendants breached their duties when they failed to act with reasonable care in their respective voluntarily assumed roles, roles which positioned each of the PBM Defendants to help prevent or abate the opioid epidemic had they chosen to use their power for the welfare of Nevada patients instead of lining their own pockets.

273.    A negligent and/or intentional violation of PBM Defendants' duties poses distinctive and significant dangers to the State of Nevada. Given the addictive and dangerous properties of opioids, the illegal opioid market and criminal activities which the State of Nevada must now address were foreseeable consequences of PBM Defendants' negligence.

274.    At all times, PBM Defendants each had the ability and obligation to control opioid access and utilization to avoid the very epidemic that they created.

275.    As a result of their failures, PBM Defendants caused the State of Nevada to incur excessive social and economic costs related to responding to the opioid crisis. These costs include, but are not limited to, increased medical and fire services, lost tax revenues, lost productivity, strains on social services, and lost communal benefits of the State of Nevada's limited and diverted resources.

276.    The injuries to the State of Nevada would not have happened in the ordinary course of events had PBM Defendants exercised the degree of care, prudence, watchfulness, and vigilance commensurate to the dangers involved in the transaction of their business in the promotion, sale, and dispensing of opioids.

277.    PBM Defendants' conduct was willful, wanton, malicious, reckless, oppressive, and/or fraudulent. Here, PBM Defendants were promoting and dispensing dangerous drugs statutorily categorized as posing a high potential for abuse and severe dependence. NAC § 435.520(a). Thus, PBM Defendants knowingly traded in drugs that presented a high degree of

49

danger if prescribed incorrectly or diverted to other than medical, scientific, or industrial channels.

278.   Plaintiff, the State of Nevada, seeks all legal and equitable relief as allowed by law, including inter alia injunctive relief, restitution, disgorgement of profits, compensatory and punitive damages, and all damages allowed by law to be paid by the PBM Defendants, attorney fees and costs, and pre- and post-judgment interest.

**THIRD CAUSE OF ACTION**

**NEGLIGENCE PER SE**

**(Against all Defendants)**

279.   The State re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

280.   Nevada recognizes the doctrine of negligence per se. Negligence per se consists of four elements: (1) A duty to exercise due care with respect to a plaintiff as defined by a statute or administrative regulation; (2) plaintiff is in the class of persons the statute or regulation was designed to protect; (3) defendant breached the duty by violating the statute or regulation, constituting negligence as a matter of law; and (4) causation and damages. *Atkinson v. MGM Grand Hotel, Inc.*, 98 P.3d 678, 680 (Nev. 2004).

281.   NRS §§ 453.005 to 453.730 and NAC §§ 453.010 to 453.740 are public safety laws that define a standard of conduct. As such, these laws were intended to protect the public welfare and safety, and the State is the proper Plaintiff to enforce these laws. Each PBM Defendant had a duty under these laws to prevent diversion of prescription opioids for non-medical and non-scientific purposes and to guard against, prevent, and report suspicious orders of opioids.

282.   Nevada's minimum requirement for controlled substance manufacturers, wholesale drug distributors, and controlled substance dispensers is that such entities must comply with applicable laws and regulations.

283.   Nevada laws and regulations require PBM Defendants to act as gatekeepers guarding against the diversion of the highly addictive, dangerous opioid drugs.

284.   As set forth herein, PBM Defendants failed to perform statutory and regulatory obligations under the CSA and Nevada's Controlled Substances Act, which were enacted to promote safety and to prevent exactly the type of harm that occurred as a result of PBM Defendants' failures.

285.   PBM Defendants failed to maintain effective controls against oversupply and diversion as required under 21 C.F.R. § 1301.74(b).

286.   PBM Defendants failed to report suspicious orders to law enforcement and perform due diligence prior to filling orders.

287.   PBM Defendants violated their duties under the Nevada Controlled Substances Act and the Nevada Administrative Code.

288.   PBM Defendants' violations of these public safety laws are prima facie evidence of negligence per se. Each PBM Defendant had a duty under, *inter alia*, these laws to maintain effective controls against diversion of prescription opioids and to guard against, prevent, and report suspicious orders of opioids. PBM Defendants' violations of the law constitute negligence per se.

289.   PBM Defendants breached mandatory, non-delegable legal duties and did not act reasonably under the circumstances.

290.   The State is within the class intended to be protected by the public safety statutes and regulations concerning controlled substances.

291.   It was foreseeable that the breach of duty described herein would result in the damages sustained by the State.

292.   PBM Defendants' conduct was willful, wanton, malicious, reckless, and/or oppressive, as described above.

293.   As described above in language expressly incorporated herein, PBM Defendants breached their duties to maintain effective controls against diversion of dangerously addictive opioids, including violating public safety statutes requiring that as dispensers, PBM Defendants could only dispense these dangerous drugs under a closed system – a system PBM Defendants were responsible for guarding.

294. As described above in language expressly incorporated herein, PBM Defendants' breach of statutory and regulatory duties caused, bears a causal connection with, is and was a substantial factor contributing to, and proximately resulted in, harm and damages to the State. The harm at issue is the type of harm that the legislature sought to prevent in promulgating the public safety statutes at issue.

295. PBM Defendants' violations of the Nevada statutes and public safety regulations cited herein were and are substantial factors in the injuries and damages sustained.

296. It was foreseeable that PBM Defendants' breaches of statutory and regulatory duties described herein would result in the damages sustained.

297. Plaintiff, the State of Nevada, seeks all legal and equitable relief as allowed by law, including, *inter alia,* injunctive relief, restitution, disgorgement of profits, compensatory and punitive damages, and all damages allowed by law to be paid by PBM Defendants, attorney fees and costs, and pre- and post-judgment interest.

<u>**FOURTH CAUSE OF ACTION**</u>

<u>**CIVIL CONSPIRACY**</u>

**(Against all Defendants)**

298. The State re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

299. Nevada recognizes claims for civil conspiracy where the plaintiff alleges that the defendants (1) committed an underlying tort(s); and (2) an agreement existed between defendants or defendants and an unnamed tortfeasor to commit the tort(s). *Klaizner v. Countrywide Fin.*, 2015 U.S. Dist. LEXIS 18176 at *19, Case No. 2:14-CV-1543 JCM (PAL) (D. Nev.  Feb. 12, 2015) (internal citations omitted); *GES, Inc. v. Corbitt*, 117 Nev. 265, 21 P.3d 11, 15 (Nev. 2001).

300. As set forth *supra*, the State alleges that PBM Defendants have committed the tort of negligence, negligence per se, and public nuisance.

301. PBM Defendants conspired with the manufacturers of dangerous opioids in order to profit from the mass sale and distribution of the dangerous opioid products.

302.   Due to the application of joint and several liability in Nevada, the Opioid Manufacturers are not required parties in this matter as that term is described in Nevada Rules of Civil Procedure 19(a) and, thus, remain unnamed co-conspirators. Damages caused by a conspiracy must be judged as a whole rather than by their separate parts or the specific acts of different co-conspirators, thus justifying the application of joint and severability in such causes of action. *See Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774-775 (9th Cir. 2002).

303.   PBM Defendants and Opioid Manufacturers maliciously agreed to combine their efforts to deceive the public through marketing dangerous opioids as safe and misstating the drugs' addictive qualities in order to profit from their sale and distribution.

304.   Such agreement is evidenced by Defendants' utilization of "pull-through promotions," when visiting physician offices. The pull-through materials were created by Opioid Manufacturers and contained misstatements regarding the safety, efficacy, and appropriate uses of prescription opioids. PBM Defendants knew, or should have known, that the statements contained in the "pull-through materials" were false, yet, despite this knowledge, affixed their own logos to the promotional materials.

305.   PBM Defendants furthered this agreement by intentionally giving opioids preferred placement on its formularies and not placing adequate controls on the prescribing and sale of these drugs despite PBM Defendants' knowledge regarding the danger posed by open access to opioids. Additionally, PBM Defendants furthered this agreement by manufacturing research to deceive the State and its citizens that opioids were safe and misstating the drugs' addictive qualities.

306.   By way of example, an Opioid Manufacturer's 2012 internal emails demonstrate that PBM Defendants provided preferred and unrestricted placement for a branded tapentadol (an opioid analgesic) on its formularies in Nevada. This unrestricted access continued until at least 2015. Additionally, an Opioid Manufacturer's internal records show that PBM Defendants continued to have underlined unrestricted access on their respective formularies in Nevada for the same branded tapentadol as late as March 2015.

53

307.   As an intended result of the intentional and malicious wrongful conduct as set forth in this Complaint, PBM Defendants profited and benefited from the opioid epidemic they conspired to cause, thus harming the state of Nevada.

308.   The State pleads this cause of action with the specificity required by Rule 9(b) to provide PBM Defendants with adequate notice "about the nature of the charges so that [Defendants] may defend the claims without merely asserting a general denial." *Rocker v. KPMG LLP*, 122 Nev. 1185, 1192, 148 P.3d 703, 707-708 (2006). The State's allegations assert the facts available to the State at the time of preparation of this Complaint. Additional facts and information to support this cause of action are solely in PBM Defendant's possession and are not available to the State and will not be available to the State until it is able to conduct discovery. *See id.* The instant cause of action is stated with specific facts to provide, at a minimum, an inference of conspiracy, which the State can and will amend pursuant to *Rocker v. KPMG LLP,* following discovery, should the Court determine more information is necessary to adequately plead the cause of action. *Id.*

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF THE NEVADA RACKETEERING ACT

(NRS §§ 207.350-207.520)(Against ESI and UHG/Optum PBM Defendants)

309.   The State re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

310.   The State, both as a "person" who has sustained an injury **and** on behalf of Nevada residents who have been injured, brings this claim for civil remedies under the Racketeering Act, NRS §§ 207.350 to 207.520, against the ESI and UHG/Optum PBM Defendants. The Attorney General has the specific statutory authority to bring this action pursuant to NRS §§ 207.415 and 207.490.

311.   PBM Defendants and Opioid Manufacturers conducted and continue to conduct their business through legitimate and illegitimate means in the form of a criminal syndicate or enterprise as defined by NRS §§ 207.370 and 207.380. At all relevant times, PBM Defendants and Opioid Manufacturers separately are "persons" under NRS § 0.039 and are included in the

54

definition stating that a person is "any form of business or social organization . . . including, but not limited to, a corporation, partnership, association, trust, or unincorporated organization."

312.    Section 207.400 of the Racketeering Act makes it unlawful "for a person . . . employed by or associated with any enterprise to conduct or participate, directly or indirectly, in: (1) The affairs of the enterprise through racketeering activity; or (2) Racketeering activity through the affairs of the enterprise." NRS § 207.400(1)(c).

313.    The term "enterprise" is defined as including a "sole proprietorship, partnership, corporation, business trust or legal entity," as well as a "union, association or other group of persons associated in fact although not a legal entity." The definition includes "illicit as well as licit enterprises and governmental as well as other entities." NRS § 207.380.

**A.   PBM Defendant-Opioid Manufacturer Enterprises**

314.    For the purposes of this claim, the Racketeering Enterprises are two separate associations-in-fact consisting of one of each of the PBM Defendants (including those entities' directors, employees, and agents) and Opioid Manufacturers (including their directors, employees, and agents) creating the following PBM Defendant-Opioid Manufacturer Enterprises: (1) the ESI-Opioid Manufacturer association-in-fact enterprise and (2) the UHG/Optum-Opioid Manufacturer association-in-fact enterprise.

315.    Due to the application of joint and several liability in Nevada, the Opioid Manufacturers are not required parties in this matter as that term is described in Nevada Rule of Civil Procedure 19(a) and, thus, remain unnamed co-conspirators. Damages caused by a racketeering enterprise must be judged as a whole rather than by their separate parts or the specific acts of different co-conspirators, thus justifying the application of joint and severability in such causes of action. *See Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774-775 (9th Cir. 2002).

316.    Each of the above-identified PBM Defendants and Opioid Manufacturers acted with knowledge and intent when they agreed to the overall objective of their enterprise's scheme and participated in the common course of conduct to commit acts of deceit in manufacturing, promoting, dispensing, and reimbursing prescription opioids.

317.    Each PBM Defendant-Opioid Manufacturer Enterprise is a separate ongoing and continuing enterprise consisting of both corporations and individuals that are and have been associated for the common and/or shared purposes of increasing the use of opioids and using misrepresentations to sell, distribute, and authorize third-party reimbursement for as many opioids as possible by marketing them as safe for treatment of chronic pain outside active cancer, endo-of-life, or palliative care, downplaying the risks of opioid addiction, suppressing evidence to the contrary, granting and maintaining their placement on formularies to ensure reimbursement, limiting access to competing less-addictive alternatives, and improperly inducing physicians to prescribe opioids for chronic pain.

318.    Each PBM Defendant-Opioid Manufacturer Enterprise was created and organized to effectuate a pattern of racketeering activity and has a systemic linkage because there are contractual relationships, financial ties, and continuing coordination of activities between Defendant Express Scripts and Opioid Manufacturers and Defendant UHG/Optum and Opioid Manufacturers.

319.    Each PBM Defendant – Opioid Manufacturer Enterprise has been aware of their respective enterprise's conduct, has been a knowing, active, and willing participant in and directed that conduct and has reaped profits from that conduct.

320.    The profits and revenue that each PBM Defendant and Opioid Manufacturer generated was exponentially greater than it would have been had opioids been marketed appropriately, had the true efficacy and safety risks of prescription opioids disclosed, and had formularies properly provided access to less addictive alternatives or implemented appropriate controls on the opioids that created this public health crisis.

321.    While the identified PBM Defendants participated in, and are members of, the enterprises described herein, they have an existence separate from the enterprise, including distinct legal statuses, affairs, offices, and roles, officers, directors, employees, individual personhood reporting requirements and financial statements.

322.    An association-in-fact enterprise existed between the identified PBM Defendants, the purpose of which was to engage in the sale of opioids while deceiving prescribers, patients,

56

the public, and regulators into believing that PBM Defendants and Opioid Manufacturers were fulfilling their obligations.

323. Each member of the Racketeering Enterprise described herein participated in the conduct of the enterprise, including patterns of racketeering activity, and shared in the astounding profits generated by the scheme.

324. To reach their goal of maximizing the number of opioid users and their profits at all costs, the identified PBM Defendants engaged in a sophisticated, well-developed, and deceptive scheme designed to increase the prescription rate for the sale and distribution of PBM Defendants' opioids and to perpetuate and popularize the misunderstanding that opioids are effective for chronic pain outside active cancer, end-of-life, and palliative care and that the risk of addiction is low.

325. Each PBM Defendant – Opioid Manufacturer Enterprise knowingly made and/or disseminated material misrepresentations including, but not limited to, the following:

    a. That UHG/Optum and ESI construct formularies and plan designs that promote safe and appropriate use of opioids, including those manufactured by Opioid Manufacturers;

    b. That opioids, including those manufactured by Opioid Manufacturers, are appropriate, effective, and safe treatment for chronic pain, low back pain, osteoarthritis, and other forms of non-cancer and non-palliative care pain;

    c. That opioid use for chronic pain is not addictive;

    d. That opioids are more effective for treatment of chronic pain than other forms of pain medications;

    e. That opioid use lowers overall healthcare costs;

    f. That ESI and UHG/Optum's mail-order pharmacies maintained effective controls against diversion, abuse, and overutilization of opioids and would identify and disclose suspicious orders; and

g.  That ESI and UHG/Optum effectively policed their pharmacy networks to prevent diversion, abuse, and overutilization of opioids and would identify and disclose suspicious orders.

326.  Each PBM Defendant – Opioid Manufacturer Enterprise knew the above-stated misrepresentations were false.

327.  Each PBM Defendant – Opioid Manufacturer Enterprise also knew that the manner in which they were constructing formularies increased opioid utilization and was causing a dangerous quantity of opioids to flood into the State of Nevada.

328.  The formation, existence, and actions of the enterprise described herein were essential to the success of the identified PBM Defendants' campaign to increase and maintain profits from the sales of opioids. The constituent members of the enterprise were aware that, unless they agreed to act and acted as an enterprise, their sales of prescription opioids would substantially decrease, and accordingly, the profits would substantially diminish.

329.  Taken together, the interaction and length of the relationships between and among PBM Defendants reflect a deep level of interaction, data sharing, and cooperation between each PBM Defendant and Opioid Manufacturers.

330.  UHG/Optum – Opioid Manufacturers were not two separate groups operating in isolation or forced to work together in a closed system. UHG/Optum – Opioid Manufacturers operated together as a united entity, working together as an ongoing and continuous organization on multiple fronts to engage in the unlawful sale of prescription opioids.

331.  ESI – Opioid Manufacturers were not two separate groups operating in isolation or forced to work together in a closed system. ESI – Opioid Manufacturers operated together as a united entity, working together as an ongoing and continuous organization on multiple fronts to engage in the unlawful sale of prescription opioids.

**B.  Defendants' Use of the U.S. Mails and Interstate Wire Facilities**

332.  Each of the PBM Defendant – Opioid Manufacturer Enterprises engaged in and affected interstate commerce because they engage in activities across state boundaries including, but not limited to, the following: the sale, purchase, and/or dispensing of opioids through the U.S.

58

mail or commercial interstate carriers; the transmission and/or receipt of sales, marketing literature, and/or other information about opioids through the U.S. mail, commercial interstate carriers, or by wire; the transmission of opioids through mail-order pharmacies through the U.S. mail or commercial interstate carriers; the transmission and/or receipt of invoices, statements, and payments related to the use or administration of opioids through the U.S. mail, commercial interstate carriers, or by wire; and/or the negotiation and transmission of contracts, formulary placement, utilization management ("UM") criteria related to opioids through the U.S. mail, commercial interstate carriers, or by wire.

333. Each identified PBM Defendant and Opioid Manufacturer's illegal conduct and wrongful practices were carried out by an array of employees, working across state boundaries, who necessarily relied upon frequent transfers of documents and information and products and funds through the U.S. mails and interstate wire facilities. Each enterprise's activities were orchestrated from each PBM Defendant's and Opioid Manufacturer's corporate headquarters, necessarily required those headquarters to communicate directly and frequently by the U.S. mails and by interstate wire facilities with each other.

### C. Pattern of Racketeering Activity

334. The identified PBM Defendants engaged in a pattern of related and continuous predicate acts for years. The predicate acts constituted a variety of unlawful activities, each conducted with the common purpose of obtaining significant monies and revenues while benefitting from, encouraging, indirectly creating, contributing to, and maintaining an illegal secondary market for highly addictive and dangerous drugs. The predicate acts are not isolated events.

335. The identified PBM Defendant's and Opioid Manufacturer's pattern of racketeering likely involved thousands, if not hundreds of thousands, of separate instances of use of the U.S. mails or interstate wire facilities over the course of decades as described above. Each of these mailings and interstate wire transmissions constitutes a "crime related to racketeering" as defined in NRS § 270.360. Collectively, these violations constitute a "pattern of racketeering

59

activity" within the meaning of NRS § 207.390 in which these PBM Defendants and Opioid Manufacturer intended to make the above-stated misrepresentations.

**D.   The Conduct of Each PBM Defendant – Opioid Manufacturer Enterprise Damaged Plaintiff.**

336.   As a result of PBM Defendants' racketeering activity, the State of Nevada has been injured in its business/and or property in multiple ways, including, but not limited to, increased costs of providing necessary county services, increased human services and resource costs, costs related to dealing with opioid-related crimes and emergencies, and other public safety costs. But for the conduct of each enterprise's affairs, the State of Nevada would not have sustained damages.

337.   The identified PBM Defendants' violations of 18 U.S.C. § 1962(c) have directly and proximately cased injuries and damages to the State of Nevada who is entitled to bring this action for three times its actual damages, as well as injunctive/equitable relief, costs, and reasonable attorney's fees pursuant to NRS § 1964(c).

338.   The State pleads this cause of action with the specificity required by Rule 9(b) to provide the identified PBM Defendants with adequate notice "about the nature of the charges so that [Defendants] may defend the claims without merely asserting a general denial." *Rocker v. KPMG LLP*, 122 Nev. 1185, 1192, 148 P.3d 703, 707-708 (2006). The State's allegations assert the facts available to the State at the time of preparation of this Complaint. Additional facts and information to support this cause of action are in these PBM Defendants' possession and are not available to the State and will not be available to the State until it is able to conduct discovery. *See id.* The instant cause of action is stated with specific facts to provide, at a minimum, an inference of racketeering activity, which the State can and will amend pursuant to *Rocker v. KPMG LLP* following discovery should the Court determine more information is necessary to adequately plead the cause of action. *Id.*

339.   The pattern of racketeering activity alleged herein is continuing as of the date of this Complaint and, upon information and relief, will continue into the future unless enjoined by this Court.

