AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE ATTORNEY GENERAL, BUREAU OF CONSUMER PROTECTION**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com
*Attorneys for Plaintiff*
*State of Nevada*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| STATE OF NEVADA,<br><br>                    Plaintiff,<br>vs.<br><br>OPTUM, INC.; OPTUMRX, INC.; OPTUMINSIGHT LIFE SCIENCES, INC.; OPTUMINSIGHT, INC.; UNITEDHEALTH GROUP, INC.; THE LEWIN GROUP, INC.; EVERNORTH HEALTH, INC.; EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY, INC.; EXPRESS SCRIPTS SPECIALTY DISTRIBUTION SERVICES, INC.; MEDCO HEALTH SOLUTIONS, INC.; ELEVANCE HEALTH, INC.; CARELONRX, INC.; CARELON INSIGHTS, INC.; DOE ENTITIES 1-10.<br><br>                    Defendants. | Case No.:  2:24-cv-00493-RFB-DJA<br><br>**PLAINTIFF'S OPPOSITION TO EXPRESS SCRIPTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** |

Plaintiff, the State of Nevada, by and through undersigned counsel, hereby submits its Opposition to Defendant Express Scripts' Motion for Leave to File Supplemental Authority pursuant to LR 7-2(g).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The State of Nevada requests that Express Scripts' Motion for Leave be denied as the motion is not supported by a showing of good cause. Under LR 7-2(g), "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." To satisfy the good cause requirement under LR 7-2(g), the Court must find that the proposed supplement will make a substantive difference to what is pending before the court. *McAteer v. Sunflower Bank, N.A.*, No. 2:20-cv-02285-APG-EJY, 2024 U.S. Dist. LEXIS 41844, at *1 (D. Nev. Mar. 11, 2024) (citations omitted).

Express Scripts seeks to submit an order issued by the U.S. District Court for the District of Hawaii; however, Express Scripts has failed to demonstrate that the proposed supplemental authority will make a substantive difference to the State's pending Motion to Remand. The authorities submitted in the parties' briefing currently before this Court adequately address the framework for analyzing the parties' arguments regarding the pending motion. The proposed supplemental authority is neither controlling nor factually relevant. Further, the proposed supplemental authority provides no new analysis of federal officer jurisdiction beyond what is already addressed in the parties' existing briefing.

### II. ARGUMENT

The proposed supplemental authority is factually distinct from the case at hand. The Hawaii District Court's analysis of federal officer removal occurred in the context of the State of Hawaii's allegations that Pharmacy Benefit Managers artificially inflated the prices of prescription drugs through their negotiations with drug manufacturers. The District Court performed a detailed factual analysis of the defendants' negotiations with insulin manufacturers and defendants' factual representations regarding collective price negotiations. The Court determined that Caremark negotiated rebates collectively without separate contracts for FEHBA

plans and non-FEHBA plans. The determination of drug prices was regulated by the U.S. Office of Personnel Management through contracts with private carriers that contract with Caremark. The Hawaii court concluded that the conduct being challenged (i.e., the setting of prescription drug prices) occurred because of what Caremark was asked to do by the Government. The Court also found the "nexus" element of federal officer jurisdiction existed because the State of Hawaii was seeking to recover out of pocket costs associated with the PBM negotiations with pharmaceutical manufacturers.

In contrast, Nevada's claims do not involve artificially inflated prices or out-of-pocket costs tied to federally negotiated prices. Instead, Nevada's claims focus on the promotion of opioids and the implementation or non-implementation of utilization management tools in non-governmental contracts. Specifically, Nevada seeks abatement for the oversupply of opioids based on preferential formulary placement and lack of utilization management tools associated exclusively with Defendants' non-governmental formularies. The issues before this Court are distinct and do not relate to the federal government's regulation of drug prices or the collective negotiation of rebates, which were central to the Hawaii case.

Similarly, the court's order concerning the validity of Hawaii's disclaimer of federal claims involved a detailed factual analysis of the language in Hawaii's disclaimer in relation to the claims asserted (violation of Hawai'i Revised Statues 480). (Def. Motion for Leave, Ex. 1 (Doc. No. 24) at p. 10-12). The Court determined that Hawaii had effectively waived its claims giving rise to federal defenses as to Express Scripts, and that Express Scripts' removal was therefore improper. *Id.* The court's conclusion was not merely due to Express Scripts' failure to assert its work for FEHBP in that case; it was based on a detailed factual analysis of Hawaii's specific allegations and the language of its disclaimers. *Id.*

In short, the analysis by the District of Hawaii is not relevant to this Court's analysis of Nevada's Motion to Remand. The Hawaii court's decision was based on the specifics of Hawaii's allegations about drug pricing and the associated federal regulatory context. This detailed factual inquiry does not translate to the issues in Nevada's case. The circumstances of the opioid crisis

and the role of PBMs in Nevada present different legal and factual questions, rendering the Hawaii decision inapplicable.

Further, The existing briefing pending before this Court already outlines the necessary legal standards and analyses. The Hawaii decision followed the same general framework but applied it to a distinct set of facts, making its reasoning unhelpful for the current case.

### III.  CONCLUSION

For these reasons, the proposed supplemental authority from the District of Hawaii will not make a substantive difference to the pending motion. The proposed supplemental authority does not provide a novel analytical framework for federal officer jurisdiction. The factual dissimilarities and lack of new legal insights make it irrelevant to the issues before this Court. Allowing supplementation for every district court decision that touches on related issues would set a precedent for endless supplemental filings, complicating and delaying judicial proceedings without substantive benefit. Therefore, the State respectfully requests that Express Scripts' Motion for Leave to File Supplemental Authority be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1      Alternatively, if the Court is inclined to grant the motion, the State requests leave to file a
2 responsive brief to fully address the supplemental authority.
3      DATED this 31st day of May, 2024.

*/s/ Robert T. Eglet*
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
**EGLET ADAMS EGLET HAM HENRIOD**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
Ph: (702) 450-5400; Fax: (702) 450-5451
E-Mail: eservice@egletlaw.com

AARON D. FORD, ESQ.
Attorney General
ERNEST FIGUEROA, ESQ.
Consumer Advocate
MARK J. KRUEGER, ESQ.
Nevada Bar No. 7410
Chief Deputy Attorney General
**STATE OF NEVADA, OFFICE OF THE ATTORNEY GENERAL, BUREAU OF CONSUMER PROTECTION**
100 North Carson Street
Carson City, Nevada 89701-4717
Ph: (702) 684-1100; Fax (702) 684-1108
E-Mail: mkrueger@ag.nv.gov
*Attorneys for Plaintiff*
*State of Nevada*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of EGLET ADAMS EGLET HAM HENRIOD, and on the 31st day of May, 2024, I did cause a true and correct copy of the foregoing document **PLAINTIFF'S OPPOSITION TO EXPRESS SCRIPTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** to be filed and served electronically via the Court's CM/ECF system.

*/s/ Jennifer Lopez*
An Employee of EGLET ADAMS EGLET HAM HENRIOD