60

## SIXTH CAUSE OF ACTION

## VIOLATION OF NEVADA'S DECEPTIVE TRADE PRACTICES ACT

## (NRS §§ 598.0903-598.0999)

### (Against all Defendants)

340.    The State re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

341.    At all times relevant herein, PBM Defendants violated the Nevada Deceptive Trade Practices Act, §§ 598.0903 to 598.0999, by repeatedly and willfully committing deceptive acts or practices and unconscionable trade practices, in the conduct of commerce, both of which are violations of the Act.

342.    The Attorney General is authorized to bring an action, either independently in the name of the State or as *parens patriae* of the persons residing in Nevada, to remedy violations of the Deceptive Trade Practices Act. NRS § 598.0999. This action is proper in this Court because PBM Defendants are using, have used, and continue to use practices that are unlawful under the Act. NRS § 598.0915(5).

343.    PBM Defendants violated the Nevada Deceptive Trade Practices Act by knowingly making false representations as to the characteristics, uses, and benefits of opioids.

344.    PBM Defendants willfully committed deceptive trade practices because they made false representations and omitted material facts. *See* NRS § 598.0915(5); *see also* § 598.0915(2) ("[k]nowingly makes a false representation as to the source, sponsorship, approval or certification of goods or services for sale…"), § 598.0915(3) ("[k]nowingly makes a false representation as to affiliation, connection, association with or certification by another person"), and § 598.0915(15) ("[k]nowingly makes any other false representation in a transaction").

345.    PBM Defendants knowingly made false representations as to the safety, efficacy, and appropriate bases for opioid prescriptions. Such misrepresentations are evidenced by PBM Defendants' internal documents and depositions revealing that they were aware of the existence of the opioid epidemic; knew that monitoring controlled substance prescriptions and intervening in situations of suspected opioid abuse were necessary to address the epidemic; and yet, continued

61

to utilize "pull-through" promotions utilized marketing materials prepared by Opioid Manufacturers that PBM Defendants knew contained false and misleading information regarding the safety, efficacy, and appropriate use for prescription opioids. PBM Defendants affixed their brand logos on the deceptive marketing materials, which demonstrated to the customers that PBM Defendants approved the marketing materials and the information contained therein.

346.    PBM Defendants made false representations as to the safety, efficacy, and appropriate uses for prescription opioids by giving prescription opioids preferred placement on their formularies, manufacturing research to deceive the State, medical professionals, and patients that opioids were safe, and misstating opioids' addictive qualities.

347.    PBM Defendants knowingly failed to disclose the material fact that, *inter alia,* they were not in compliance with laws and regulations that they maintain a closed distribution system, protect against addiction and severe harm, and specifically monitor, investigate, report, and refuse suspicious orders. PBM Defendants knowingly misrepresented to regulators and the public that their dispensing services and methods for preventing diversion were safe and effective when they were not. But for these knowing and material factual misrepresentations and omissions, PBM Defendants would not have been permitted to continue dispensing opioids into the State of Nevada.

348.    PBM Defendants committed further deceptive trade practices by making "false representation as to affiliation, connection, association or certification of goods . . . for sale." NRS § 598.0915(3).

349.    As set forth throughout this Complaint, PBM Defendants worked with Opioid Manufacturers to promote opioids on their formularies over non-opioid pain relievers as a means to increase profits for PBM Defendants and Opioid Manufacturers. Additionally, as part of this relationship with Opioid Manufacturers, PBM Defendants made it difficult for patients to acquire medications to combat opioid abuse disorder. PBM Defendants concealed their relationships with Opioid Manufacturers, including their shared interest in increasing opioid prescriptions, as well as the kickback and rebate payment structures, as a means to deceive the State, medical providers,

and Nevada consumers, and did in fact deceive the State, medical providers, and Nevada consumers, thus causing them to pay for opioid prescriptions.

350. As described more specifically above, PBM Defendants' representations, concealments, and omissions constitute a willful course of conduct, which continues to this day. Unless enjoined from doing so, PBM Defendants will continue to violate the Nevada Deceptive Trade Practices Act.

351. But for these deceptive representations and concealments of material fact and material omissions by PBM Defendants, neither the State nor its residents would have incurred millions of dollars in damages, including without limitation the costs of harmful drugs.

352. PBM Defendants' deceptive trade practices are willful and subject to a civil penalty and equitable relief. NRS § 598.0971.

353. PBM Defendants' deceptive trade practices toward the elderly are willful and subject to additional civil penalties and equitable relief. § NRS 598.0973.

354. Each exposure of a Nevada resident to opioids resulting from PBM Defendants' aforementioned conduct constitutes a separate violation of the Deceptive Trade Practices Act.

355. Each and every prescription filled by PBM Defendants that was part of a suspicious order or in violation of PBM Defendants' duties under the Nevada Controlled Substances Act constitutes a separate violation of the Deceptive Trade Practices Act on the part of PBM Defendants.

356. Each exposure of a state employee or contractor, Nevada healthcare professional or Nevada patient to PBM Defendants' misleading and deceptive information regarding opioids, including, *inter alia,* through print information, websites, presentations, brochures, or packaging, constitutes a separate violation pursuant to the Deceptive Trade Practices Act.

357. The State pleads this cause of action with the specificity required by Rule 9(b) to provide PBM Defendants with adequate notice "about the nature of the charges so that [Defendants] may defend the claims without merely asserting a general denial." *Rocker v. KPMG LLP*, 122 Nev. 1185, 1192, 148 P.3d 703, 707-708 (2006). The State's allegations assert the facts available to the State at the time of preparation of this Complaint. Additional facts and

information to support this cause of action are in PBM Defendants' possession that are not available to the State and will not be available to the State until it is able to conduct discovery. *See id.* The instant cause of action is stated with specific facts to provide, at a minimum, an inference of deceptive trade acts, which the State can and will amend pursuant to *Rocker v. KPMG LLP* following discovery should the Court determine more information is necessary to adequately plead the cause of action. *Id.*

358.    Plaintiff, State of Nevada, seeks all legal and equitable relief as allowed by law including, *inter alia,* injunctive relief, abatement, damages allowed by law, all recoverable penalties under all sections of the Deceptive Trade Practices Act including all civil penalties per each violation by PBM Defendants, attorney fees and costs, and pre- and post-judgment interest.

### VIII.    PRAYER FOR RELIEF

**WHEREFORE**, the State of Nevada, by and through its Attorney General, respectfully prays that this Court grant the following relief:

1.    Entering judgment in favor of the State in a final order against each of the PBM Defendants;

2.    Enjoining PBM Defendants and their employees, officers, directors, agents, successors, assignees, merged or acquired predecessors, parent or controlling entities, subsidiaries, and all other persons acting in concert or participation with PBM Defendants, from engaging in deceptive practices in violation of Nevada law and ordering temporary, preliminary and permanent injunction;

3.    Order that PBM Defendants compensate the State for its future costs to abate the ongoing public nuisance caused by the opioid epidemic;

4.    Declaring that each act and omission of each PBM Defendant described in this Complaint constitutes multiple, separate violations of the Deceptive Trade Practices Act;

5.    Imposing actual damages as well as all relief available pursuant to the Deceptive Trade Practices Act including, disgorgement, and civil penalties of up to $15,000, per PBM Defendant, for each repeated and willful violation of the Deceptive Trade Practices Act;

6.    Awarding the State its past and future damages caused by the opioid epidemic;

1    7.    Awarding judgment against the PBM Defendants requiring PBM Defendants to

2    pay punitive damages;

3    8.    Granting the State:

4         a.   The cost of investigation, reasonable attorneys' fees, and all costs and expenses;

5         b.   Pre-judgment and post-judgment interest; and,

6         c.   All other relief as provided by law and/or as the Court deems appropriate and just.

7    DATED this 26th day of January, 2024.

8

9                                          */s/ Robert M. Adams*
                                          ROBERT T. EGLET, ESQ.
10                                         Nevada Bar No. 3402
                                          ROBERT M. ADAMS, ESQ.
11                                         Nevada Bar No. 6551
                                          **EGLET ADAMS EGLET HAM HENRIOD**
12                                         400 S. Seventh St., Suite 400
                                          Las Vegas, NV  89101
13                                         Ph: (702) 450-5400; Fax: (702) 450-5451
                                          E-Mail: eservice@egletlaw.com
14                                         *Attorneys for Plaintiff*
                                          *State of Nevada*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

65

**DEMAND FOR JURY TRIAL**

TO: CLERK OF THE ABOVE-ENTITLED COURT

Pursuant to NRCP 38(b), Plaintiff, the State of Nevada, demands that a trial in the above-entitled action be heard before a jury.

DATED this 26th day of January, 2024.

/s/ Robert M. Adams
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

66

Electronically Filed
1/26/2024 3:13 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney**
**General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

CASE NO: A-24-885923-C
Department 1

## DISTRICT COURT

## CLARK COUNTY, NEVADA

STATE OF NEVADA,

                                    Plaintiff,

vs.

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION
SERVICES, INC.; MEDCO HEALTH
SOLUTIONS, INC.; ELEVANCE HEALTH,

Case No.:
Dept. No.:

**INITIAL APPEARANCE FEE**
**DISCLOSURE**
**(NRS CHAPTER 19)**

INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

                                        Defendants.

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

parties appearing in the above-entitled action as indicated below:

STATE OF NEVADA:                        Waived

TOTAL REMITTED:                         $0.00

DATED this 26th day of January, 2024.

/s/ Robert M. Adams
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

2

Electronically Filed
03/05/2024 6:08 AM

CLERK OF THE COURT

**SAO**
Stephen W. Mooney, Esq.
Nevada Bar No. 9870
*smooney@wwhgd.com*
Ryan T. Gormley, Esq.
Nevada Bar No. 13494
*rgormley@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864

*Attorneys for Defendants*
*UnitedHealth Group Incorporated,*
*OptumRx, Inc., Optum, Inc.,*
*The Lewin Group, Inc.,*
*OptumInsight, Inc., and*
*OptumInsight Life Sciences, Inc.*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| STATE OF NEVADA, | Case No.: A-24-885923-C |
| Plaintiff, | Dept. No.: 1 |
| v. | |
| OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES, INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY, INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10. | **STIPULATION AND ORDER TO EXTEND DEADLINE TO RESPOND TO COMPLAINT AND SET A BRIEFING SCHEDULE** |
| Defendants. | |

1

## **STIPULATION**

2        Plaintiff State of Nevada and Defendants Express Scripts, Inc., Medco Health Solutions,

3 Inc., ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., Evernorth Health, Inc.,

4 Express Scripts Administrators, LLC, Express Scripts Specialty Distribution Services, Inc.,

5 UnitedHealth Group Incorporated, OptumRx, Inc., Optum, Inc., OptumInsight, Inc., OptumInsight

6 Life Sciences, Inc., The Lewin Group, Inc., Elevance Health, Inc., CarelonRx, Inc., and Carelon

7 Insights, Inc. (collectively, "Defendants"), by and through their undersigned counsel, stipulate and

8 agree that:

9       1.     Defendants will answer, move, or otherwise respond to the Complaint on or

10              before May 6, 2024;

11       2.     Plaintiff's opposition(s) to any motion(s) filed in response to the Complaint

12              are due on June 20, 2024; and

13       3.     Defendants' replies in support of its motion(s) are due on July 22, 2024.

14        This is the first extension requested for these deadlines. The parties respectfully submit that

15 good cause exists to enter the above stipulated briefing schedule in light of the scope and

16 complexity of the issues at hand. This Stipulation is made in good faith and is not intended to cause

17 delay.

18        Defendants expressly reserve and do not waive their right to raise any applicable defenses,

19 including jurisdictional defenses.

20        IT IS SO STIPULATED.

21        ///

22

23        ///

24

25        ///

26

27        ///

28

WEINBERG WHEELER
HUDGINS GUNN & DIAL

Respectfully submitted March 4, 2024.[1]

/s/ Ryan T. Gormley
Stephen W. Mooney, Esq.
Ryan T. Gormley, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118

*Attorneys for Defendants*
*UnitedHealth Group Incorporated,*
*OptumRx, Inc., Optum, Inc.,*
*The Lewin Group, Inc.,*
*OptumInsight, Inc., and*
*OptumInsight Life Sciences, Inc.*


/s/ Pat Lundvall
Pat Lundvall
Nevada Bar No. 3761
MCDONALD CARANO, LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102

*Attorneys for Defendants*
*Elevance Health, Inc., CarelonRx, Inc.,*
*and Carelon Insights, Inc.*

/s/ Robert M. Adams
Robert T. Eglet, Esq.
Nevada Bar No. 3402
Robert M. Adams, Esq.
Nevada Bar No. 6551
Cassandra S.M. Cummings, Esq.
Nevada Bar No. 11944
EGLET ADAMS EGLET HAM HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, Nevada 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com


Aaron D. Ford, Esq.
Attorney General
Ernest Figueroa, Esq.
Consumer Advocate
Mark J. Krueger, Esq.
Nevada Bar No. 7410
Chief Deputy Attorney General
STATE OF NEVADA, OFFICE OF THE ATTORNEY
GENERAL, BUREAU OF CONSUMER
PROTECTION
100 North Carson Street
Carson City, Nevada 89701
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

*Attorneys for Plaintiff*
*State of Nevada*

---

[1] The Express Scripts Defendants, which includes Evernorth Health, Inc., Express Scripts, Inc., Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., Express Scripts Specialty Distribution Services, Inc., and Medco Health Solutions, Inc., are in the process of retaining local counsel. The parties have been in touch with their non-local counsel, who consent to the deadlines in this stipulation.

Case Number:  A-24-885923-C
Case Name:  *State of Nevada v.*
*Optum, Inc. et al.*

## ORDER

Good cause appearing, the Stipulation is hereby GRANTED. The Court enters the following briefing schedule:

1.    Defendants must answer, move, or otherwise respond to the Complaint on or before May 6, 2024;

2.    Plaintiff's opposition(s) to any motion(s) filed in response to the Complaint are due on June 20, 2024; and

3.    Defendants' replies in support of its motion(s) are due on July 22, 2024.

The extension of these deadlines does not waive any right to raise any applicable defenses, including jurisdictional defenses.

IT IS SO ORDERED.

Dated this 5th day of March, 2024

_____

9A0 63F F745 8342
Bita Yeager
District Court Judge

Submitted by:

*/s/ Ryan T. Gormley*
Stephen W. Mooney, Esq.
Ryan T. Gormley, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118

*Attorneys for Defendants*
*UnitedHealth Group Incorporated,*
*OptumRx, Inc., Optum, Inc.,*
*The Lewin Group, Inc.,*
*OptumInsight, Inc., and*
*OptumInsight Life Sciences, Inc.*

WEINBERG WHEELER
HUDGINS GUNN & DIAL

**Bowman, Cindy S.**

| | |
|---|---|
| **From:** | Pat Lundvall <plundvall@mcdonaldcarano.com> |
| **Sent:** | Monday, March 4, 2024 4:11 PM |
| **To:** | Gormley, Ryan |
| **Cc:** | Caroline Reilly; Bob Adams; Bond, Ethan; mkrueger@ag.nv.gov; Boone, Brian; McGowan, Emily; Mooney, Stephen W.; Jonathan Cooper; Haley Plourde-Cole; Marc Williams; Dell Chappell; Artemus Ham; Cassandra Cummings; Robert Eglet; Makaela Otto |
| **Subject:** | Re: State of Nevada v. Optum, Inc. et al, Case No. A-24-885923-C |
| **Attachments:** | image002.jpg; image003.png; image004.png; image005.png; image006.png; image007.png; 25yearsesig_bc69d6e0-9519-4539-b7e4-f6f21ed2add0.png |

---

**This Message originated outside your organization.**

---

You may use my e-signature to file. Thank you.


**Pat Lundvall** | Partner

**McDONALD CARANO**

2300 West Sahara Avenue | Suite 1200
Las Vegas, NV 89102

100 West Liberty Street | Tenth Floor
Reno, NV 89501

**P:** 702.873.4100 | **D:** 702.257.4591
**C:** 775.772.1822

BIO | WEBSITE | V-CARD | LINKEDIN

M E R I T A S®  |  Nevada Military Support Alliance

PERSONAL AND CONFIDENTIAL: This message originates from the law firm of McDonald Carano LLP. This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express only the view of the sender and are not attributable to McDonald Carano LLP.


On Mar 4, 2024, at 3:24 PM, Gormley, Ryan <RGormley@wwhgd.com> wrote:


Caroline and Bob and Pat, please find attached an updated stipulation. Plaintiff's revisions from today were accepted. We also added footnote one related to the Express Scripts Defendants. With those changes, please confirm that we can add your e-signatures.

Thank you,


<25yearsesig_bc69d6e0-9519-4539-b7e4-
f6f21ed2add0.png>

**Bowman, Cindy S.**

| | |
|---|---|
| **From:** | Bob Adams <badams@egletlaw.com> |
| **Sent:** | Monday, March 4, 2024 3:39 PM |
| **To:** | Gormley, Ryan; Caroline Reilly |
| **Cc:** | mkrueger@ag.nv.gov; Boone, Brian; McGowan, Emily; Pat Lundvall; Bond, Ethan; Mooney, Stephen W.; Jonathan Cooper; Haley Plourde-Cole; Marc Williams; Dell Chappell; Artemus Ham; Cassandra Cummings; Robert Eglet; Makaela Otto; Caroline Reilly |
| **Subject:** | RE: State of Nevada v. Optum, Inc. et al, Case No. A-24-885923-C |

This Message originated outside your organization.

Ryan:
The stipulation looks fine to me. You can affix my e-signature.

Sincerely,

> Robert M. Adams, Esq.
> email:  badams@egletlaw.com
> phone: 702-450-5400
> address:  400 S. 7th St., #400
> Las Vegas  NV  89101

**From:** Gormley, Ryan <RGormley@wwhgd.com>
**Sent:** Monday, March 4, 2024 3:23 PM
**To:** Caroline Reilly <CReilly@egletlaw.com>; Bob Adams <badams@egletlaw.com>; Bond, Ethan <Ethan.Bond@alston.com>; Pat Lundvall <plundvall@mcdonaldcarano.com>
**Cc:** mkrueger@ag.nv.gov; Boone, Brian <Brian.Boone@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>; Mooney, Stephen W. <SMooney@wwhgd.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; Marc Williams <Marc.Williams@nelsonmullins.com>; Dell Chappell <dell.chappell@nelsonmullins.com>; Artemus Ham <aham@egletlaw.com>; Cassandra Cummings <ccummings@egletlaw.com>; Robert Eglet <reglet@egletlaw.com>; Makaela Otto <motto@egletlaw.com>
**Subject:** RE: State of Nevada v. Optum, Inc. et al, Case No. A-24-885923-C

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Caroline and Bob and Pat, please find attached an updated stipulation. Plaintiff's revisions from today were accepted. We also added footnote one related to the Express Scripts Defendants. With those changes, please confirm that we can add your e-signatures.

Thank you,



Ryan Gormley, Attorney
**Weinberg Wheeler Hudgins Gunn & Dial**
6385 South Rainbow Blvd. | Suite 400 | Las Vegas, NV
89118
D: 702.938.3813 | F: 702.938.3864
www.wwhgd.com | vCard

**From:** Caroline Reilly <CReilly@egletlaw.com>
**Sent:** Monday, March 4, 2024 1:40 PM
**To:** Bob Adams <badams@egletlaw.com>; Bond, Ethan <Ethan.Bond@alston.com>
**Cc:** mkrueger@ag.nv.gov; Boone, Brian <Brian.Boone@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>; Mooney, Stephen W. <SMooney@wwhgd.com>; Gormley, Ryan <RGormley@wwhgd.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; Marc Williams <Marc.Williams@nelsonmullins.com>; Dell Chappell <dell.chappell@nelsonmullins.com>; Artemus Ham <aham@egletlaw.com>; Cassandra Cummings <ccummings@egletlaw.com>; Robert Eglet <reglet@egletlaw.com>; Makaela Otto <motto@egletlaw.com>
**Subject:** RE: State of Nevada v. Optum, Inc. et al, Case No. A-24-885923-C

**This Message originated outside your organization.**

Ethan:

Attached please find a revised version of our proposed redline changes. We inadvertently left the AG's Office off our signature block.  This version has been revised to correct that omission.

I apologize for any inconvenience caused by this error.

Sincerely,
Caroline

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| Nevada, State of, Plaintiff(s) | CASE NO: A-24-885923-C |
| vs. | DEPT. NO.  Department 1 |
| OPTUM, INC., Defendant(s) | |

## <u>AUTOMATED CERTIFICATE OF SERVICE</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Stipulation and Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 3/5/2024

| | |
|---|---|
| Audra Bonney | abonney@wwhgd.com |
| Cindy Bowman | cbowman@wwhgd.com |
| Steve Mooney | smooney@wwhgd.com |
| Robert Adams | badams@egletlaw.com |
| E Service | eservice@egletlaw.com |
| Mark Krueger | mkrueger@ag.nv.gov |
| Raquel Fulghum | rfulghum@ag.nv.gov |
| Ernest Figueroa | efigueroa@ag.nv.gov |
| Dorianne Potnar | dpotnar@ag.nv.gov |
| Ryan Gormley | rgormley@wwhgd.com |
| Jennifer Lopez | jlopez@egletlaw.com |

Maxine Rosenberg                     Mrosenberg@wwhgd.com

Makaela Otto                         motto@egletlaw.com

Ariel Caldwell                       acaldwell@wwhgd.com

Cassandra Cummings                   ccummings@egletlaw.com

Electronically Filed
3/5/2024 3:44 PM
Steven D. Grierson
CLERK OF THE COURT

1  **NEOJ**
Stephen W. Mooney, Esq.
2  Nevada Bar No. 9870
*smooney@wwhgd.com*
3  Ryan T. Gormley, Esq.
Nevada Bar No. 13494
4  *rgormley@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
5     GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
6  Las Vegas, Nevada 89118
Telephone: (702) 938-3838
7  Facsimile: (702) 938-3864

8  *Attorneys for Defendants*
*UnitedHealth Group Incorporated,*
9  *OptumRx, Inc., Optum, Inc.,*
*The Lewin Group, Inc.,*
10  *OptumInsight, Inc. and*
*OptumInsight Life Sciences, Inc.*

11

12                    **DISTRICT COURT**

13               **CLARK COUNTY, NEVADA**

14  STATE OF NEVADA,                    | Case No.:      A-24-885923-C
                                        | Dept. No.:     1
15                    Plaintiff,

16          vs.

17  OPTUM, INC.; OPTUMRX, INC.;         **NOTICE OF ENTRY OF STIPULATION**
    OPTUMINSIGHT LIFE SCIENCES, INC.;   **AND ORDER TO EXTEND DEADLINE**
18  OPTUMINSIGHT, INC.; UNITEDHEALTH    **TO RESPOND TO COMPLAINT AND**
    GROUP, INC.; THE LEWIN GROUP, INC.; **SET A BRIEFING SCHEDULE**
19  EVERNORTH HEALTH, INC.; EXPRESS
    SCRIPTS, INC.; EXPRESS SCRIPTS
20  ADMINISTRATORS, LLC; ESI MAIL
    PHARMACY SERVICE, INC.; EXPRESS
21  SCRIPTS PHARMACY, INC.; EXPRESS
    SCRIPTS SPECIALTY DISTRIBUTION
22  SERVICES, INC.; MEDCO HEALTH
    SOLUTIONS, INC., ELEVANCE HEALTH,
23  INC., CARELONRX, INC.; CARELON
    INSIGHTS, INC.; DOE ENTITIES 1-10,
24
                    Defendants.
25

26

27

28

*WEINBERG WHEELER HUDGINS GUNN & DIAL*

PLEASE TAKE NOTICE that a Stipulation and Order to Extend Deadline to Respond to Complaint and Set a Briefing Schedule was entered on March 5, 2024, in the above-captioned matter.  A copy is attached hereto.

DATED: March 5, 2024.

/s/ Ryan T. Gormley
Stephen W. Mooney, Esq.
Ryan T. Gormley, Esq.
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118

*Attorneys for Defendants*
*UnitedHealth Group Incorporated,*
*OptumRx, Inc., Optum, Inc.,*
*The Lewin Group, Inc.,*
*OptumInsight, Inc. and*
*OptumInsight Life Sciences, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2024, a true and correct copy of the foregoing **NOTICE OF ENTRY OF STIPULATION AND ORDER TO EXTEND DEADLINE TO RESPOND TO COMPLAINT AND SET A BRIEFING SCHEDULE** was electronically filed and served on counsel through the Court's electronic service system pursuant to Administrative Order 14-2 and N.E.F.C.R. 9, via the electronic mail addresses noted below, unless service by another method is stated or noted:

Robert T. Eglet, Esq.
Robert M. Adams, Esq.
Cassandra S.M. Cummings, Esq.
EGLET ADAMS EGLET HAM HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
eservice@egletlaw.com

Aaron D. Ford, Esq.
Ernest Figueroa, Esq.
Mark J. Krueger, Esq.
STATE OF NEVADA, OFFICE OF THE ATTORNEY
GENERAL, BUREAU OF CONSUMER PROTECTION
100 North Carson Street
Carson City, NV 89701-4717
mkrueger@ag.nv.gov

*Attorneys for Plaintiff*
*State of Nevada*

Pat Lundvall, Esq.
MCDONALD CARANO, LLP
2300 W. Sahara Ave., Suite 1200
Las Vegas, NV 89102
plundvall@mcdonaldcarano.com

*Attorneys for Defendants*
*Elevance Health, Inc., CarelonRx, Inc.*
*and Carelon Insights, Inc.*

*/s/ Cynthia S. Bowman*
An employee of WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

Electronically Filed
03/05/2024 6:08 AM

*[signature]*

CLERK OF THE COURT

1  **SAO**
   Stephen W. Mooney, Esq.
2  Nevada Bar No. 9870
   *smooney@wwhgd.com*
3  Ryan T. Gormley, Esq.
   Nevada Bar No. 13494
4  *rgormley@wwhgd.com*
   Weinberg, Wheeler, Hudgins,
5     Gunn & Dial, LLC
   6385 South Rainbow Blvd., Suite 400
6  Las Vegas, Nevada 89118
   Telephone: (702) 938-3838
7  Facsimile: (702) 938-3864

8  *Attorneys for Defendants*
   *UnitedHealth Group Incorporated,*
9  *OptumRx, Inc., Optum, Inc.,*
   *The Lewin Group, Inc.,*
10 *OptumInsight, Inc., and*
   *OptumInsight Life Sciences, Inc.*

11                         **DISTRICT COURT**

12                     **CLARK COUNTY, NEVADA**

13  STATE OF NEVADA,                    Case No.: A-24-885923-C
14                                      Dept. No.: 1
               Plaintiff,
15  v.

16  OPTUM, INC.; OPTUMRX, INC.;         **STIPULATION AND ORDER TO**
    OPTUMINSIGHT LIFE SCIENCES, INC.;   **EXTEND DEADLINE TO RESPOND TO**
17  OPTUMINSIGHT, INC.; UNITEDHEALTH    **COMPLAINT AND SET A BRIEFING**
    GROUP, INC.; THE LEWIN GROUP, INC.; **SCHEDULE**
18  EVERNORTH HEALTH, INC.; EXPRESS
    SCRIPTS, INC.; EXPRESS SCRIPTS
19  ADMINISTRATORS, LLC; ESI MAIL
    PHARMACY SERVICE, INC.; EXPRESS
20  SCRIPTS PHARMACY, INC.; EXPRESS
    SCRIPTS SPECIALTY DISTRIBUTION
21  SERVICES, INC.; MEDCO HEALTH
    SOLUTIONS, INC.; ELEVANCE HEALTH,
22  INC.; CARELONRX, INC.; CARELON
    INSIGHTS, INC.; DOE ENTITIES 1-10.
23
               Defendants.
24

25

26

27

28

**STIPULATION**

Plaintiff State of Nevada and Defendants Express Scripts, Inc., Medco Health Solutions, Inc., ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., Evernorth Health, Inc., Express Scripts Administrators, LLC, Express Scripts Specialty Distribution Services, Inc., UnitedHealth Group Incorporated, OptumRx, Inc., Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., The Lewin Group, Inc., Elevance Health, Inc., CarelonRx, Inc., and Carelon Insights, Inc. (collectively, "Defendants"), by and through their undersigned counsel, stipulate and agree that:

1.      Defendants will answer, move, or otherwise respond to the Complaint on or before May 6, 2024;

2.      Plaintiff's opposition(s) to any motion(s) filed in response to the Complaint are due on June 20, 2024; and

3.      Defendants' replies in support of its motion(s) are due on July 22, 2024.

This is the first extension requested for these deadlines. The parties respectfully submit that good cause exists to enter the above stipulated briefing schedule in light of the scope and complexity of the issues at hand. This Stipulation is made in good faith and is not intended to cause delay.

Defendants expressly reserve and do not waive their right to raise any applicable defenses, including jurisdictional defenses.

IT IS SO STIPULATED.

///

///

///

///

1    Respectfully submitted March 4, 2024.[1]

2

3    /s/ Ryan T. Gormley          /s/ Robert M. Adams
     Stephen W. Mooney, Esq.      Robert T. Eglet, Esq.
4    Ryan T. Gormley, Esq.        Nevada Bar No. 3402
     WEINBERG, WHEELER, HUDGINS,  Robert M. Adams, Esq.
5       GUNN & DIAL, LLC          Nevada Bar No. 6551
     6385 South Rainbow Blvd., Suite 400    Cassandra S.M. Cummings, Esq.
6    Las Vegas, Nevada  89118     Nevada Bar No. 11944
                                  EGLET ADAMS EGLET HAM HENRIOD
7    Attorneys for Defendants     400 S. Seventh St., Suite 400
     UnitedHealth Group Incorporated,    Las Vegas, Nevada 89101
8    OptumRx, Inc., Optum, Inc.,  Ph: (702) 450-5400; Fax: (702) 450-5451
     The Lewin Group, Inc.,       E-Mail: eservice@egletlaw.com
9    OptumInsight, Inc., and
     OptumInsight Life Sciences, Inc.

10                                Aaron D. Ford, Esq.
                                  Attorney General
11   /s/ Pat Lundvall             Ernest Figueroa, Esq.
     Pat Lundvall                 Consumer Advocate
12   Nevada Bar No. 3761          Mark J. Krueger, Esq.
     MCDONALD CARANO, LLP         Nevada Bar No. 7410
13   2300 West Sahara Avenue, Suite 1200    Chief Deputy Attorney General
     Las Vegas, Nevada 89102      STATE OF NEVADA, OFFICE OF THE ATTORNEY
14                                GENERAL, BUREAU OF CONSUMER
     Attorneys for Defendants     PROTECTION
15   Elevance Health, Inc., CarelonRx, Inc.,    100 North Carson Street
     and Carelon Insights, Inc.   Carson City, Nevada 89701
16                                Ph: (702) 684-1100; Fax (702) 684-1108
                                  E-Mail: mkrueger@ag.nv.gov
17
                                  Attorneys for Plaintiff
18                                State of Nevada

19

20

21

22

23

24

25   _____
26   [1] The Express Scripts Defendants, which includes Evernorth Health, Inc., Express Scripts, Inc., Express
     Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., Express
27   Scripts Specialty Distribution Services, Inc., and Medco Health Solutions, Inc., are in the process of
     retaining local counsel. The parties have been in touch with their non-local counsel, who consent to the
28   deadlines in this stipulation.

Case Number:  A-24-885923-C
Case Name:  *State of Nevada v.*
*Optum, Inc. et al.*

### ORDER

Good cause appearing, the Stipulation is hereby GRANTED. The Court enters the following briefing schedule:

1.      Defendants must answer, move, or otherwise respond to the Complaint on or before May 6, 2024;

2.      Plaintiff's opposition(s) to any motion(s) filed in response to the Complaint are due on June 20, 2024; and

3.      Defendants' replies in support of its motion(s) are due on July 22, 2024.

The extension of these deadlines does not waive any right to raise any applicable defenses, including jurisdictional defenses.

IT IS SO ORDERED.

Dated this 5th day of March, 2024

*Bita Yeager*
_____

**9A0 63F F745 8342**
**Bita Yeager**
**District Court Judge**

Submitted by:

*/s/ Ryan T. Gormley*
Stephen W. Mooney, Esq.
Ryan T. Gormley, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118

*Attorneys for Defendants*
*UnitedHealth Group Incorporated,*
*OptumRx, Inc., Optum, Inc.,*
*The Lewin Group, Inc.,*
*OptumInsight, Inc., and*
*OptumInsight Life Sciences, Inc.*

**Bowman, Cindy S.**

| | |
|---|---|
| **From:** | Pat Lundvall <plundvall@mcdonaldcarano.com> |
| **Sent:** | Monday, March 4, 2024 4:11 PM |
| **To:** | Gormley, Ryan |
| **Cc:** | Caroline Reilly; Bob Adams; Bond, Ethan; mkrueger@ag.nv.gov; Boone, Brian; McGowan, Emily; Mooney, Stephen W.; Jonathan Cooper; Haley Plourde-Cole; Marc Williams; Dell Chappell; Artemus Ham; Cassandra Cummings; Robert Eglet; Makaela Otto |
| **Subject:** | Re: State of Nevada v. Optum, Inc. et al, Case No. A-24-885923-C |
| **Attachments:** | image002.jpg; image003.png; image004.png; image005.png; image006.png; image007.png; 25yearsesig_bc69d6e0-9519-4539-b7e4-f6f21ed2add0.png |

---

**This Message originated outside your organization.**

---

You may use my e-signature to file. Thank you.


**Pat Lundvall** | Partner

**McDONALD CARANO**

2300 West Sahara Avenue | Suite 1200
Las Vegas, NV 89102

100 West Liberty Street | Tenth Floor
Reno, NV 89501

**P:** 702.873.4100 | **D:** 702.257.4591
**C:** 775.772.1822

BIO | WEBSITE | V-CARD | LINKEDIN

MERITAS® | Nevada Military Support Alliance

PERSONAL AND CONFIDENTIAL: This message originates from the law firm of McDonald Carano LLP. This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express only the view of the sender and are not attributable to McDonald Carano LLP.


On Mar 4, 2024, at 3:24 PM, Gormley, Ryan <RGormley@wwhgd.com> wrote:


Caroline and Bob and Pat, please find attached an updated stipulation. Plaintiff's revisions from today were accepted. We also added footnote one related to the Express Scripts Defendants. With those changes, please confirm that we can add your e-signatures.

Thank you,


<25yearsesig_bc69d6e0-9519-b7e4-
f6f21ed2add0.png>

**Bowman, Cindy S.**

---

| | |
|---|---|
| **From:** | Bob Adams <badams@egletlaw.com> |
| **Sent:** | Monday, March 4, 2024 3:39 PM |
| **To:** | Gormley, Ryan; Caroline Reilly |
| **Cc:** | mkrueger@ag.nv.gov; Boone, Brian; McGowan, Emily; Pat Lundvall; Bond, Ethan; Mooney, Stephen W.; Jonathan Cooper; Haley Plourde-Cole; Marc Williams; Dell Chappell; Artemus Ham; Cassandra Cummings; Robert Eglet; Makaela Otto; Caroline Reilly |
| **Subject:** | RE: State of Nevada v. Optum, Inc. et al, Case No. A-24-885923-C |

---

This Message originated outside your organization.

---

Ryan:
The stipulation looks fine to me. You can affix my e-signature.

Sincerely,

> Robert M. Adams, Esq.
> email:  badams@egletlaw.com
> phone: 702-450-5400
> address:  400 S. 7th St., #400
> Las Vegas  NV  89101

---

**From:** Gormley, Ryan <RGormley@wwhgd.com>
**Sent:** Monday, March 4, 2024 3:23 PM
**To:** Caroline Reilly <CReilly@egletlaw.com>; Bob Adams <badams@egletlaw.com>; Bond, Ethan <Ethan.Bond@alston.com>; Pat Lundvall <plundvall@mcdonaldcarano.com>
**Cc:** mkrueger@ag.nv.gov; Boone, Brian <Brian.Boone@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>; Mooney, Stephen W. <SMooney@wwhgd.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; Marc Williams <Marc.Williams@nelsonmullins.com>; Dell Chappell <dell.chappell@nelsonmullins.com>; Artemus Ham <aham@egletlaw.com>; Cassandra Cummings <ccummings@egletlaw.com>; Robert Eglet <reglet@egletlaw.com>; Makaela Otto <motto@egletlaw.com>
**Subject:** RE: State of Nevada v. Optum, Inc. et al, Case No. A-24-885923-C

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Caroline and Bob and Pat, please find attached an updated stipulation. Plaintiff's revisions from today were accepted. We also added footnote one related to the Express Scripts Defendants. With those changes, please confirm that we can add your e-signatures.

Thank you,



Ryan Gormley, Attorney
**Weinberg Wheeler Hudgins Gunn & Dial**
6385 South Rainbow Blvd. | Suite 400 | Las Vegas, NV
89118
D: 702.938.3813 | F: 702.938.3864
www.wwhgd.com | vCard

**From:** Caroline Reilly <CReilly@egletlaw.com>
**Sent:** Monday, March 4, 2024 1:40 PM
**To:** Bob Adams <badams@egletlaw.com>; Bond, Ethan <Ethan.Bond@alston.com>
**Cc:** mkrueger@ag.nv.gov; Boone, Brian <Brian.Boone@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>; Mooney, Stephen W. <SMooney@wwhgd.com>; Gormley, Ryan <RGormley@wwhgd.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; Marc Williams <Marc.Williams@nelsonmullins.com>; Dell Chappell <dell.chappell@nelsonmullins.com>; Artemus Ham <aham@egletlaw.com>; Cassandra Cummings <ccummings@egletlaw.com>; Robert Eglet <reglet@egletlaw.com>; Makaela Otto <motto@egletlaw.com>
**Subject:** RE: State of Nevada v. Optum, Inc. et al, Case No. A-24-885923-C

**This Message originated outside your organization.**

Ethan:

Attached please find a revised version of our proposed redline changes. We inadvertently left the AG's Office off our signature block.  This version has been revised to correct that omission.

I apologize for any inconvenience caused by this error.

Sincerely,
Caroline

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Nevada, State of, Plaintiff(s)

vs.

OPTUM, INC., Defendant(s)

CASE NO: A-24-885923-C

DEPT. NO.  Department 1

## AUTOMATED CERTIFICATE OF SERVICE

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Stipulation and Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 3/5/2024

| | |
|---|---|
| Audra Bonney | abonney@wwhgd.com |
| Cindy Bowman | cbowman@wwhgd.com |
| Steve Mooney | smooney@wwhgd.com |
| Robert Adams | badams@egletlaw.com |
| E Service | eservice@egletlaw.com |
| Mark Krueger | mkrueger@ag.nv.gov |
| Raquel Fulghum | rfulghum@ag.nv.gov |
| Ernest Figueroa | efigueroa@ag.nv.gov |
| Dorianne Potnar | dpotnar@ag.nv.gov |
| Ryan Gormley | rgormley@wwhgd.com |
| Jennifer Lopez | jlopez@egletlaw.com |

Maxine Rosenberg                          Mrosenberg@wwhgd.com

Makaela Otto                              motto@egletlaw.com

Ariel Caldwell                            acaldwell@wwhgd.com

Cassandra Cummings                        ccummings@egletlaw.com

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

**PSER**

AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE**
**ATTORNEY GENERAL, BUREAU OF**
**CONSUMER PROTECTION**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

STATE OF NEVADA,

                              Plaintiff,

vs.

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION
SERVICES, INC.; MEDCO HEALTH

Case No.:  A-24-885923-C
Dept. No.: 1

**PROOF OF SERVICE OF**
**SUMMONS AND COMPLAINT ON**
**CARELON INSIGHTS, INC.**

1  SOLUTIONS, INC.; ELEVANCE HEALTH,
   INC.; CARELONRX, INC.; CARELON
2  INSIGHTS, INC.; DOE ENTITIES 1-10.

3                        Defendants.

4

5       PLEASE TAKE NOTICE that the Summons and Complaint were served upon

6  CARELON INSIGHTS, INC., copies of the Summons and Affidavit of Service are attached

7  hereto as **Exhibit "1".**

8       DATED this 7th day of March, 2024.

9

10                                  /s/ Robert M. Adams
                                    ROBERT T. EGLET, ESQ.
11                                  Nevada Bar No. 3402
                                    ROBERT M. ADAMS, ESQ.
12                                  Nevada Bar No. 6551
                                    CASSANDRA S.M. CUMMINGS, ESQ.
13                                  Nevada Bar No. 11944
                                    **EGLET ADAMS EGLET HAM HENRIOD**
14                                  400 S. Seventh St., Suite 400
                                    Las Vegas, NV  89101
15                                  Ph: (702) 450-5400; Fax: (702) 450-5451
                                    E-Mail: eservice@egletlaw.com
16
                                    AARON D. FORD, ESQ.
17                                  Attorney General
                                    ERNEST FIGUEROA, ESQ.
18                                  Consumer Advocate
                                    MARK J. KRUEGER, ESQ.
19                                  Nevada Bar No. 7410
                                    Chief Deputy Attorney General
20                                  **STATE OF NEVADA, OFFICE OF THE ATTORNEY**
                                    **GENERAL, BUREAU OF CONSUMER PROTECTION**
21                                  100 North Carson Street
                                    Carson City, Nevada 89701-4717
22                                  Ph: (702) 684-1100; Fax (702) 684-1108
                                    E-Mail: mkrueger@ag.nv.gov
23                                  *Attorneys for Plaintiff*
                                    *State of Nevada*
24

25

26

27

28

                                    2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON CARELON INSIGHTS, INC.** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.


*/s/ Jennifer Lopez*
An Employee of EGLET ADAMS EGLET HAM HENRIOD

3

EXHIBIT 1

1  **SUMM**
2  AARON D. FORD, ESQ.
   Attorney General
3  ERNEST FIGUEROA, ESQ.
   Consumer Advocate
4  MARK J. KRUEGER, ESQ.
   Nevada Bar No. 7410
5  Chief Deputy Attorney General
   **State of Nevada, Office of the Attorney**
6  **General, Bureau of Consumer Protection**
   100 North Carson Street
7  Carson City, Nevada 89701-4717
   Ph: (702) 684-1100; Fax (702) 684-1108
8  E-Mail: mkrueger@ag.nv.gov

9  ROBERT T. EGLET, ESQ.
   Nevada Bar No. 3402
10 ROBERT M. ADAMS, ESQ.
   Nevada Bar No. 6551
11 CASSANDRA S.M. CUMMINGS, ESQ.
   Nevada Bar No. 11944
12 **EGLET ADAMS EGLET HAM HENRIOD**
   400 S. Seventh St., Suite 400
13 Las Vegas, NV 89101
   Ph: (702) 450-5400; Fax: (702) 450-5451
14 E-Mail: eservice@egletlaw.com
   *Attorneys for Plaintiff*
15 *State of Nevada*

16                    **DISTRICT COURT**

17              **CLARK COUNTY, NEVADA**

18

19 STATE OF NEVADA,                    Case No.: A-24-885923-C
                                        Dept. No.: 1
20                Plaintiff,

21 vs.

22 OPTUM, INC.; OPTUMRX, INC.;
   OPTUMINSIGHT LIFE SCIENCES, INC.;
23 OPTUMINSIGHT, INC.; UNITEDHEALTH     **SUMMONS**
   GROUP, INC.; THE LEWIN GROUP, INC.;
24 EVERNORTH HEALTH, INC.; EXPRESS
   SCRIPTS, INC.; EXPRESS SCRIPTS
25 ADMINISTRATORS, LLC; ESI MAIL
   PHARMACY SERVICE, INC.; EXPRESS
26 SCRIPTS PHARMACY, INC.; EXPRESS
   SCRIPTS SPECIALTY DISTRIBUTION
27 SERVICES, INC.; MEDCO HEALTH
28 SOLUTIONS, INC.; ELEVANCE HEALTH,

EGLET ADAMS
EGLET HAM HENRIOD

INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

Defendants.

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

### CARELON INSIGHTS, INC.

1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the date of service, you must do the following:

       a.      File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

       b.      Serve a copy of your response upon the attorney whose name and address is shown below.

2.      Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

. . .

. . .

. . .

2

1      4.     The State of Nevada, its political subdivisions, agencies, officers, employees,

2   board members, commission members and legislators, each have 45 days after service of this

3   Summons within which to file an Answer or other responsive pleading to the Complaint.

4

5   Submitted by:                                    Steven D. Grierson, Clerk of the Court

6

7   _____ #6551                   _____  2/12/2024
    ROBERT T. EGLET, ESQ.                            DEPUTY CLERK              Date
8   Nevada Bar No. 3402                              Regional Justice Center
    ROBERT M. ADAMS, ESQ.                            200 Lewis Avenue
9   Nevada Bar No. 6551                              Las Vegas, NV 89155
    CASSANDRA S.M. CUMMINGS, ESQ.
10  Nevada Bar No. 11944
    **EGLET ADAMS EGLET**
11  **HAM HENRIOD**
    400 S. Seventh St., Suite 400
12  Las Vegas, NV 89101
    Ph: (702) 450-5400; Fax: (702) 450-5451
13  E-Mail: eservice@egletlaw.com
    *Attorneys for Plaintiff*
14  *State of Nevada*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# AFFIDAVIT OF SERVICE

Job # 27420

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV 89101

**Case Info:**

**PLAINTIFF:**
STATE OF NEVADA,
    -versus-
**DEFENDANT:**
OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES,
INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE
LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI
MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY,
INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES,
INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.;
CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10

DISTRICT COURT
Court Division: Dept. No.: 1
County of Clark, Nevada

Issuance Date: 2/12/2024 Court Case # **A-24-885923-C**

**Service Info:**

**Date Received: 2/12/2024** at **03:07 PM**
**Service:** I Served **CARELON INSIGHTS, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with **Ana Gomes, ADMINISTRATIVE ASSISTANT**

**At Business C/O C T CORPORATION SYSTEM, 701 S CARSON ST STE 200, CARSON CITY, NV 89701**
Latitude: **39.159907**,   Longitude: **-119.766521**

On **2/13/2024** at **10:00 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: **Ana Gomes, ADMINISTRATIVE
ASSISTANT** at the address of: **C/O C T CORPORATION SYSTEM, 701 S CARSON ST STE 200, Carson City, NV 89701** with
an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion
at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the
Secretary of State or entities usual place of business.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was
served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and
that the facts stated in it are true.

Signature of Server: _____
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **27420**

SUBSCRIBED AND SWORN to before me this 14th day of February 2024 by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.



_____
NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-27
Certificate No: 15-3221-2



1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

1  **PSER**

2  AARON D. FORD, ESQ.
Attorney General

3  ERNEST FIGUEROA, ESQ.
Consumer Advocate

4  MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410

5  Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE**

6  **ATTORNEY GENERAL, BUREAU OF**
**CONSUMER PROTECTION**

7  100 North Carson Street
Carson City, Nevada 89701-4717

8  Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

9

10  ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402

11  ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551

12  CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944

13  **EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400

14  Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451

15  E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*

16  *State of Nevada*

17                    **DISTRICT COURT**

18              **CLARK COUNTY, NEVADA**

19

20  STATE OF NEVADA,                     Case No.:  A-24-885923-C
                                     Dept. No.: 1
21                    Plaintiff,

    vs.
22

23  OPTUM, INC.; OPTUMRX, INC.;          **PROOF OF SERVICE OF**
    OPTUMINSIGHT LIFE SCIENCES, INC.;   **SUMMONS AND COMPLAINT ON**
24  OPTUMINSIGHT, INC.; UNITEDHEALTH     **CARELONRX, INC.**
    GROUP, INC.; THE LEWIN GROUP, INC.;
25  EVERNORTH HEALTH, INC.; EXPRESS
    SCRIPTS, INC.; EXPRESS SCRIPTS
26  ADMINISTRATORS, LLC; ESI MAIL
    PHARMACY SERVICE, INC.; EXPRESS
27  SCRIPTS PHARMACY, INC.; EXPRESS
    SCRIPTS SPECIALTY DISTRIBUTION
28  SERVICES, INC.; MEDCO HEALTH

1   SOLUTIONS, INC.; ELEVANCE HEALTH,
    INC.; CARELONRX, INC.; CARELON
2   INSIGHTS, INC.; DOE ENTITIES 1-10.

3                    Defendants.

4

5          PLEASE TAKE NOTICE that the Summons and Complaint were served upon

6   CARELONRX, INC., copies of the Summons and Affidavit of Service are attached hereto as

7   **Exhibit "1".**

8          DATED this 7th day of March, 2024.

9

10                                          */s/ Robert M. Adams*
                                            ROBERT T. EGLET, ESQ.
11                                          Nevada Bar No. 3402
                                            ROBERT M. ADAMS, ESQ.
12                                          Nevada Bar No. 6551
                                            CASSANDRA S.M. CUMMINGS, ESQ.
13                                          Nevada Bar No. 11944
                                            **EGLET ADAMS EGLET HAM HENRIOD**
14                                          400 S. Seventh St., Suite 400
                                            Las Vegas, NV  89101
15                                          Ph: (702) 450-5400; Fax: (702) 450-5451
                                            E-Mail: eservice@egletlaw.com
16
                                            AARON D. FORD, ESQ.
17                                          Attorney General
                                            ERNEST FIGUEROA, ESQ.
18                                          Consumer Advocate
                                            MARK J. KRUEGER, ESQ.
19                                          Nevada Bar No. 7410
                                            Chief Deputy Attorney General
20                                          **STATE OF NEVADA, OFFICE OF THE ATTORNEY**
                                            **GENERAL, BUREAU OF CONSUMER PROTECTION**
21                                          100 North Carson Street
                                            Carson City, Nevada 89701-4717
22                                          Ph: (702) 684-1100; Fax (702) 684-1108
                                            E-Mail: mkrueger@ag.nv.gov
23                                          *Attorneys for Plaintiff*
                                            *State of Nevada*
24

25

26

27

28

                                            2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON CARELONRX, INC.** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

*/s/ Jennifer Lopez*

An Employee of EGLET ADAMS EGLET HAM HENRIOD

3

# EXHIBIT 1

1    **SUMM**

2    AARON D. FORD, ESQ.
     Attorney General

3    ERNEST FIGUEROA, ESQ.
     Consumer Advocate

4    MARK J. KRUEGER, ESQ.
     Nevada Bar No. 7410

5    Chief Deputy Attorney General
     **State of Nevada, Office of the Attorney**

6    **General, Bureau of Consumer Protection**
     100 North Carson Street

7    Carson City, Nevada 89701-4717
     Ph: (702) 684-1100; Fax (702) 684-1108

8    E-Mail: mkrueger@ag.nv.gov

9    ROBERT T. EGLET, ESQ.
     Nevada Bar No. 3402

10   ROBERT M. ADAMS, ESQ.
     Nevada Bar No. 6551

11   CASSANDRA S.M. CUMMINGS, ESQ.
     Nevada Bar No. 11944

12   **EGLET ADAMS EGLET HAM HENRIOD**
     400 S. Seventh St., Suite 400

13   Las Vegas, NV  89101
     Ph: (702) 450-5400; Fax: (702) 450-5451

14   E-Mail: eservice@egletlaw.com
     *Attorneys for Plaintiff*

15   *State of Nevada*

16                      **DISTRICT COURT**

17              **CLARK COUNTY, NEVADA**

18

19   STATE OF NEVADA,                    Case No.: A-24-885923-C
                                         Dept. No.: 1
20                      Plaintiff,

21   vs.

22   OPTUM, INC.; OPTUMRX, INC.;
     OPTUMINSIGHT LIFE SCIENCES, INC.;

23   OPTUMINSIGHT, INC.; UNITEDHEALTH            **SUMMONS**
     GROUP, INC.; THE LEWIN GROUP, INC.;

24   EVERNORTH HEALTH, INC.; EXPRESS
     SCRIPTS, INC.; EXPRESS SCRIPTS

25   ADMINISTRATORS, LLC; ESI MAIL
     PHARMACY SERVICE, INC.; EXPRESS

26   SCRIPTS PHARMACY, INC.; EXPRESS
     SCRIPTS SPECIALTY DISTRIBUTION

27   SERVICES, INC.; MEDCO HEALTH

28   SOLUTIONS, INC.; ELEVANCE HEALTH,

*(left margin vertical text)* EGLET ADAMS EGLET HAM HENRIOD

INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

Defendants.

**NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU
WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ
THE INFORMATION BELOW.**

**TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the
relief set forth in the Complaint.

### CARELONRX, INC.

1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on
you exclusive of the date of service, you must do the following:

      a.      File with the Clerk of this Court, whose address is shown below, a formal
written response to the Complaint in accordance with the rules of the
Court.

      b.      Serve a copy of your response upon the attorney whose name and address
is shown below.

2.      Unless you respond, your default will be entered upon application of the
plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the
Complaint, which could result in the taking of money or property or other relief requested in the
Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so
promptly so that your response may be filed on time.

. . .

. . .

. . .

2

1        4.      The State of Nevada, its political subdivisions, agencies, officers, employees,

2   board members, commission members and legislators, each have 45 days after service of this

3   Summons within which to file an Answer or other responsive pleading to the Complaint.

4

5   Submitted by:

Steven D. Grierson, Clerk of the Court

6

7   ROBERT T. EGLET, ESQ.
     Nevada Bar No. 3402

DEPUTY CLERK        Date

8   ROBERT M. ADAMS, ESQ.
     Nevada Bar No. 6551

Regional Justice Center
200 Lewis Avenue

9   CASSANDRA S.M. CUMMINGS, ESQ.
     Nevada Bar No. 11944

Las Vegas, NV 89155

10  **EGLET ADAMS EGLET**
     **HAM HENRIOD**

11  400 S. Seventh St., Suite 400

12  Las Vegas, NV 89101
    Ph: (702) 450-5400; Fax: (702) 450-5451

13  E-Mail: eservice@egletlaw.com
    *Attorneys for Plaintiff*

14  *State of Nevada*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# AFFIDAVIT OF SERVICE

Job # 27422

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV  89101

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:**<br>STATE OF NEVADA,<br>-versus-<br>**DEFENDANT:**<br>OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES,<br>INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE<br>LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS<br>SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI<br>MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY,<br>INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES,<br>INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.;<br>CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10 | DISTRICT COURT<br>Court Division: Dept. No.: 1<br>County of Clark, Nevada<br><br>Issuance Date: 2/12/2024 Court Case # **A-24-885923-C** |

**Service Info:**

**Date Received: 2/12/2024** at **03:07 PM**
**Service:** I Served **CARELONRX, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with Ana Gomes, **ADMINISTRATIVE ASSISTANT**

**At Business C/O C T CORPORATION SYSTEM 701 S CARSON ST STE 200, CARSON CITY, NV 89701**
Latitude: **39.159907**,   Longitude: **-119.766521**

On **2/13/2024** at **10:00 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: Ana Gomes, **ADMINISTRATIVE ASSISTANT** at the address of: **C/O C T CORPORATION SYSTEM 701 S CARSON ST STE 200, Carson City, NV 89701** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server:
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **27422**

SUBSCRIBED AND SWORN to before me this 14ᵗʰ day of February , 2024, by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-27
Certificate No: 15-3221-2




1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

1   **PSER**

2   AARON D. FORD, ESQ.
    Attorney General

3   ERNEST FIGUEROA, ESQ.
    Consumer Advocate

4   MARK J. KRUEGER, ESQ.
    Nevada Bar No. 7410

5   Chief Deputy Attorney General
    **STATE OF NEVADA, OFFICE OF THE**

6   **ATTORNEY GENERAL, BUREAU OF**
    **CONSUMER PROTECTION**

7   100 North Carson Street
    Carson City, Nevada 89701-4717

8   Ph: (702) 684-1100; Fax (702) 684-1108
    E-Mail: mkrueger@ag.nv.gov

9
10  ROBERT T. EGLET, ESQ.
    Nevada Bar No. 3402

11  ROBERT M. ADAMS, ESQ.
    Nevada Bar No. 6551

12  CASSANDRA S.M. CUMMINGS, ESQ.
    Nevada Bar No. 11944

13  **EGLET ADAMS EGLET HAM HENRIOD**
    400 S. Seventh St., Suite 400

14  Las Vegas, NV 89101
    Ph: (702) 450-5400; Fax: (702) 450-5451

15  E-Mail: eservice@egletlaw.com
    *Attorneys for Plaintiff*

16  *State of Nevada*

17                        **DISTRICT COURT**

18                  **CLARK COUNTY, NEVADA**

19
20  STATE OF NEVADA,                        Case No.:  A-24-885923-C
                                            Dept. No.: 1

21                        Plaintiff,

        vs.

22
23  OPTUM, INC.; OPTUMRX, INC.;            **PROOF OF SERVICE OF**
    OPTUMINSIGHT LIFE SCIENCES, INC.;      **SUMMONS AND COMPLAINT ON**

24  OPTUMINSIGHT, INC.; UNITEDHEALTH       **ELEVANCE HEALTH, INC.**
    GROUP, INC.; THE LEWIN GROUP, INC.;

25  EVERNORTH HEALTH, INC.; EXPRESS
    SCRIPTS, INC.; EXPRESS SCRIPTS

26  ADMINISTRATORS, LLC; ESI MAIL
    PHARMACY SERVICE, INC.; EXPRESS

27  SCRIPTS PHARMACY, INC.; EXPRESS
    SCRIPTS SPECIALTY DISTRIBUTION

28  SERVICES, INC.; MEDCO HEALTH

SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10.

                    Defendants.

        PLEASE TAKE NOTICE that the Summons and Complaint were served upon ELEVANCE HEALTH, INC., copies of the Summons and Affidavit of Service are attached hereto as **Exhibit "1".**

                DATED this 7th day of March, 2024.

                                    /s/ Robert M. Adams
                                    ROBERT T. EGLET, ESQ.
                                    Nevada Bar No. 3402
                                    ROBERT M. ADAMS, ESQ.
                                    Nevada Bar No. 6551
                                    CASSANDRA S.M. CUMMINGS, ESQ.
                                    Nevada Bar No. 11944
                                    **EGLET ADAMS EGLET HAM HENRIOD**
                                    400 S. Seventh St., Suite 400
                                    Las Vegas, NV  89101
                                    Ph: (702) 450-5400; Fax: (702) 450-5451
                                    E-Mail: eservice@egletlaw.com

                                    AARON D. FORD, ESQ.
                                    Attorney General
                                    ERNEST FIGUEROA, ESQ.
                                    Consumer Advocate
                                    MARK J. KRUEGER, ESQ.
                                    Nevada Bar No. 7410
                                    Chief Deputy Attorney General
                                    **STATE OF NEVADA, OFFICE OF THE ATTORNEY GENERAL, BUREAU OF CONSUMER PROTECTION**
                                    100 North Carson Street
                                    Carson City, Nevada 89701-4717
                                    Ph: (702) 684-1100; Fax (702) 684-1108
                                    E-Mail: mkrueger@ag.nv.gov
                                    *Attorneys for Plaintiff*
                                    *State of Nevada*

2

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON ELEVANCE HEALTH, INC.** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.


*/s/ Jennifer Lopez*
An Employee of EGLET ADAMS EGLET HAM HENRIOD

3

# EXHIBIT 1

**SUMM**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney**
**General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

STATE OF NEVADA,

                    Plaintiff,

vs.

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION
SERVICES, INC.; MEDCO HEALTH
SOLUTIONS, INC.; ELEVANCE HEALTH,

Case No.: A-24-885923-C
Dept. No.: 1

**SUMMONS**

1    INC.; CARELONRX, INC.; CARELON
     INSIGHTS, INC.; DOE ENTITIES 1-10.

2

3                     Defendants.

4

5 **NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ**

6 **THE INFORMATION BELOW.**

7 **TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

8

9                         **ELEVANCE HEALTH, INC.**

10      1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on

11 you exclusive of the date of service, you must do the following:

12

13             a.      File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the

14                     Court.

15             b.      Serve a copy of your response upon the attorney whose name and address

16                     is shown below.

17      2.      Unless you respond, your default will be entered upon application of the

18 plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the

19 Complaint, which could result in the taking of money or property or other relief requested in the

20 Complaint.

21      3.      If you intend to seek the advice of an attorney in this matter, you should do so

22 promptly so that your response may be filed on time.

23

24 . . .

25

26 . . .

27

28 . . .

                                      2

EGLET ADAMS
EGLET HAM HENRIOD

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

RОBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET**
**HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

Steven D. Grierson, Clerk of the Court

_____    2/12/2024
DEPUTY CLERK                 Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

3

# AFFIDAVIT OF SERVICE

Job # 27436

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV  89101

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:**<br>STATE OF NEVADA,<br>   -versus- | DISTRICT COURT<br>Court Division: Dept. No.: 1<br>County of Clark, Nevada |

**DEFENDANT:**
OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES, INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY, INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10

Issuance Date: 2/12/2024 Court Case # **A-24-885923-C**

**Service Info:**

**Date Received: 2/12/2024** at **03:07 PM**
**Service:** I Served **ELEVANCE HEALTH, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with **KATHLEEN S. KIEFER, REGISTERED AGENT**

**At Business RA - KATHLEEN S. KIEFER, 220 VIRGINIA AVE, INDIANAPOLIS, IN 46204**
On **2/13/2024** at **11:34 AM**
**Manner of Service: BUSINESS**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: **KATHLEEN S. KIEFER** , **REGISTERED AGENT** at the address of: **RA - KATHLEEN S. KIEFER, 220 VIRGINIA AVE, Indianapolis, IN 46204** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

**Served Description:  (Approx)**

Age: **55**, Sex: **Female**, Race: **White-Caucasian**, Height: **5' 7"**, Weight: **160**, Hair: **Red** Glasses:  **No**

I **Raymond Bandy** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _Raymond Bandy_

**Raymond Bandy**

**Evolution Process Service**
5335 N Tacoma Ave., Suite 5
Indianapolis, IN 46220

Job # 27436

SUBSCRIBED AND SWORN to before me this 13th day of Feb '24, by Raymond Bandy
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

| |
|---|
| **PAIGE A COBB**<br>Notary Public - Seal<br>Marion County - State of Indiana<br>Commission Number NP0750091<br>My Commission Expires Jul 11, 2031 |

_Paige L Cobb_
NOTARY PUBLIC for the state of Indiana



1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

**PSER**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
STATE OF NEVADA, OFFICE OF THE
ATTORNEY GENERAL, BUREAU OF
CONSUMER PROTECTION
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
EGLET ADAMS EGLET HAM HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| STATE OF NEVADA,<br><br>                              Plaintiff,<br><br>vs.<br><br>OPTUM, INC.; OPTUMRX, INC.;<br>OPTUMINSIGHT LIFE SCIENCES, INC.;<br>OPTUMINSIGHT, INC.; UNITEDHEALTH<br>GROUP, INC.; THE LEWIN GROUP, INC.;<br>EVERNORTH HEALTH, INC.; EXPRESS<br>SCRIPTS, INC.; EXPRESS SCRIPTS<br>ADMINISTRATORS, LLC; ESI MAIL<br>PHARMACY SERVICE, INC.; EXPRESS<br>SCRIPTS PHARMACY, INC.; EXPRESS<br>SCRIPTS SPECIALTY DISTRIBUTION<br>SERVICES, INC.; MEDCO HEALTH | Case No.:  A-24-885923-C<br>Dept. No.: 1<br><br><br>**PROOF OF SERVICE OF<br>SUMMONS AND COMPLAINT ON<br>ESI MAIL PHARMACY SERVICE,<br>INC.** |

SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10.

                    Defendants.

        PLEASE TAKE NOTICE that the Summons and Complaint were served upon ESI MAIL PHARMACY SERVICE, INC., copies of the Summons and Affidavit of Service are attached hereto as **Exhibit "1".**

        DATED this 7th day of March, 2024.

                                        /s/ Robert M. Adams
                                        ROBERT T. EGLET, ESQ.
                                        Nevada Bar No. 3402
                                        ROBERT M. ADAMS, ESQ.
                                        Nevada Bar No. 6551
                                        CASSANDRA S.M. CUMMINGS, ESQ.
                                        Nevada Bar No. 11944
                                        **Eglet Adams Eglet Ham Henriod**
                                        400 S. Seventh St., Suite 400
                                        Las Vegas, NV  89101
                                        Ph: (702) 450-5400; Fax: (702) 450-5451
                                        E-Mail: eservice@egletlaw.com

                                        AARON D. FORD, ESQ.
                                        Attorney General
                                        ERNEST FIGUEROA, ESQ.
                                        Consumer Advocate
                                        MARK J. KRUEGER, ESQ.
                                        Nevada Bar No. 7410
                                        Chief Deputy Attorney General
                                        **State of Nevada, Office of the Attorney General, Bureau of Consumer Protection**
                                        100 North Carson Street
                                        Carson City, Nevada 89701-4717
                                        Ph: (702) 684-1100; Fax (702) 684-1108
                                        E-Mail: mkrueger@ag.nv.gov
                                        *Attorneys for Plaintiff*
                                        *State of Nevada*

2

1

## <u>CERTIFICATE OF SERVICE</u>

2      Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM

3    HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF**

4    **SERVICE OF SUMMONS AND COMPLAINT ON ESI MAIL PHARMACY SERVICE,**

5    **INC.** to be served upon those persons designated by the parties in the E-Service Master List for

6    the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance

7    with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada

8    Electronic Filing and Conversion Rules.

9

10

11      _/s/ Jennifer Lopez_____
        An Employee of EGLET ADAMS EGLET HAM HENRIOD

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT 1

Electronically Issued
2/7/2024 4:57 PM

1    **SUMM**

2    AARON D. FORD, ESQ.
     Attorney General
3    ERNEST FIGUEROA, ESQ.
     Consumer Advocate
4    MARK J. KRUEGER, ESQ.
     Nevada Bar No. 7410
5    Chief Deputy Attorney General
     **State of Nevada, Office of the Attorney**
6    **General, Bureau of Consumer Protection**
     100 North Carson Street
7    Carson City, Nevada 89701-4717
     Ph: (702) 684-1100; Fax (702) 684-1108
8    E-Mail: mkrueger@ag.nv.gov

9    ROBERT T. EGLET, ESQ.
     Nevada Bar No. 3402
10   ROBERT M. ADAMS, ESQ.
     Nevada Bar No. 6551
11   CASSANDRA S.M. CUMMINGS, ESQ.
     Nevada Bar No. 11944
12   **EGLET ADAMS EGLET HAM HENRIOD**
     400 S. Seventh St., Suite 400
13   Las Vegas, NV 89101
     Ph: (702) 450-5400; Fax: (702) 450-5451
14   E-Mail: eservice@egletlaw.com
     *Attorneys for Plaintiff*
15   *State of Nevada*

16                        **DISTRICT COURT**

17                  **CLARK COUNTY, NEVADA**

18

19   STATE OF NEVADA,                    Case No.: A-24-885923-C
                                         Dept. No.: 1
20                    Plaintiff,

21   vs.

22   OPTUM, INC.; OPTUMRX, INC.;
     OPTUMINSIGHT LIFE SCIENCES, INC.;    **SUMMONS**
23   OPTUMINSIGHT, INC.; UNITEDHEALTH
     GROUP, INC.; THE LEWIN GROUP, INC.;
24   EVERNORTH HEALTH, INC.; EXPRESS
     SCRIPTS, INC.; EXPRESS SCRIPTS
25   ADMINISTRATORS, LLC; ESI MAIL
     PHARMACY SERVICE, INC.; EXPRESS
26   SCRIPTS PHARMACY, INC.; EXPRESS
     SCRIPTS SPECIALTY DISTRIBUTION
27   SERVICES, INC.; MEDCO HEALTH
     SOLUTIONS, INC.; ELEVANCE HEALTH,
28

INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

                           Defendants.

**NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

### ESI MAIL PHARMACY SERVICES, INC.[1]

    1.    If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the date of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

. . .

. . .

---

[1] In Complaint referenced as "ESI MAIL PHARMACY SERVICE, INC."

2

1         4.     The State of Nevada, its political subdivisions, agencies, officers, employees,

2    board members, commission members and legislators, each have 45 days after service of this

3    Summons within which to file an Answer or other responsive pleading to the Complaint.

4

5    Submitted by:                      Steven D. Grierson, Clerk of the Court

6                                                                                    #6551

7    ROBERT T. EGLET, ESQ.            DEPUTY CLERK         Date
    Nevada Bar No. 3402                Regional Justice Center

8    ROBERT M. ADAMS, ESQ.          200 Lewis Avenue
    Nevada Bar No. 6551                Las Vegas, NV 89155

9    CASSANDRA S.M. CUMMINGS, ESQ.
    Nevada Bar No. 11944

10   **EGLET ADAMS EGLET**
    **HAM HENRIOD**

11   400 S. Seventh St., Suite 400
    Las Vegas, NV  89101

12   Ph: (702) 450-5400; Fax: (702) 450-5451
    E-Mail: eservice@egletlaw.com

13   *Attorneys for Plaintiff*
    *State of Nevada*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

               2/12/2024

3

EGLET ADAMS
EGLET HAM HENRIOD

# AFFIDAVIT OF SERVICE

Job # 27423

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV  89101

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | DISTRICT COURT |
| STATE OF NEVADA, | Court Division: Dept. No.: 1 |
| -versus- | County of Clark, Nevada |
| **DEFENDANT:** | |
| OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES, INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY, INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10 | Issuance Date: 2/12/2024 Court Case # **A-24-885923-C** |

**Service Info:**

**Date Received: 2/12/2024 at 03:07 PM**
**Service: I Served ESI MAIL PHARMACY SERVICE, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with Ana Gomes, **ADMINISTRATIVE ASSISTANT**

**At Business C/O CT CORPORATION SYSTEM 701 SOUTH CARSON STREET, SUITE 200, CARSON CITY, NV 89701**
Latitude: **39.159907**,   Longitude: **-119.766521**

On **2/13/2024** at **10:00 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: Ana Gomes, **ADMINISTRATIVE ASSISTANT** at the address of: **C/O CT Corporation System 701 South Carson Street, Suite 200, Carson City, NV 89701** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _____

**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **27423**

SUBSCRIBED AND SWORN to before me this 14ᵗʰ day of February, 2024 by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-27
Certificate No: 15-3221-2




1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

1

**PSER**

2
AARON D. FORD, ESQ.
Attorney General

3
ERNEST FIGUEROA, ESQ.
Consumer Advocate

4
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410

5
Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE**

6
**ATTORNEY GENERAL, BUREAU OF**
**CONSUMER PROTECTION**

7
100 North Carson Street
Carson City, Nevada 89701-4717

8
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

9

10
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402

11
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551

12
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944

13
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400

14
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451

15
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*

16
*State of Nevada*

17
**DISTRICT COURT**

18
**CLARK COUNTY, NEVADA**

19

20
STATE OF NEVADA,

Case No.:  A-24-885923-C
Dept. No.: 1

21
                              Plaintiff,

22
vs.

23
OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;

**PROOF OF SERVICE OF**
**SUMMONS AND COMPLAINT ON**
**EVERNORTH HEALTH, INC.**

24
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;

25
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS

26
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS

27
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION

28
SERVICES, INC.; MEDCO HEALTH

1 | SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON
2 | INSIGHTS, INC.; DOE ENTITIES 1-10.

3 |                      Defendants.

4

5        PLEASE TAKE NOTICE that the Summons and Complaint were served upon

6 EVERNORTH HEALTH, INC., copies of the Summons and Affidavit of Service are attached

7 hereto as **Exhibit "1".**

8        DATED this 7th day of March, 2024.

9

10                              /s/ Robert M. Adams
                                ROBERT T. EGLET, ESQ.
11                              Nevada Bar No. 3402
                                ROBERT M. ADAMS, ESQ.
12                              Nevada Bar No. 6551
                                CASSANDRA S.M. CUMMINGS, ESQ.
13                              Nevada Bar No. 11944
                                **EGLET ADAMS EGLET HAM HENRIOD**
14                              400 S. Seventh St., Suite 400
                                Las Vegas, NV  89101
15                              Ph: (702) 450-5400; Fax: (702) 450-5451
                                E-Mail: eservice@egletlaw.com
16
                                AARON D. FORD, ESQ.
17                              Attorney General
                                ERNEST FIGUEROA, ESQ.
18                              Consumer Advocate
                                MARK J. KRUEGER, ESQ.
19                              Nevada Bar No. 7410
                                Chief Deputy Attorney General
20                              **STATE OF NEVADA, OFFICE OF THE ATTORNEY**
                                **GENERAL, BUREAU OF CONSUMER PROTECTION**
21                              100 North Carson Street
                                Carson City, Nevada 89701-4717
22                              Ph: (702) 684-1100; Fax (702) 684-1108
                                E-Mail: mkrueger@ag.nv.gov
23                              *Attorneys for Plaintiff*
                                *State of Nevada*
24

25

26

27

28

2

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON EVERNORTH HEALTH, INC.** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.


*/s/ Jennifer Lopez*
An Employee of EGLET ADAMS EGLET HAM HENRIOD

3

# EXHIBIT 1

Electronically Issued
2/7/2024 4:57 PM

**SUMM**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney**
**General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| STATE OF NEVADA, | Case No.: A-24-885923-C |
| Plaintiff, | Dept. No.: 1 |
| vs. | |
| OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES, INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY, INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, | **SUMMONS** |

INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

                        Defendants.

**NOTICE! YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

### EVERNORTH HEALTH, INC.

1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the date of service, you must do the following:

    a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b.    Serve a copy of your response upon the attorney whose name and address is shown below.

2.      Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

. . .

. . .

. . .

2

4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

_____#6551_____

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET**
**HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

Steven D. Grierson, Clerk of the Court

_____   2/12/2024
DEPUTY CLERK                Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

3



**STATE OF NEVADA**
**County of Clark**
Docket number A-24-885923-C

*321340*

**State of Nevada**

Plaintiff,
vs.

**Optum Inc ect,**

Defendant,

_____/

AFFIDAVIT OF SERVICE

I, Richard A. Raymond affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 02/13/2024 at 1:34 PM, I served copies of the Summons in a Civil Action and Petition Personally upon **Evernorth Health Inc** as articulated below.

By delivering a copy to **Sydney Whitworth** personally; **Authorized to Accept** thereof, an authorized person to accept service of process.

Said service was effected at: **Ct Corporation 120 S. Central Ave, Clayton, MO 63105.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Female** Race: **White** Hair: **Black** Height: **Medium** Weight: **Thin** Place: **Commercial Building** Extras: **Glasses**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

_____
Richard A. Raymond

The foregoing affidavit sworn and subscribed before me today, February 19, 2024

_____                    _____
Samantha Lynne Clark                                 Marybeth Rice

JobNo. 321340

MARYBETH RICE
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis City
My Commission Expires: Mar. 31, 2027
Commission # 15634446

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

1

**PSER**

2

AARON D. FORD, ESQ.
Attorney General

3

ERNEST FIGUEROA, ESQ.
Consumer Advocate

4

MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410

5

Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE**

6

**ATTORNEY GENERAL, BUREAU OF**
**CONSUMER PROTECTION**

7

100 North Carson Street
Carson City, Nevada 89701-4717

8

Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

9

10

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402

11

ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551

12

CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944

13

**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400

14

Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451

15

E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*

16

*State of Nevada*

17

**DISTRICT COURT**

18

**CLARK COUNTY, NEVADA**

19

20

STATE OF NEVADA,

Case No.:  A-24-885923-C
Dept. No.: 1

21

Plaintiff,

22

vs.

23

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;

**PROOF OF SERVICE OF
SUMMONS AND COMPLAINT ON
EXPRESS SCRIPTS
ADMINISTRATORS, LLC**

24

OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;

25

EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS

26

ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS

27

SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION

28

SERVICES, INC.; MEDCO HEALTH

1    SOLUTIONS, INC.; ELEVANCE HEALTH,
     INC.; CARELONRX, INC.; CARELON
2    INSIGHTS, INC.; DOE ENTITIES 1-10.

3                        Defendants.

4

5          PLEASE TAKE NOTICE that the Summons and Complaint were served upon EXPRESS

6    SCRIPTS ADMINISTRATORS, LLC, copies of the Summons and Affidavit of Service are

7    attached hereto as **Exhibit "1".**

8          DATED this 7th day of March, 2024.

9

10                                    */s/ Robert M. Adams*
                                      ROBERT T. EGLET, ESQ.
11                                    Nevada Bar No. 3402
                                      ROBERT M. ADAMS, ESQ.
12                                    Nevada Bar No. 6551
                                      CASSANDRA S.M. CUMMINGS, ESQ.
13                                    Nevada Bar No. 11944
                                      **EGLET ADAMS EGLET HAM HENRIOD**
14                                    400 S. Seventh St., Suite 400
                                      Las Vegas, NV  89101
15                                    Ph: (702) 450-5400; Fax: (702) 450-5451
                                      E-Mail: eservice@egletlaw.com
16
                                      AARON D. FORD, ESQ.
17                                    Attorney General
                                      ERNEST FIGUEROA, ESQ.
18                                    Consumer Advocate
                                      MARK J. KRUEGER, ESQ.
19                                    Nevada Bar No. 7410
                                      Chief Deputy Attorney General
20                                    **STATE OF NEVADA, OFFICE OF THE ATTORNEY**
                                      **GENERAL, BUREAU OF CONSUMER PROTECTION**
21                                    100 North Carson Street
                                      Carson City, Nevada 89701-4717
22                                    Ph: (702) 684-1100; Fax (702) 684-1108
                                      E-Mail: mkrueger@ag.nv.gov
23                                    *Attorneys for Plaintiff*
                                      *State of Nevada*
24

25

26

27

28

                                        2

1

**CERTIFICATE OF SERVICE**

2    Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM

3 HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF**

4 **SERVICE OF SUMMONS AND COMPLAINT ON EXPRESS SCRIPTS**

5 **ADMINISTRATORS, LLC** to be served upon those persons designated by the parties in the E-

6 Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling

7 System in accordance with the mandatory electronic service requirements of Administrative

8 Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

9

10

11    */s/ Jennifer Lopez*_____
An Employee of EGLET ADAMS EGLET HAM HENRIOD

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT 1

Electronically Issued
2/7/2024 4:57 PM

**SUMM**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney
General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

STATE OF NEVADA,

               Plaintiff,

vs.

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION
SERVICES, INC.; MEDCO HEALTH
SOLUTIONS, INC.; ELEVANCE HEALTH,

Case No.: A-24-885923-C
Dept. No.: 1

**SUMMONS**

EGLET ADAMS
EGLET HAM HENRIOD

INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

Defendants.

**NOTICE! YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

**EXPRESS SCRIPTS ADMINISTRATORS, LLC**

1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the date of service, you must do the following:

    a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b.    Serve a copy of your response upon the attorney whose name and address is shown below.

2.      Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

. . .

. . .

. . .

2

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

#6551

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET**
**HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

Steven D. Grierson, Clerk of the Court

_____ 2/12/2024
DEPUTY CLERK        Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

3

# AFFIDAVIT OF SERVICE

Job # 27425

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV  89101

**Case Info:**

**PLAINTIFF:**
STATE OF NEVADA,
-versus-
**DEFENDANT:**
OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES,
INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE
LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI
MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY,
INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES,
INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.;
CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10

DISTRICT COURT
Court Division: Dept. No.: 1
County of Clark, Nevada

Issuance Date: 2/12/2024 Court Case # **A-24-885923-C**

**Service Info:**

**Date Received: 2/12/2024 at 03:07 PM**
**Service:** I Served **EXPRESS SCRIPTS ADMINISTRATORS, LLC**
With: **SUMMONS; COMPLAINT**
by leaving with Ana Gomes, **ADMINISTRATIVE ASSISTANT**

**At Business C/O CT CORPORATION SYSTEM 701 SOUTH CARSON STREET, SUITE 200, CARSON CITY, NV 89701**
Latitude: **39.159907**,  Longitude: **-119.766521**

On **2/13/2024** at **10:00 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: **Ana Gomes**, **ADMINISTRATIVE ASSISTANT** at the address of: **C/O CT Corporation System 701 South Carson Street, Suite 200, Carson City, NV 89701** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _____
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **27425**

SUBSCRIBED AND SWORN to before me this 14ᵗ day of _February 2024_, by _Jon Salisbury_
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-27
Certificate No: 15-3221-2




1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PSER**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE
ATTORNEY GENERAL, BUREAU OF
CONSUMER PROTECTION**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

STATE OF NEVADA,

                          Plaintiff,

vs.

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION
SERVICES, INC.; MEDCO HEALTH

Case No.:  A-24-885923-C
Dept. No.: 1


**PROOF OF SERVICE OF
SUMMONS AND COMPLAINT ON
EXPRESS SCRIPTS PHARMACY,
INC.**

SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10.

Defendants.

PLEASE TAKE NOTICE that the Summons and Complaint were served upon EXPRESS SCRIPTS PHARMACY, INC., copies of the Summons and Affidavit of Service are attached hereto as **Exhibit "1".**

DATED this 7th day of March, 2024.

/s/ Robert M. Adams
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com

AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE ATTORNEY GENERAL, BUREAU OF CONSUMER PROTECTION**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov
*Attorneys for Plaintiff*
*State of Nevada*

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON EXPRESS SCRIPTS PHARMACY, INC.** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.


*/s/ Jennifer Lopez*
An Employee of EGLET ADAMS EGLET HAM HENRIOD

3

# EXHIBIT 1

**SUMM**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| STATE OF NEVADA,<br><br>                    Plaintiff,<br><br>vs.<br><br>OPTUM, INC.; OPTUMRX, INC.;<br>OPTUMINSIGHT LIFE SCIENCES, INC.;<br>OPTUMINSIGHT, INC.; UNITEDHEALTH<br>GROUP, INC.; THE LEWIN GROUP, INC.;<br>EVERNORTH HEALTH, INC.; EXPRESS<br>SCRIPTS, INC.; EXPRESS SCRIPTS<br>ADMINISTRATORS, LLC; ESI MAIL<br>PHARMACY SERVICE, INC.; EXPRESS<br>SCRIPTS PHARMACY, INC.; EXPRESS<br>SCRIPTS SPECIALTY DISTRIBUTION<br>SERVICES, INC.; MEDCO HEALTH<br>SOLUTIONS, INC.; ELEVANCE HEALTH, | Case No.: A-24-885923-C<br>Dept. No.: 1<br><br><br><br>**SUMMONS** |

1   INC.; CARELONRX, INC.; CARELON
    INSIGHTS, INC.; DOE ENTITIES 1-10.

2

3                           Defendants.

4

5   **NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU
    WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ
    THE INFORMATION BELOW.**

6

7   **TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the
    relief set forth in the Complaint.

8

9                    **EXPRESS SCRIPTS PHARMACY, INC.**

10      1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on

11  you exclusive of the date of service, you must do the following:

12

13          a.      File with the Clerk of this Court, whose address is shown below, a formal
                    written response to the Complaint in accordance with the rules of the
14                  Court.

15          b.      Serve a copy of your response upon the attorney whose name and address
16                  is shown below.

17      2.      Unless you respond, your default will be entered upon application of the

18  plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the

19  Complaint, which could result in the taking of money or property or other relief requested in the

20  Complaint.

21      3.      If you intend to seek the advice of an attorney in this matter, you should do so

22  promptly so that your response may be filed on time.

23

24  . . .

25

26  . . .

27

28  . . .

                                        2

1     4.     The State of Nevada, its political subdivisions, agencies, officers, employees,

2  board members, commission members and legislators, each have 45 days after service of this

3  Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET
HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

Steven D. Grierson, Clerk of the Court

2/12/2024

DEPUTY CLERK        Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

EGLET ADAMS
EGLET HAM HENRIOD

3

# AFFIDAVIT OF SERVICE

Job # 27427

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV 89101

**Case Info:**

**PLAINTIFF:**
STATE OF NEVADA,
        -versus-
**DEFENDANT:**
OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES,
INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE
LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI
MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY,
INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES,
INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.;
CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10

DISTRICT COURT
Court Division: Dept. No.: 1
County of Clark, Nevada

Issuance Date: 2/12/2024 Court Case # **A-24-885923-C**

**Service Info:**

**Date Received: 2/12/2024 at 03:07 PM**
**Service:** I Served **EXPRESS SCRIPTS PHARMACY, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with Ana Gomes, **ADMINISTRATIVE ASSISTANT**

**At Business C/O CT CORPORATION SYSTEM, 701 SOUTH CARSON STREET, SUITE 200, CARSON CITY, NV 89701**
Latitude: **39.159907**,   Longitude: **-119.766521**

On **2/13/2024 at 10:00 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: Ana Gomes, **ADMINISTRATIVE ASSISTANT** at the address of: **C/O CT Corporation System, 701 South Carson Street, Suite 200, Carson City, NV 89701** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _____
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **27427**

SUBSCRIBED AND SWORN to before me this 14ᵗʰ day of _February_ , 2024 by _Jon Salisbury_
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-27
Certificate No: 15-3221-2



1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

**PSER**

AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
STATE OF NEVADA, OFFICE OF THE
ATTORNEY GENERAL, BUREAU OF
CONSUMER PROTECTION
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
EGLET ADAMS EGLET HAM HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| STATE OF NEVADA, | Case No.:  A-24-885923-C |
| Plaintiff, | Dept. No.: 1 |
| vs. | |
| OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES, INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY, INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC.; MEDCO HEALTH | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC.** |

SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10.

Defendants.

PLEASE TAKE NOTICE that the Summons and Complaint were served upon EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC., copies of the Summons and Affidavit of Service are attached hereto as **Exhibit "1"**.

DATED this 7th day of March, 2024.

/s/ Robert M. Adams
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com

AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE ATTORNEY GENERAL, BUREAU OF CONSUMER PROTECTION**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov
*Attorneys for Plaintiff*
*State of Nevada*

2

1

## CERTIFICATE OF SERVICE

2        Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM

3    HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF**

4    **SERVICE OF SUMMONS AND COMPLAINT ON EXPRESS SCRIPTS SPECIALTY**

5    **DISTRIBUTION SERVICES, INC.** to be served upon those persons designated by the parties

6    in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court

7    eFiling System in accordance with the mandatory electronic service requirements of

8    Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

9

10

11   */s/ Jennifer Lopez*_____
     An Employee of EGLET ADAMS EGLET HAM HENRIOD

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT 1

1    **SUMM**
2    AARON D. FORD, ESQ.
     Attorney General
3    ERNEST FIGUEROA, ESQ.
     Consumer Advocate
4    MARK J. KRUEGER, ESQ.
     Nevada Bar No. 7410
5    Chief Deputy Attorney General
     **State of Nevada, Office of the Attorney**
6    **General, Bureau of Consumer Protection**
     100 North Carson Street
7    Carson City, Nevada 89701-4717
     Ph: (702) 684-1100; Fax (702) 684-1108
8    E-Mail: mkrueger@ag.nv.gov

9    ROBERT T. EGLET, ESQ.
     Nevada Bar No. 3402
10   ROBERT M. ADAMS, ESQ.
     Nevada Bar No. 6551
11   CASSANDRA S.M. CUMMINGS, ESQ.
     Nevada Bar No. 11944
12   **EGLET ADAMS EGLET HAM HENRIOD**
     400 S. Seventh St., Suite 400
13   Las Vegas, NV  89101
     Ph: (702) 450-5400; Fax: (702) 450-5451
14   E-Mail: eservice@egletlaw.com
     *Attorneys for Plaintiff*
15   *State of Nevada*

16                          **DISTRICT COURT**

17                    **CLARK COUNTY, NEVADA**

18

19   STATE OF NEVADA,                    Case No.:  A-24-885923-C
                                         Dept. No.: 1
20                       Plaintiff,

21   vs.

22   OPTUM, INC.; OPTUMRX, INC.;
     OPTUMINSIGHT LIFE SCIENCES, INC.;        **SUMMONS**
23   OPTUMINSIGHT, INC.; UNITEDHEALTH
     GROUP, INC.; THE LEWIN GROUP, INC.;
24   EVERNORTH HEALTH, INC.; EXPRESS
     SCRIPTS, INC.; EXPRESS SCRIPTS
25   ADMINISTRATORS, LLC; ESI MAIL
     PHARMACY SERVICE, INC.; EXPRESS
26   SCRIPTS PHARMACY, INC.; EXPRESS
     SCRIPTS SPECIALTY DISTRIBUTION
27   SERVICES, INC.; MEDCO HEALTH
     SOLUTIONS, INC.; ELEVANCE HEALTH,
28

EGLET ADAMS
EGLET HAM HENRIOD

1 | INC.; CARELONRX, INC.; CARELON
2 | INSIGHTS, INC.; DOE ENTITIES 1-10.

3 |                              Defendants.

4

5 | **NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

6

7 | **TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

8

9 |           **EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC.**

10 |     1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on

11 | you exclusive of the date of service, you must do the following:

12

13 |           a.      File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the

14 |                   Court.

15 |           b.      Serve a copy of your response upon the attorney whose name and address

16 |                   is shown below.

17 |     2.      Unless you respond, your default will be entered upon application of the

18 | plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the

19 | Complaint, which could result in the taking of money or property or other relief requested in the

20 | Complaint.

21 |     3.      If you intend to seek the advice of an attorney in this matter, you should do so

22 | promptly so that your response may be filed on time.

23

24 | . . .

25

26 | . . .

27

28 | . . .

2

4.      The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

_____
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET
HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff
State of Nevada*

Steven D. Grierson, Clerk of the Court

_____  2/12/2024
DEPUTY CLERK                        Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

3



**\*321341\***

**STATE OF NEVADA**
**County of Clark**
Docket number A-24-885923-C

**State of Nevada**

Plaintiff,
vs.

AFFIDAVIT OF SERVICE

**Optum Inc ect,**

Defendant,

_____ /

 I, Richard A. Raymond affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 02/13/2024 at 1:34 PM, I served copies of the Summons in a Civil Action and Petition Personally upon **Express Scripts Specialty Distribution Services Inc** as articulated below.

By delivering a copy to **Sydney Whitworth** personally; **Authorized to Accept** thereof, an authorized person to accept service of process.

Said service was effected at: **Ct Corporation 120 S. Central Ave, Clayton, MO 63105.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Female** Race: **White** Hair: **Black** Height: **Medium** Weight: **Thin** Place: **Commercial Building** Extras: **Glasses**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

Richard A. Raymond

The foregoing affidavit sworn and subscribed before me today, February 19, 2024

_____
Samantha Lynne Clark

Marybeth Rice

JobNo. 321341

MARYBETH RICE
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis City
My Commission Expires: Mar. 31, 2027
Commission # 15634446

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

1 | **PSER**
2 | AARON D. FORD, ESQ.
Attorney General
3 | ERNEST FIGUEROA, ESQ.
Consumer Advocate
4 | MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
5 | Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE**
6 | **ATTORNEY GENERAL, BUREAU OF**
**CONSUMER PROTECTION**
7 | 100 North Carson Street
Carson City, Nevada 89701-4717
8 | Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov
9 |
10 | ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
11 | ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
12 | CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
13 | **EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
14 | Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
15 | E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
16 | *State of Nevada*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

STATE OF NEVADA,

                            Plaintiff,

vs.

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION
SERVICES, INC.; MEDCO HEALTH

Case No.:  A-24-885923-C
Dept. No.: 1


**PROOF OF SERVICE OF
SUMMONS AND COMPLAINT ON
EXPRESS SCRIPTS, INC.**

SOLUTIONS, INC.; ELEVANCE HEALTH,
INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

                    Defendants.

        PLEASE TAKE NOTICE that the Summons and Complaint were served upon EXPRESS

SCRIPTS, INC., copies of the Summons and Affidavit of Service are attached hereto as

**Exhibit "1".**

            DATED this 7th day of March, 2024.


                                    */s/ Robert M. Adams*
                                    ROBERT T. EGLET, ESQ.
                                    Nevada Bar No. 3402
                                    ROBERT M. ADAMS, ESQ.
                                    Nevada Bar No. 6551
                                    CASSANDRA S.M. CUMMINGS, ESQ.
                                    Nevada Bar No. 11944
                                    **EGLET ADAMS EGLET HAM HENRIOD**
                                    400 S. Seventh St., Suite 400
                                    Las Vegas, NV  89101
                                    Ph: (702) 450-5400; Fax: (702) 450-5451
                                    E-Mail: eservice@egletlaw.com

                                    AARON D. FORD, ESQ.
                                    Attorney General
                                    ERNEST FIGUEROA, ESQ.
                                    Consumer Advocate
                                    MARK J. KRUEGER, ESQ.
                                    Nevada Bar No. 7410
                                    Chief Deputy Attorney General
                                    **STATE OF NEVADA, OFFICE OF THE ATTORNEY**
                                    **GENERAL, BUREAU OF CONSUMER PROTECTION**
                                    100 North Carson Street
                                    Carson City, Nevada 89701-4717
                                    Ph: (702) 684-1100; Fax (702) 684-1108
                                    E-Mail: mkrueger@ag.nv.gov
                                    *Attorneys for Plaintiff*
                                    *State of Nevada*

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON EXPRESS SCRIPTS, INC.** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

*/s/ Jennifer Lopez*
An Employee of EGLET ADAMS EGLET HAM HENRIOD

3

# EXHIBIT 1

Electronically Issued
2/7/2024 4:57 PM

**SUMM**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney**
**General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| STATE OF NEVADA, | Case No.: A-24-885923-C |
| Plaintiff, | Dept. No.: 1 |
| vs. | |
| OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES, INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY, INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, | **SUMMONS** |

1   INC.; CARELONRX, INC.; CARELON
    INSIGHTS, INC.; DOE ENTITIES 1-10.

2

3                           Defendants.

4

5   **NOTICE! YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU
    WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ**

6   **THE INFORMATION BELOW.**

7   **TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the
    relief set forth in the Complaint.

8

9                           **EXPRESS SCRIPTS, INC.**

10       1.     If you intend to defend this lawsuit, within 21 days after this Summons is served on

11  you exclusive of the date of service, you must do the following:

12

13              a.     File with the Clerk of this Court, whose address is shown below, a formal
                       written response to the Complaint in accordance with the rules of the

14                     Court.

15              b.     Serve a copy of your response upon the attorney whose name and address

16                     is shown below.

17       2.     Unless you respond, your default will be entered upon application of the

18  plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the

19  Complaint, which could result in the taking of money or property or other relief requested in the

20  Complaint.

21       3.     If you intend to seek the advice of an attorney in this matter, you should do so

22  promptly so that your response may be filed on time.

23

24  . . .

25

26  . . .

27

28  . . .

                                    2

1    4.    The State of Nevada, its political subdivisions, agencies, officers, employees,

2 board members, commission members and legislators, each have 45 days after service of this

3 Summons within which to file an Answer or other responsive pleading to the Complaint.

4

5 Submitted by:                                    Steven D. Grierson, Clerk of the Court

6

7 _____              _____  2/12/2024
  ROBERT T. EGLET, ESQ.                          DEPUTY CLERK                      Date
  Nevada Bar No. 3402                            Regional Justice Center
8 ROBERT M. ADAMS, ESQ.                          200 Lewis Avenue
  Nevada Bar No. 6551                            Las Vegas, NV 89155
9 CASSANDRA S.M. CUMMINGS, ESQ.
  Nevada Bar No. 11944
10 **EGLET ADAMS EGLET**
   **HAM HENRIOD**
11 400 S. Seventh St., Suite 400
   Las Vegas, NV  89101
12 Ph: (702) 450-5400; Fax: (702) 450-5451
   E-Mail: eservice@egletlaw.com
13 *Attorneys for Plaintiff*
   *State of Nevada*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# AFFIDAVIT OF SERVICE

Job # 27429

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV 89101

**Case Info:**

**PLAINTIFF:**
STATE OF NEVADA,
-versus-
**DEFENDANT:**
OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES,
INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE
LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI
MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY,
INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES,
INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.;
CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10

DISTRICT COURT
Court Division: Dept. No.: 1
County of Clark, Nevada

Issuance Date: 2/12/2024 Court Case # **A-24-885923-C**

**Service Info:**

**Date Received: 2/12/2024 at 03:07 PM**
**Service:** I Served **EXPRESS SCRIPTS, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with Ana Gomes, **ADMINISTRATIVE ASSISTANT**

**At Business C/O CT CORPORATION SYSTEM, 701 SOUTH CARSON STREET, SUITE 200, CARSON CITY, NV 89701**
Latitude: **39.159907**,   Longitude: **-119.766521**

On **2/13/2024 at 10:00 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: **Ana Gomes, ADMINISTRATIVE
ASSISTANT** at the address of: **C/O CT Corporation System, 701 South Carson Street, Suite 200, Carson City, NV 89701**
with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and
discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed
with the Secretary of State or entities usual place of business.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was
served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and
that the facts stated in it are true.

Signature of Server: _____
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **27429**

SUBSCRIBED AND SWORN to before me this 14ᵗ day of February 2024, by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.



NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-27
Certificate No: 15-3221-2



1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

1

**PSER**

2

AARON D. FORD, ESQ.
Attorney General

3

ERNEST FIGUEROA, ESQ.
Consumer Advocate

4

MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410

5

Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE**

6

**ATTORNEY GENERAL, BUREAU OF**
**CONSUMER PROTECTION**

7

100 North Carson Street
Carson City, Nevada 89701-4717

8

Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

9

10

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402

11

ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551

12

CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944

13

**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400

14

Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451

15

E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*

16

*State of Nevada*

17

**DISTRICT COURT**

18

**CLARK COUNTY, NEVADA**

19

20

STATE OF NEVADA,

Case No.: A-24-885923-C
Dept. No.: 1

21

Plaintiff,

22

vs.

23

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;

**PROOF OF SERVICE OF**
**SUMMONS AND COMPLAINT ON**

24

OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;

**MEDCO HEALTH SOLUTIONS,**
**INC.**

25

EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS

26

ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS

27

SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION

28

SERVICES, INC.; MEDCO HEALTH

SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10.

Defendants.

PLEASE TAKE NOTICE that the Summons and Complaint were served upon MEDCO HEALTH SOLUTIONS, INC., copies of the Summons and Affidavit of Service are attached hereto as **Exhibit "1".**

DATED this 7th day of March, 2024.

*/s/ Robert M. Adams*
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**Eglet Adams Eglet Ham Henriod**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com

AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov
*Attorneys for Plaintiff*
*State of Nevada*

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON MEDCO HEALTH SOLUTIONS, INC.** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

*/s/ Jennifer Lopez*
An Employee of EGLET ADAMS EGLET HAM HENRIOD

3

EXHIBIT 1

1    **SUMM**
2    AARON D. FORD, ESQ.
     Attorney General
3    ERNEST FIGUEROA, ESQ.
     Consumer Advocate
4    MARK J. KRUEGER, ESQ.
     Nevada Bar No. 7410
5    Chief Deputy Attorney General
     **State of Nevada, Office of the Attorney**
6    **General, Bureau of Consumer Protection**
     100 North Carson Street
7    Carson City, Nevada 89701-4717
     Ph: (702) 684-1100; Fax (702) 684-1108
8    E-Mail: mkrueger@ag.nv.gov

9    ROBERT T. EGLET, ESQ.
     Nevada Bar No. 3402
10   ROBERT M. ADAMS, ESQ.
     Nevada Bar No. 6551
11   CASSANDRA S.M. CUMMINGS, ESQ.
     Nevada Bar No. 11944
12   **EGLET ADAMS EGLET HAM HENRIOD**
     400 S. Seventh St., Suite 400
13   Las Vegas, NV  89101
     Ph: (702) 450-5400; Fax: (702) 450-5451
14   E-Mail: eservice@egletlaw.com
     *Attorneys for Plaintiff*
15   *State of Nevada*

16                          **DISTRICT COURT**

17                   **CLARK COUNTY, NEVADA**

18

19   STATE OF NEVADA,                        Case No.:  A-24-885923-C
                                             Dept. No.: 1
20                      Plaintiff,

21   vs.

22   OPTUM, INC.; OPTUMRX, INC.;
     OPTUMINSIGHT LIFE SCIENCES, INC.;            **SUMMONS**
23   OPTUMINSIGHT, INC.; UNITEDHEALTH
     GROUP, INC.; THE LEWIN GROUP, INC.;
24   EVERNORTH HEALTH, INC.; EXPRESS
     SCRIPTS, INC.; EXPRESS SCRIPTS
25   ADMINISTRATORS, LLC; ESI MAIL
     PHARMACY SERVICE, INC.; EXPRESS
26   SCRIPTS PHARMACY, INC.; EXPRESS
     SCRIPTS SPECIALTY DISTRIBUTION
27   SERVICES, INC.; MEDCO HEALTH
     SOLUTIONS, INC.; ELEVANCE HEALTH,
28

EGLET ADAMS
EGLET HAM HENRIOD

1    INC.; CARELONRX, INC.; CARELON
     INSIGHTS, INC.; DOE ENTITIES 1-10.

2

3                              Defendants.

4

5    **NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

6

7    **TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

8

9                    **MEDCO HEALTH SOLUTIONS, INC.**

10       1.    If you intend to defend this lawsuit, within 21 days after this Summons is served on

11   you exclusive of the date of service, you must do the following:

12

13       a.    File with the Clerk of this Court, whose address is shown below, a formal
              written response to the Complaint in accordance with the rules of the

14            Court.

15       b.    Serve a copy of your response upon the attorney whose name and address

16            is shown below.

17       2.    Unless you respond, your default will be entered upon application of the

18   plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the

19   Complaint, which could result in the taking of money or property or other relief requested in the

20   Complaint.

21       3.    If you intend to seek the advice of an attorney in this matter, you should do so

22   promptly so that your response may be filed on time.

23

24   . . .

25

26   . . .

27

28   . . .

                                    2

1        4.     The State of Nevada, its political subdivisions, agencies, officers, employees,

2  board members, commission members and legislators, each have 45 days after service of this

3  Summons within which to file an Answer or other responsive pleading to the Complaint.

4

5  Submitted by:                       Steven D. Grierson, Clerk of the Court

6

7  ROBERT T. EGLET, ESQ.         DEPUTY CLERK          Date
    Nevada Bar No. 3402

8  ROBERT M. ADAMS, ESQ.        Regional Justice Center
    Nevada Bar No. 6551              200 Lewis Avenue

9  CASSANDRA S.M. CUMMINGS, ESQ.   Las Vegas, NV 89155
    Nevada Bar No. 11944

10  **EGLET ADAMS EGLET**
    **HAM HENRIOD**

11  400 S. Seventh St., Suite 400
    Las Vegas, NV  89101

12  Ph: (702) 450-5400; Fax: (702) 450-5451
    E-Mail: eservice@egletlaw.com

13  *Attorneys for Plaintiff*
    *State of Nevada*

14

Date stamp: 2/12/2024

3

# AFFIDAVIT OF SERVICE

Job # 27431

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV  89101

**Case Info:**

**PLAINTIFF:**
STATE OF NEVADA,
   -versus-
**DEFENDANT:**
OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES,
INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE
LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI
MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY,
INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES,
INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.;
CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10

DISTRICT COURT
Court Division: Dept. No.: 1
County of Clark, Nevada

Issuance Date: 2/12/2024 Court Case # **A-24-885923-C**

**Service Info:**

**Date Received: 2/12/2024** at **03:07 PM**
**Service:** I Served **MEDCO HEALTH SOLUTIONS, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with Ana Gomes, **ADMINISTRATIVE ASSISTANT**

**At Business C/O CT CORPORATION SYSTEM, 701 SOUTH CARSON STREET, SUITE 200, CARSON CITY, NV 89701**
Latitude: **39.159907**,   Longitude: **-119.766521**

On **2/13/2024** at **10:00 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: Ana Gomes, **ADMINISTRATIVE
ASSISTANT** at the address of: **C/O CT Corporation System, 701 South Carson Street, Suite 200, Carson City, NV 89701**
with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and
discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed
with the Secretary of State or entities usual place of business.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was
served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and
that the facts stated in it are true.

Signature of Server:
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **27431**

SUBSCRIBED AND SWORN to before me this 14ᵗʰ day of February 2024 by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-27
Certificate No: 15-3221-2




1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

1  **PSER**

2  AARON D. FORD, ESQ.
   Attorney General

3  ERNEST FIGUEROA, ESQ.
   Consumer Advocate

4  MARK J. KRUEGER, ESQ.
   Nevada Bar No. 7410

5  Chief Deputy Attorney General
   STATE OF NEVADA, OFFICE OF THE

6  ATTORNEY GENERAL, BUREAU OF
   CONSUMER PROTECTION

7  100 North Carson Street
   Carson City, Nevada 89701-4717

8  Ph: (702) 684-1100; Fax (702) 684-1108
   E-Mail: mkrueger@ag.nv.gov

9

10  ROBERT T. EGLET, ESQ.
    Nevada Bar No. 3402

11  ROBERT M. ADAMS, ESQ.
    Nevada Bar No. 6551

12  CASSANDRA S.M. CUMMINGS, ESQ.
    Nevada Bar No. 11944

13  EGLET ADAMS EGLET HAM HENRIOD
    400 S. Seventh St., Suite 400

14  Las Vegas, NV  89101
    Ph: (702) 450-5400; Fax: (702) 450-5451

15  E-Mail: eservice@egletlaw.com
    *Attorneys for Plaintiff*

16  *State of Nevada*

17                    **DISTRICT COURT**

18              **CLARK COUNTY, NEVADA**

19

20  STATE OF NEVADA,                          Case No.:  A-24-885923-C
                                              Dept. No.: 1
21                          Plaintiff,

22  vs.

23  OPTUM, INC.; OPTUMRX, INC.;               **PROOF OF SERVICE OF**
    OPTUMINSIGHT LIFE SCIENCES, INC.;         **SUMMONS AND COMPLAINT ON**
24  OPTUMINSIGHT, INC.; UNITEDHEALTH          **OPTUM, INC.**
    GROUP, INC.; THE LEWIN GROUP, INC.;
25  EVERNORTH HEALTH, INC.; EXPRESS
    SCRIPTS, INC.; EXPRESS SCRIPTS
26  ADMINISTRATORS, LLC; ESI MAIL
    PHARMACY SERVICE, INC.; EXPRESS
27  SCRIPTS PHARMACY, INC.; EXPRESS
    SCRIPTS SPECIALTY DISTRIBUTION
28  SERVICES, INC.; MEDCO HEALTH

SOLUTIONS, INC.; ELEVANCE HEALTH,
INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

                    Defendants.

        PLEASE TAKE NOTICE that the Summons and Complaint were served upon OPTUM,

INC., copies of the Summons and Affidavit of Service are attached hereto as **Exhibit "1".**

        DATED this 7th day of March, 2024.

                                        */s/ Robert M. Adams*
                                        ROBERT T. EGLET, ESQ.
                                        Nevada Bar No. 3402
                                        ROBERT M. ADAMS, ESQ.
                                        Nevada Bar No. 6551
                                        CASSANDRA S.M. CUMMINGS, ESQ.
                                        Nevada Bar No. 11944
                                        **EGLET ADAMS EGLET HAM HENRIOD**
                                        400 S. Seventh St., Suite 400
                                        Las Vegas, NV  89101
                                        Ph: (702) 450-5400; Fax: (702) 450-5451
                                        E-Mail: eservice@egletlaw.com

                                        AARON D. FORD, ESQ.
                                        Attorney General
                                        ERNEST FIGUEROA, ESQ.
                                        Consumer Advocate
                                        MARK J. KRUEGER, ESQ.
                                        Nevada Bar No. 7410
                                        Chief Deputy Attorney General
                                        **STATE OF NEVADA, OFFICE OF THE ATTORNEY**
                                        **GENERAL, BUREAU OF CONSUMER PROTECTION**
                                        100 North Carson Street
                                        Carson City, Nevada 89701-4717
                                        Ph: (702) 684-1100; Fax (702) 684-1108
                                        E-Mail: mkrueger@ag.nv.gov
                                        *Attorneys for Plaintiff*
                                        *State of Nevada*

2

1

## **CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON OPTUM, INC.** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

*/s/ Jennifer Lopez*
An Employee of EGLET ADAMS EGLET HAM HENRIOD

3

# EXHIBIT 1

1    **SUMM**
2    AARON D. FORD, ESQ.
     Attorney General
3    ERNEST FIGUEROA, ESQ.
     Consumer Advocate
4    MARK J. KRUEGER, ESQ.
     Nevada Bar No. 7410
5    Chief Deputy Attorney General
     **State of Nevada, Office of the Attorney**
6    **General, Bureau of Consumer Protection**
     100 North Carson Street
7    Carson City, Nevada 89701-4717
     Ph: (702) 684-1100; Fax (702) 684-1108
8    E-Mail: mkrueger@ag.nv.gov

9    ROBERT T. EGLET, ESQ.
     Nevada Bar No. 3402
10   ROBERT M. ADAMS, ESQ.
     Nevada Bar No. 6551
11   CASSANDRA S.M. CUMMINGS, ESQ.
     Nevada Bar No. 11944
12   **EGLET ADAMS EGLET HAM HENRIOD**
     400 S. Seventh St., Suite 400
13   Las Vegas, NV  89101
     Ph: (702) 450-5400; Fax: (702) 450-5451
14   E-Mail: eservice@egletlaw.com
     *Attorneys for Plaintiff*
15   *State of Nevada*

16                              **DISTRICT COURT**

17                        **CLARK COUNTY, NEVADA**

18

19   STATE OF NEVADA,                          Case No.: A-24-885923-C
                                               Dept. No.: 1
20                        Plaintiff,

21   vs.

22   OPTUM, INC.; OPTUMRX, INC.;
     OPTUMINSIGHT LIFE SCIENCES, INC.;         **SUMMONS**
23   OPTUMINSIGHT, INC.; UNITEDHEALTH
     GROUP, INC.; THE LEWIN GROUP, INC.;
24   EVERNORTH HEALTH, INC.; EXPRESS
     SCRIPTS, INC.; EXPRESS SCRIPTS
25   ADMINISTRATORS, LLC; ESI MAIL
     PHARMACY SERVICE, INC.; EXPRESS
26   SCRIPTS PHARMACY, INC.; EXPRESS
     SCRIPTS SPECIALTY DISTRIBUTION
27   SERVICES, INC.; MEDCO HEALTH
28   SOLUTIONS, INC.; ELEVANCE HEALTH,

INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

Defendants.

**NOTICE! YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

## OPTUM, INC.

1.     If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the date of service, you must do the following:

      a.     File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

      b.     Serve a copy of your response upon the attorney whose name and address is shown below.

2.     Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

. . .

. . .

. . .

2

1      4.    The State of Nevada, its political subdivisions, agencies, officers, employees,

2  board members, commission members and legislators, each have 45 days after service of this

3  Summons within which to file an Answer or other responsive pleading to the Complaint.

4

5  Submitted by:                            Steven D. Grierson, Clerk of the Court

6

7      #6551

ROBERT T. EGLET, ESQ.                 DEPUTY CLERK          Date

Nevada Bar No. 3402                   Regional Justice Center

8  ROBERT M. ADAMS, ESQ.           200 Lewis Avenue

Nevada Bar No. 6551                   Las Vegas, NV 89155

9  CASSANDRA S.M. CUMMINGS, ESQ.

Nevada Bar No. 11944

10 **EGLET ADAMS EGLET**

**HAM HENRIOD**

11 400 S. Seventh St., Suite 400

Las Vegas, NV  89101

12 Ph: (702) 450-5400; Fax: (702) 450-5451

E-Mail: eservice@egletlaw.com

13 *Attorneys for Plaintiff*

*State of Nevada*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

EGLET ADAMS
EGLET HAM HENRIOD

2/12/2024

# AFFIDAVIT OF SERVICE

Job # 27439

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV  89101

**Case Info:**

**PLAINTIFF:**
STATE OF NEVADA,
  -versus-
**DEFENDANT:**
OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES,
INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE
LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI
MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY,
INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES,
INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.;
CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10

DISTRICT COURT
Court Division: Dept. No.: 1
County of Clark, Nevada

Issuance Date: 2/12/2024 Court Case # **A-24-885923-C**

**Service Info:**

**Date Received: 2/12/2024** at **03:07 PM**
**Service:** I Served **OPTUM, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with **Bob Gustafson, AUTHORIZED TO ACCEPT FOR R.A. COMPANY**

**At Business C/O C T CORPORATION SYSTEM, 1010 DALE STREET SAINT PAUL, MN 55117**
On **2/13/2024** at **10:38 AM**
**Manner of Service: BUSINESS**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: **Bob Gustafson** , **AUTHORIZED TO ACCEPT FOR R.A. COMPANY** at the address of: **C/O C T Corporation System, 1010 Dale Street Saint Paul, MN 55117** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

**Served Description:  (Approx)**

Age: **50s**, Sex: **Male**, Race: **White-Caucasian**, Height: **6' "**, Weight: **180**, Hair: **Gray** Glasses:  **No**

I **David J. Linda** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server:
**David J. Linda**

**Twin City Process Service, LLC**
5416 Jefferson Ct.
Saint Paul, MN 55110

Job # 27439

SUBSCRIBED AND SWORN to before me this 13ᵗʰ day of February 2024 by David J. Lunda
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC for the state of Minnesota

RUTH ANN ELIZABETH LUNDA
Notary Public
State of Minnesota
My Commission Expires
January 31, 2026




1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

**PSER**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
STATE OF NEVADA, OFFICE OF THE
ATTORNEY GENERAL, BUREAU OF
CONSUMER PROTECTION
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
EGLET ADAMS EGLET HAM HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

STATE OF NEVADA,

                    Plaintiff,

vs.

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION
SERVICES, INC.; MEDCO HEALTH

Case No.: A-24-885923-C
Dept. No.: 1

**PROOF OF SERVICE OF
SUMMONS AND COMPLAINT ON
OPTUMINSIGHT LIFE
SCIENCES, INC.**

1  SOLUTIONS, INC.; ELEVANCE HEALTH,
   INC.; CARELONRX, INC.; CARELON
2  INSIGHTS, INC.; DOE ENTITIES 1-10.

3                     Defendants.

4

5        PLEASE   TAKE   NOTICE   that   the   Summons   and   Complaint   were   served   upon

6  OPTUMINSIGHT LIFE SCIENCES, INC., copies of the Summons and Affidavit of Service are

7  attached hereto as **Exhibit "1".**

8                 DATED this 7th day of March, 2024.

9

10                                        */s/ Robert M. Adams*
                                          ROBERT T. EGLET, ESQ.
11                                        Nevada Bar No. 3402
                                          ROBERT M. ADAMS, ESQ.
12                                        Nevada Bar No. 6551
                                          CASSANDRA S.M. CUMMINGS, ESQ.
13                                        Nevada Bar No. 11944
                                          **EGLET ADAMS EGLET HAM HENRIOD**
14                                        400 S. Seventh St., Suite 400
                                          Las Vegas, NV  89101
15                                        Ph: (702) 450-5400; Fax: (702) 450-5451
                                          E-Mail: eservice@egletlaw.com
16
                                          AARON D. FORD, ESQ.
17                                        Attorney General
                                          ERNEST FIGUEROA, ESQ.
18                                        Consumer Advocate
                                          MARK J. KRUEGER, ESQ.
19                                        Nevada Bar No. 7410
                                          Chief Deputy Attorney General
20                                        **STATE OF NEVADA, OFFICE OF THE ATTORNEY**
                                          **GENERAL, BUREAU OF CONSUMER PROTECTION**
21                                        100 North Carson Street
                                          Carson City, Nevada 89701-4717
22                                        Ph: (702) 684-1100; Fax (702) 684-1108
                                          E-Mail: mkrueger@ag.nv.gov
23                                        *Attorneys for Plaintiff*
                                          *State of Nevada*
24

25

26

27

28

                                          2

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON OPTUMINSIGHT LIFE SCIENCES, INC.** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.


_/s/ Jennifer Lopez_____
An Employee of EGLET ADAMS EGLET HAM HENRIOD

3

# EXHIBIT 1

**SUMM**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney
General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| STATE OF NEVADA,<br><br>                              Plaintiff,<br><br>vs.<br><br>OPTUM, INC.; OPTUMRX, INC.;<br>OPTUMINSIGHT LIFE SCIENCES, INC.;<br>OPTUMINSIGHT, INC.; UNITEDHEALTH<br>GROUP, INC.; THE LEWIN GROUP, INC.;<br>EVERNORTH HEALTH, INC.; EXPRESS<br>SCRIPTS, INC.; EXPRESS SCRIPTS<br>ADMINISTRATORS, LLC; ESI MAIL<br>PHARMACY SERVICE, INC.; EXPRESS<br>SCRIPTS PHARMACY, INC.; EXPRESS<br>SCRIPTS SPECIALTY DISTRIBUTION<br>SERVICES, INC.; MEDCO HEALTH<br>SOLUTIONS, INC.; ELEVANCE HEALTH, | Case No.: A-24-885923-C<br>Dept. No.: 1<br><br><br>__**SUMMONS**__ |

INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

Defendants.

**NOTICE! YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU
WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.   READ
THE INFORMATION BELOW.**

**TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the
relief set forth in the Complaint.

### OPTUMINSIGHT LIFE SCIENCES, INC.

1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on
you exclusive of the date of service, you must do the following:

    a.      File with the Clerk of this Court, whose address is shown below, a formal
written response to the Complaint in accordance with the rules of the
Court.

    b.      Serve a copy of your response upon the attorney whose name and address
is shown below.

2.      Unless you respond, your default will be entered upon application of the
plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the
Complaint, which could result in the taking of money or property or other relief requested in the
Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so
promptly so that your response may be filed on time.

. . .

. . .

. . .

2

1        4.    The State of Nevada, its political subdivisions, agencies, officers, employees,

2    board members, commission members and legislators, each have 45 days after service of this

3    Summons within which to file an Answer or other responsive pleading to the Complaint.

4

5    Submitted by:                                  Steven D. Grierson, Clerk of the Court

6

7    _____ #6551               _____ 2/12/2024
    ROBERT T. EGLET, ESQ.               DEPUTY CLERK            Date
    Nevada Bar No. 3402                  Regional Justice Center

8    ROBERT M. ADAMS, ESQ.           200 Lewis Avenue
    Nevada Bar No. 6551                  Las Vegas, NV 89155

9    CASSANDRA S.M. CUMMINGS, ESQ.
    Nevada Bar No. 11944

10   **EGLET ADAMS EGLET**
    **HAM HENRIOD**

11   400 S. Seventh St., Suite 400
    Las Vegas, NV 89101

12   Ph: (702) 450-5400; Fax: (702) 450-5451
    E-Mail: eservice@egletlaw.com

13   *Attorneys for Plaintiff*
    *State of Nevada*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# AFFIDAVIT OF SERVICE

Job # 27440

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV  89101

**Case Info:**

**PLAINTIFF:**
STATE OF NEVADA,
  -versus-
**DEFENDANT:**
OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES,
INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE
LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI
MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY,
INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES,
INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.;
CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10

DISTRICT COURT
Court Division: Dept. No.: 1
County of Clark, Nevada

Issuance Date: 2/12/2024 Court Case # **A-24-885923-C**

**Service Info:**

**Date Received: 2/12/2024** at **03:07 PM**
**Service:** I Served **OPTUMINSIGHT LIFE SCIENCES, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with **Bob Gustafson, AUTHORIZED TO ACCEPT FOR R.A. COMPANY**

**At Business C/O C T CORPORATION SYSTEM INC., 1010 DALE ST N, SAINT PAUL, MN 55117**
On **2/13/2024** at **10:38 AM**
**Manner of Service: BUSINESS**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: **Bob Gustafson** , **AUTHORIZED TO ACCEPT FOR R.A. COMPANY** at the address of: **C/O C T Corporation System Inc., 1010 Dale St N, Saint Paul, MN 55117** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

**Served Description:  (Approx)**

Age: **50s**, Sex: **Male**, Race: **White-Caucasian**, Height: **6' "**, Weight: **180**, Hair: **Gray** Glasses:  **No**

I **David J. Linda** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server:
**David J. Linda**

**Twin City Process Service, LLC**
5416 Jefferson Ct.
Saint Paul, MN 55110

Job # 27440

SUBSCRIBED AND SWORN to before me this 13th day of February , 2024 by David J. Lunda
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me,

RUTH ANN ELIZABETH LUNDA
Notary Public
State of Minnesota
My Commission Expires
January 31, 2026

NOTARY PUBLIC for the state of Minnesota




1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

1  **PSER**

2  AARON D. FORD, ESQ.
   Attorney General

3  ERNEST FIGUEROA, ESQ.
   Consumer Advocate

4  MARK J. KRUEGER, ESQ.
   Nevada Bar No. 7410

5  Chief Deputy Attorney General
   **STATE OF NEVADA, OFFICE OF THE**

6  **ATTORNEY GENERAL, BUREAU OF**
   **CONSUMER PROTECTION**

7  100 North Carson Street
   Carson City, Nevada 89701-4717

8  Ph: (702) 684-1100; Fax (702) 684-1108
   E-Mail: mkrueger@ag.nv.gov

9

10  ROBERT T. EGLET, ESQ.
    Nevada Bar No. 3402

11  ROBERT M. ADAMS, ESQ.
    Nevada Bar No. 6551

12  CASSANDRA S.M. CUMMINGS, ESQ.
    Nevada Bar No. 11944

13  **EGLET ADAMS EGLET HAM HENRIOD**
    400 S. Seventh St., Suite 400

14  Las Vegas, NV  89101
    Ph: (702) 450-5400; Fax: (702) 450-5451

15  E-Mail: eservice@egletlaw.com
    *Attorneys for Plaintiff*

16  *State of Nevada*

17                      **DISTRICT COURT**

18              **CLARK COUNTY, NEVADA**

19

20  STATE OF NEVADA,                    Case No.:  A-24-885923-C
                                        Dept. No.: 1
21                      Plaintiff,

22  vs.

23  OPTUM, INC.; OPTUMRX, INC.;         **PROOF OF SERVICE OF**
    OPTUMINSIGHT LIFE SCIENCES, INC.;   **SUMMONS AND COMPLAINT ON**
24  OPTUMINSIGHT, INC.; UNITEDHEALTH    **OPTUMINSIGHT, INC.**
    GROUP, INC.; THE LEWIN GROUP, INC.;
25  EVERNORTH HEALTH, INC.; EXPRESS
    SCRIPTS, INC.; EXPRESS SCRIPTS
26  ADMINISTRATORS, LLC; ESI MAIL
    PHARMACY SERVICE, INC.; EXPRESS
27  SCRIPTS PHARMACY, INC.; EXPRESS
    SCRIPTS SPECIALTY DISTRIBUTION
28  SERVICES, INC.; MEDCO HEALTH

SOLUTIONS, INC.; ELEVANCE HEALTH,
INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

                    Defendants.

PLEASE TAKE NOTICE that the Summons and Complaint were served upon OPTUMINSIGHT, INC., copies of the Summons and Affidavit of Service are attached hereto as **Exhibit "1"**.

DATED this 7th day of March, 2024.

/s/ Robert M. Adams
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com

AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE ATTORNEY**
**GENERAL, BUREAU OF CONSUMER PROTECTION**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov
*Attorneys for Plaintiff*
*State of Nevada*

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON OPTUMINSIGHT, INC.** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

*/s/ Jennifer Lopez*
An Employee of EGLET ADAMS EGLET HAM HENRIOD

3

# EXHIBIT 1

**SUMM**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney**
**General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

STATE OF NEVADA,

                            Plaintiff,

vs.

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION
SERVICES, INC.; MEDCO HEALTH
SOLUTIONS, INC.; ELEVANCE HEALTH,

Case No.:  A-24-885923-C
Dept. No.: 1


**SUMMONS**

1   INC.; CARELONRX, INC.; CARELON
    INSIGHTS, INC.; DOE ENTITIES 1-10.
2
3                                  Defendants.

4

5   **NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**
6

7   **TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.
8

9                              **OPTUMINSIGHT, INC.**

10      1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on
11  you exclusive of the date of service, you must do the following:

12

13          a.      File with the Clerk of this Court, whose address is shown below, a formal
                    written response to the Complaint in accordance with the rules of the
14                  Court.

15          b.      Serve a copy of your response upon the attorney whose name and address
16                  is shown below.

17      2.      Unless you respond, your default will be entered upon application of the
18  plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the
19  Complaint, which could result in the taking of money or property or other relief requested in the
20  Complaint.

21      3.      If you intend to seek the advice of an attorney in this matter, you should do so
22  promptly so that your response may be filed on time.

23

24  . . .

25

26  . . .

27

28  . . .

                                        2

4.      The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

Steven D. Grierson, Clerk of the Court

_____
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

_____    2/12/2024
DEPUTY CLERK                Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

3

# AFFIDAVIT OF SERVICE

Job # 27433

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV  89101

**Case Info:**

**PLAINTIFF:**
STATE OF NEVADA,
 -versus-
**DEFENDANT:**
OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES,
INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE
LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI
MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY,
INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES,
INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.;
CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10

DISTRICT COURT
Court Division: Dept. No.: 1
County of Clark, Nevada

Issuance Date: 2/12/2024 Court Case # **A-24-885923-C**

**Service Info:**

**Date Received: 2/12/2024 at 03:07 PM**
**Service:** I Served **OPTUMINSIGHT, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with Ana Gomes, **ADMINISTRATIVE ASSISTANT**

**At Business C/O C T CORPORATION SYSTEM, 701 S CARSON ST STE 200, CARSON CITY, NV 89701**
Latitude: **39.159907,**  Longitude: **-119.766521**

On **2/13/2024 at 10:00 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: Ana Gomes, **ADMINISTRATIVE ASSISTANT** at the address of: **C/O C T CORPORATION SYSTEM, 701 S CARSON ST STE 200, Carson City, NV 89701** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _____
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **27433**

SUBSCRIBED AND SWORN to before me this 14ᵗʰ day of _February_ , _2024_ by _Jon Salisbury_
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.



NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-27
Certificate No: 15-3221-2



1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

1  **PSER**

2  AARON D. FORD, ESQ.
   Attorney General

3  ERNEST FIGUEROA, ESQ.
   Consumer Advocate

4  MARK J. KRUEGER, ESQ.
   Nevada Bar No. 7410

5  Chief Deputy Attorney General
   **STATE OF NEVADA, OFFICE OF THE**

6  **ATTORNEY GENERAL, BUREAU OF**
   **CONSUMER PROTECTION**

7  100 North Carson Street
   Carson City, Nevada 89701-4717

8  Ph: (702) 684-1100; Fax (702) 684-1108
   E-Mail: mkrueger@ag.nv.gov

9

10  ROBERT T. EGLET, ESQ.
    Nevada Bar No. 3402

11  ROBERT M. ADAMS, ESQ.
    Nevada Bar No. 6551

12  CASSANDRA S.M. CUMMINGS, ESQ.
    Nevada Bar No. 11944

13  **EGLET ADAMS EGLET HAM HENRIOD**
    400 S. Seventh St., Suite 400

14  Las Vegas, NV  89101
    Ph: (702) 450-5400; Fax: (702) 450-5451

15  E-Mail: eservice@egletlaw.com
    *Attorneys for Plaintiff*

16  *State of Nevada*

17                    **DISTRICT COURT**

18            **CLARK COUNTY, NEVADA**

19

20  STATE OF NEVADA,                          Case No.:  A-24-885923-C
                                              Dept. No.: 1
21                      Plaintiff,

    vs.
22

23  OPTUM, INC.; OPTUMRX, INC.;               **PROOF OF SERVICE OF**
    OPTUMINSIGHT LIFE SCIENCES, INC.;         **SUMMONS AND COMPLAINT ON**
24  OPTUMINSIGHT, INC.; UNITEDHEALTH          **OPTUMRX, INC.**
    GROUP, INC.; THE LEWIN GROUP, INC.;
25  EVERNORTH HEALTH, INC.; EXPRESS
    SCRIPTS, INC.; EXPRESS SCRIPTS
26  ADMINISTRATORS, LLC; ESI MAIL
    PHARMACY SERVICE, INC.; EXPRESS
27  SCRIPTS PHARMACY, INC.; EXPRESS
    SCRIPTS SPECIALTY DISTRIBUTION
28  SERVICES, INC.; MEDCO HEALTH

1  SOLUTIONS, INC.; ELEVANCE HEALTH,
   INC.; CARELONRX, INC.; CARELON
2  INSIGHTS, INC.; DOE ENTITIES 1-10.

3                    Defendants.

4

5       PLEASE TAKE NOTICE that the Summons and Complaint were served upon

6  OPTUMRX, INC., copies of the Summons and Affidavit of Service are attached hereto as

7  **Exhibit "1".**

8            DATED this 7th day of March, 2024.

9

10                                      */s/ Robert M. Adams*
                                        ROBERT T. EGLET, ESQ.
11                                      Nevada Bar No. 3402
                                        ROBERT M. ADAMS, ESQ.
12                                      Nevada Bar No. 6551
                                        CASSANDRA S.M. CUMMINGS, ESQ.
13                                      Nevada Bar No. 11944
                                        **EGLET ADAMS EGLET HAM HENRIOD**
14                                      400 S. Seventh St., Suite 400
                                        Las Vegas, NV  89101
15                                      Ph: (702) 450-5400; Fax: (702) 450-5451
                                        E-Mail: eservice@egletlaw.com
16
                                        AARON D. FORD, ESQ.
17                                      Attorney General
                                        ERNEST FIGUEROA, ESQ.
18                                      Consumer Advocate
                                        MARK J. KRUEGER, ESQ.
19                                      Nevada Bar No. 7410
                                        Chief Deputy Attorney General
20                                      **STATE OF NEVADA, OFFICE OF THE ATTORNEY**
                                        **GENERAL, BUREAU OF CONSUMER PROTECTION**
21                                      100 North Carson Street
                                        Carson City, Nevada 89701-4717
22                                      Ph: (702) 684-1100; Fax (702) 684-1108
                                        E-Mail: mkrueger@ag.nv.gov
23                                      *Attorneys for Plaintiff*
                                        *State of Nevada*
24

25

26

27

28

                                    2

1

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM

HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF**

**SERVICE OF SUMMONS AND COMPLAINT ON OPTUMRX, INC.** to be served upon

those persons designated by the parties in the E-Service Master List for the above-referenced

matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory

electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing

and Conversion Rules.


*/s/ Jennifer Lopez*
An Employee of EGLET ADAMS EGLET HAM HENRIOD

3

# EXHIBIT 1

**SUMM**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney
General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

STATE OF NEVADA,

            Plaintiff,

vs.

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION
SERVICES, INC.; MEDCO HEALTH
SOLUTIONS, INC.; ELEVANCE HEALTH,

Case No.: A-24-885923-C
Dept. No.: 1

**SUMMONS**

INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

                    Defendants.

**NOTICE! YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

### OPTUMRX, INC.

1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the date of service, you must do the following:

      a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

      b.    Serve a copy of your response upon the attorney whose name and address is shown below.

2.      Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

. . .

. . .

. . .

2

4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

_____
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET
HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

Steven D. Grierson, Clerk of the Court

_____   2/12/2024
DEPUTY CLERK                                      Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

3

# AFFIDAVIT OF SERVICE

Job # 27434

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV  89101

**Case Info:**

**PLAINTIFF:**
STATE OF NEVADA,
    -versus-
**DEFENDANT:**
OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES,
INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE
LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI
MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY,
INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES,
INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.;
CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10

DISTRICT COURT
Court Division: Dept. No.: 1
County of Clark, Nevada

Issuance Date: 2/12/2024 Court Case # **A-24-885923-C**

**Service Info:**

**Date Received: 2/12/2024** at **03:07 PM**
**Service:** I Served **OPTUMRX, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with **Ana Gomes, ADMINISTRATIVE ASSISTANT**

**At Business C/O C T CORPORATION SYSTEM, 701 S CARSON ST STE 200, CARSON CITY, NV 89701**
Latitude: **39.159907,**  Longitude: **-119.766521**

On **2/13/2024** at **10:00 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: Ana Gomes, **ADMINISTRATIVE ASSISTANT** at the address of: **C/O C T CORPORATION SYSTEM, 701 S CARSON ST STE 200, Carson City, NV 89701** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

I Jon Salisbury , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _____
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **27434**

SUBSCRIBED AND SWORN to before me this 14ᵗʰ day of February, 2024, by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.



_____
NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-27
Certificate No: 15-3221-2



1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

1  **PSER**

2  AARON D. FORD, ESQ.
   Attorney General

3  ERNEST FIGUEROA, ESQ.
   Consumer Advocate

4  MARK J. KRUEGER, ESQ.
   Nevada Bar No. 7410

5  Chief Deputy Attorney General
   **STATE OF NEVADA, OFFICE OF THE**

6  **ATTORNEY GENERAL, BUREAU OF**
   **CONSUMER PROTECTION**

7  100 North Carson Street
   Carson City, Nevada 89701-4717

8  Ph: (702) 684-1100; Fax (702) 684-1108
   E-Mail: mkrueger@ag.nv.gov

9

10 ROBERT T. EGLET, ESQ.
   Nevada Bar No. 3402

11 ROBERT M. ADAMS, ESQ.
   Nevada Bar No. 6551

12 CASSANDRA S.M. CUMMINGS, ESQ.
   Nevada Bar No. 11944

13 **EGLET ADAMS EGLET HAM HENRIOD**
   400 S. Seventh St., Suite 400

14 Las Vegas, NV 89101
   Ph: (702) 450-5400; Fax: (702) 450-5451

15 E-Mail: eservice@egletlaw.com
   *Attorneys for Plaintiff*

16 *State of Nevada*

17                        **DISTRICT COURT**

18                  **CLARK COUNTY, NEVADA**

19

20 STATE OF NEVADA,                          Case No.:  A-24-885923-C
                                            Dept. No.: 1
21                      Plaintiff,

22 vs.

23 OPTUM, INC.; OPTUMRX, INC.;              **PROOF OF SERVICE OF**
   OPTUMINSIGHT LIFE SCIENCES, INC.;        **SUMMONS AND COMPLAINT ON**
24 OPTUMINSIGHT, INC.; UNITEDHEALTH          **THE LEWIN GROUP, INC.**
   GROUP, INC.; THE LEWIN GROUP, INC.;
25 EVERNORTH HEALTH, INC.; EXPRESS
   SCRIPTS, INC.; EXPRESS SCRIPTS
26 ADMINISTRATORS, LLC; ESI MAIL
   PHARMACY SERVICE, INC.; EXPRESS
27 SCRIPTS PHARMACY, INC.; EXPRESS
   SCRIPTS SPECIALTY DISTRIBUTION
28 SERVICES, INC.; MEDCO HEALTH

SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10.

                    Defendants.

PLEASE TAKE NOTICE that the Summons and Complaint were served upon THE LEWIN GROUP, INC., copies of the Summons and Affidavit of Service are attached hereto as **Exhibit "1"**.

DATED this 7th day of March, 2024.

/s/ Robert M. Adams
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com

AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE ATTORNEY GENERAL, BUREAU OF CONSUMER PROTECTION**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov
*Attorneys for Plaintiff*
*State of Nevada*

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON THE LEWIN GROUP, INC.** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

*/s/ Jennifer Lopez*
An Employee of EGLET ADAMS EGLET HAM HENRIOD

3

# EXHIBIT 1

**SUMM**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| STATE OF NEVADA,<br><br>                    Plaintiff,<br><br>vs.<br><br>OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES, INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY, INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, | Case No.: A-24-885923-C<br>Dept. No.: 1<br><br><br><u>**SUMMONS**</u> |

1  INC.; CARELONRX, INC.; CARELON
   INSIGHTS, INC.; DOE ENTITIES 1-10.

2

3                                 Defendants.

4

5  **NOTICE! YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU
   WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ**

6  **THE INFORMATION BELOW.**

7  **TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the
   relief set forth in the Complaint.

8

9                        **THE LEWIN GROUP, INC.**

10      1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on

11  you exclusive of the date of service, you must do the following:

12

13             a.      File with the Clerk of this Court, whose address is shown below, a formal
                       written response to the Complaint in accordance with the rules of the

14                     Court.

15             b.      Serve a copy of your response upon the attorney whose name and address
                       is shown below.

16

17      2.      Unless you respond, your default will be entered upon application of the

18  plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the

19  Complaint, which could result in the taking of money or property or other relief requested in the

20  Complaint.

21      3.      If you intend to seek the advice of an attorney in this matter, you should do so

22  promptly so that your response may be filed on time.

23

24  . . .

25

26  . . .

27

28  . . .

2

4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

_____
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

Steven D. Grierson, Clerk of the Court

_____ 2/12/2024
DEPUTY CLERK      Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

3

# AFFIDAVIT OF SERVICE

Job # 27435

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV 89101

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:**<br>STATE OF NEVADA,<br>-versus-<br>**DEFENDANT:**<br>OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES,<br>INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE<br>LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS<br>SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI<br>MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY,<br>INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES,<br>INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.;<br>CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10 | DISTRICT COURT<br>Court Division: Dept. No.: 1<br>County of Clark, Nevada<br><br>Issuance Date: 2/12/2024 Court Case # **A-24-885923-C** |

**Service Info:**

**Date Received: 2/12/2024** at **03:07 PM**
**Service:** I Served **THE LEWIN GROUP, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with **Ana Gomes, ADMINISTRATIVE ASSISTANT**

At Business C/O **C T CORPORATION SYSTEM 701 S CARSON ST STE 200, CARSON CITY, NV 89701**
Latitude: **39.159907**,   Longitude: **-119.766521**

On **2/13/2024** at **10:00 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: **Ana Gomes, ADMINISTRATIVE ASSISTANT** at the address of: **C/O C T CORPORATION SYSTEM 701 S CARSON ST STE 200, Carson City, NV 89701** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

I **Jon Salisbury** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _____
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **27435**

SUBSCRIBED AND SWORN to before me this 14ᵗʰ day of February, 2024 by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-27
Certificate No: 15-3221-2




1 of 1

Electronically Filed
3/7/2024 3:14 PM
Steven D. Grierson
CLERK OF THE COURT

**PSER**

AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE
ATTORNEY GENERAL, BUREAU OF
CONSUMER PROTECTION**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff
State of Nevada*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

STATE OF NEVADA,

               Plaintiff,

vs.

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION
SERVICES, INC.; MEDCO HEALTH

Case No.:  A-24-885923-C
Dept. No.: 1

**PROOF OF SERVICE OF
SUMMONS AND COMPLAINT ON
UNITEDHEALTH GROUP, INC.**

SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10.

Defendants.

PLEASE TAKE NOTICE that the Summons and Complaint were served upon UNITEDHEALTH GROUP, INC., copies of the Summons and Affidavit of Service are attached hereto as **Exhibit "1".**

DATED this 7th day of March, 2024.

*/s/ Robert M. Adams*
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com

AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE ATTORNEY GENERAL, BUREAU OF CONSUMER PROTECTION**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov
*Attorneys for Plaintiff*
*State of Nevada*

2

1

## **<u>CERTIFICATE OF SERVICE</u>**

2      Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS EGLET HAM

3  HENRIOD, and that on March 7, 2024, I caused the foregoing document entitled **PROOF OF**

4  **SERVICE OF SUMMONS AND COMPLAINT ON UNITEDHEALTH GROUP, INC.** to

5  be served upon those persons designated by the parties in the E-Service Master List for the above-

6  referenced matter in the Eighth Judicial District Court eFiling System in accordance with the

7  mandatory electronic service requirements of Administrative Order 14-2 and the Nevada

8  Electronic Filing and Conversion Rules.

9

10

11      */s/ Jennifer Lopez*
    An Employee of EGLET ADAMS EGLET HAM HENRIOD

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT 1

**SUMM**
AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**State of Nevada, Office of the Attorney**
**General, Bureau of Consumer Protection**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

STATE OF NEVADA,

               Plaintiff,

vs.

OPTUM, INC.; OPTUMRX, INC.;
OPTUMINSIGHT LIFE SCIENCES, INC.;
OPTUMINSIGHT, INC.; UNITEDHEALTH
GROUP, INC.; THE LEWIN GROUP, INC.;
EVERNORTH HEALTH, INC.; EXPRESS
SCRIPTS, INC.; EXPRESS SCRIPTS
ADMINISTRATORS, LLC; ESI MAIL
PHARMACY SERVICE, INC.; EXPRESS
SCRIPTS PHARMACY, INC.; EXPRESS
SCRIPTS SPECIALTY DISTRIBUTION
SERVICES, INC.; MEDCO HEALTH
SOLUTIONS, INC.; ELEVANCE HEALTH,

Case No.: A-24-885923-C
Dept. No.: 1

**SUMMONS**

1 INC.; CARELONRX, INC.; CARELON
INSIGHTS, INC.; DOE ENTITIES 1-10.

2

3                          Defendants.

4

5 **NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

6

7 **TO THE DEFENDANTS:** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

8

9                    **UNITEDHEALTH GROUP INCORPORATED**[1]

10      1.      If you intend to defend this lawsuit, within 21 days after this Summons is served on

11 you exclusive of the date of service, you must do the following:

12

13           a.      File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

14

15           b.      Serve a copy of your response upon the attorney whose name and address is shown below.

16

17      2.      Unless you respond, your default will be entered upon application of the

18 plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the

19 Complaint, which could result in the taking of money or property or other relief requested in the

20 Complaint.

21      3.      If you intend to seek the advice of an attorney in this matter, you should do so

22 promptly so that your response may be filed on time.

23

24 . . .

25

26 . . .

27

28 ───────────────────
[1] In Complaint referenced as "UNITEDHEALTH GROUP, INC."

2

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

_____

RÓBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET
HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

Steven D. Grierson, Clerk of the Court

_____  2/12/2024
DEPUTY CLERK                Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

3

# AFFIDAVIT OF SERVICE

Job # 27441

**Client Info:**

EGLET ADAMS EGLET HAM & HENRIOD
400 S. Seventh St., Suite 400
Las Vegas, NV 89101

**Case Info:**

| **PLAINTIFF:** | DISTRICT COURT |
|---|---|
| STATE OF NEVADA, | Court Division: Dept. No.: 1 |
| -versus- | County of Clark, Nevada |

**DEFENDANT:**
OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES, INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY, INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10

Issuance Date: 2/12/2024 Court Case # **A-24-885923-C**

**Service Info:**

**Date Received: 2/12/2024** at **03:07 PM**
**Service:** I Served **UNITEDHEALTH GROUP, INC.**
With: **SUMMONS; COMPLAINT**
by leaving with **Bob Gustafson, AUTHORIZED TO ACCEPT FOR R.A. COMPANY**

**At Business C/O C T CORPORATION SYSTEM INC., 1010 DALE ST N, SAINT PAUL, MN 55117**
On **2/13/2024** at **10:38 AM**
**Manner of Service: BUSINESS**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; COMPLAINT** to: **Bob Gustafson** , **AUTHORIZED TO ACCEPT FOR R.A. COMPANY** at the address of: **C/O C T Corporation System Inc., 1010 Dale St N, Saint Paul, MN 55117**
with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

**Served Description:  (Approx)**

Age: **50s**, Sex: **Male**, Race: **White-Caucasian**, Height: **6' "**, Weight: **180**, Hair: **Gray** Glasses:  **No**

I **David J. Linda** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server:
**David J. Linda**

**Twin City Process Service, LLC**
5416 Jefferson Ct.
Saint Paul, MN 55110

Job # 27441

SUBSCRIBED AND SWORN to before me this 13th day of February 2024, by David J. Linda
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

RUTH ANN ELIZABETH LUNDA
Notary Public
State of Minnesota
My Commission Expires
January 31, 2026

NOTARY PUBLIC for the state of Minnesota




1 of 1